IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOUGLAS B. LEUSCHEN,           ) | |
|     Petitioner,                                ) | |
|                                                       ) | C.A. No. 05-157 ERIE |
| v.                                                          ) | Electronically Filed |
|                                                       ) | Magistrate Judge Paradise Baxter |
| COMMONWEALTH OF PENN, et al, ) | |
|     Respondent.                             ) | |

**COMMONWEALTH'S ANSWER TO PETITION FOR
WRIT OF HABEAS CORPUS**

**AND NOW**, comes the Commonwealth of Pennsylvania, by and through its representative Lisa R. Stine, Assistant District Attorney, Erie County, Pennsylvania, and files the within Answer to Petition for Writ of Habeas Corpus and in support therof avers as follows:

**I.      PROCEDURAL HISTORY**

The petitioner, Douglas Leuschen, was charged at Docket Number 696 of 1989 with three (3) counts of Firearms Not to Be Carried Without a License and one (1) count of Loaded Firearms in Vehicles. After a jury trial, on July 14, 1989, a jury found Leuschen guilty of one (1) count of Firearms Not to Be Carried Without a License. Leuschen was found not guilty of the remaining two (2) counts of Firearms Not to Be Carried Without a License. In addition, the Judge presiding over the trial found Leuschen guilty of Loaded Firearms in Vehicles, a summary offense. On September 21, 1989, the court sentenced Leuschen to a term of eight (8) months to five (5) years in the state correctional system. Neither a motion for modification of sentence nor a direct appeal was taken.

1

Leuschen subsequently filed a Post Conviction Relief Act petition. The court found the petition to be an improperly captioned Motion in Arrest of Judgment and for New Trial that was untimely filed. On January 24, 1990, the petition was denied.

Through appointed counsel, Leuschen filed his first petition for post-conviction relief on February 9, 1990. Appointed counsel petitioned to withdraw and filed a "no merit" <u>Finley</u> letter. Counsel was permitted to withdraw and on May 30, 1990, the PCRA court denied the motion. In Leuschen's first Motion for Post Conviction Collateral Relief, he claimed ineffective assistance of counsel, defective jury instructions, and that his sentence was unlawful.

Leuschen appealed this denial, and on March 19, 1991, the Pennsylvania Superior Court affirmed the PCRA Court's denial (Docket Number 1030 Pittsburgh, 1990). Leuschen did not attempt an appeal to the Supreme Court of Pennsylvania.

After obtaining new counsel, Leuschen filed a second post-conviction petition on August 31, 1993. In Leuschen's second Motion for Post Conviction Collateral Relief, he claimed ineffective assistance of counsel. On February 10, 1994, the lower court again denied the petition without a hearing. Once again Leuschen appealed the denial to the Pennsylvania Superior Court, and on October 3, 1994, the appellate court affirmed the PCRA Court's denial (Docket Number 437 Pittsburgh, 1994). Leuschen did not seek allowance of appeal to the Pennsylvania Supreme Court.

On November 19, 2003, Leuschen filed a "Motion to Amend Petition for Writ of Errors and an Amended Petition for Writ of Error with Whole Record Test." The PCRA Court treated the foregoing document as Leuschen's third petition for PCRA relief. In this petition, Leuschen claimed ineffective assistance of counsel. On December 17, 2003,

the PCRA Court denied the petition without a hearing. Leuschen appealed the denial to the Pennsylvania Superior Court, and on August 30, 2004, the appellate court affirmed the PCRA Court's denial (Docket Number 215 WDA 2004). Leuschen sought allowance of appeal from the Pennsylvania Supreme Court, but allowance was denied on March 28, 2005.

## II.   COGNIZABLE CLAIMS IN FEDERAL HABEAS CORPUS PROCEEDINGS

A state prisoner may seek federal habeas relief only if he is in custody in violation of the United States Constitution or federal law. 28 U.S.C. §2254(a); Smith v. Phillips, 455 U.S. 209 (1982); Geschwendt v. Ryan, 967 F.2d 877 (3d Cir. 1992), cert. denied, 506 U.S. 977 (1992); Zettlemoyer v. Fulcomer, 923 F.2d 284 (3d Cir. 1991), cert. denied, 502 U.S. 902 (1991). Violations of state law or procedural rules alone are not sufficient; a petitioner must allege a deprivation of federal rights before federal habeas relief may be granted. Engle v. Isaac, 456 U.S. 107 (1982); Wells v. Petsock, 941 F.2d 257 (3d Cir. 1991), cert. denied, 505 U.S. 1223 (1992). A federal court's scope of review is limited as its role is not to retry state cases *de novo*, but to examine the proceedings in the state court to determine if there has been a violation of constitutional standards. Barefoot v. Estelle, 463 U.S. 880 (1983); Milton v. Wainwright, 407 U.S. 371 (1972). A habeas petitioner must show that the state court's decision was such a gross abuse of discretion that it was unconstitutional; "ordinary" error is outside the scope of §2254.

## III.   STATUTE OF LIMITATIONS

Pursuant to the Anti-terrorism and Effective Death Penalty Act of 1996, ("AEDPA"), effective April 24, 1996, the statute of limitations for filing a petition for writ of habeas corpus is as follows:

3

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> 
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C.A. §2244(d).

In the instant case, Leuschen filed his second petition for post-conviction relief on August 31, 1993. The lower court denied that petition on February 10, 1994. Leuschen appealed the lower court decision and the Superior Court of Pennsylvania affirmed the denial of petitioner's second PCRA petition on October 3, 1994. Leuschen never sought review in the Pennsylvania Supreme Court. Leuschen's third PCRA petition was untimely. His state court review was final on November 2, 1994, at the expiration of his thirty-day time period for seeking review of the denial of his second PCRA by the Pennsylvania Supreme Court. Pa. R.App.P. 1113(a). Leuschen's review became final prior to the enactment of the AEDPA.

The AEDPA provides, "if a state prisoner's conviction became final prior to the enactment of AEDPA, the one-year period begins to run on the effective date of the

4

AEDPA, April 24, 1996." Gale v. Vaughn, 83 Fed. Appx. 472, 474 (3d Cir. 2003) (citing Sweger v. Chesney, 294 F.3d 506, 513 (3d Cir. 2002).  Thus, under 28 U.S.C. §2244(d), Leuschen's last day to file a Habeas Petition was April 24, 1997, one year after the effective date of the AEDPA.  There are no allegations that any exceptions to the one year period apply, and as such, Petitioner is nearly eight (8) years and two (2) months late in filing for Habeas relief.  The petition must be dismissed for failure to abide by the statute of limitations.  LaCava v. Kyler, 398 F.3d 271 (3d Cir. 2005).

## IV.    EXHAUSTION

Before a federal court may address the merits of a state prisoner's claim, constitutional and federal law issues must have been fairly presented to the state courts first through direct appeal, collateral review, or other available procedures for judicial review.  See e.g., Castille v. Peoples, 489 U.S. 346, 351 (1989); Picard v. Connor, 404 U.S. 270, 275 (1971); Doctor v. Walters, 96 F.2d 675, 678 (3d Cir. 1996); Burkett v. Love, 89 F.3d 135, 137 (3d Cir. 1996).  A state prisoner is required by 28 U.S.C. §2254(b) to exhaust all available state court remedies before seeking federal relief.  The exhaustion requirement is based upon the principle of comity, which requires that state courts be given the first opportunity to address and correct constitutional violations and errors committed in its courts. Rose v. Lundy, 455 U.S. 509, 518 (1982); Preiser v. Rodriguez, 411 U.S. 475, 491 (1973).  Generally, to satisfy the exhaustion requirement, "a state prisoner seeking federal habeas relief must present each of his claims to the state's highest court." Story v. Kindt, 26 F.3d 402, 409 (3d Cir. 1994); see also, Wojtczak v. Fulcomer, 800 F.2d 353 (3d Cir. 1986).  The petitioner has the burden of

establishing that exhaustion has been met. Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); O'Halloran v. Ryan, 835 F.2d 506, 508 (3d Cir. 1987).

Exhaustion is not a jurisdictional limitation, however, and federal courts may review the merits of a state claim when no appropriate remedy exists. Christy v. Horn, 115 F.3d 201, 206 (3d Cir. 1997); Doctor, at 681; Carter v. Vaughn, 62 F.2d 591, 594 (3d Cir. 1995) (citation omitted). A state prisoner shall not be deemed to have exhausted state remedies if he has the right to raise his claims by any available state procedure. 28 U.S.C. §2254(c). Federal courts may entertain the merits of a petition for habeas corpus where the state remedies have not been exhausted "when no appropriate remedy exists at the state level or when the state process would frustrate the use of an available remedy." Story at 405; Hankins v. Fulcomer, 941 F.2d 246, 249 (3d Cir. 1991). If the "petitioner has no opportunity to obtain redress in state court or where the state corrective process is so defective as to render any effort to obtain relief futile," exhaustion is not required. Gibson v. Scheidemantel, 805 F.2d 135, 138 (3d Cir. 1986) (citing Duckworth v. Serrano, 454 U.S. 1, 3 (1981)); see also, Hankins at 249-250 (exhaustion is excused if state process offers no hope of relief).

The initial inquiry in determining whether the exhaustion requirement has been met is whether a state prisoner has "fairly presented" his federal claims to the state courts. To meet the fair presentation criterion, the same factual and legal basis for a claim must be presented to the state court to allow the state a reasonable opportunity to address the claim and correct any violation of federal rights. Duncan v. Henry, 513 U.S. 364 (1995) (per curiam). "Fair presentation requires that, before a particular claim may be asserted in federal court, the same method of analysis must have been made available to the state

6

court." Chaussard v. Fulcomer, 816 F.2d 925, 928 (3d Cir. 1987), cert. denied, 484 U.S. 845 (1987). The exhaustion requirement further requires a state prisoner to properly present his claims to the requisite state courts.

In re: Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, No. 218 Judicial Administration Docket No. 1 (Pa. May 9, 2000) (per curiam) [hereinafter "Order 218"] provides that:

> in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing or allowance of appeal following an adverse decision by the Superior Court in order to be deemed to have exhausted all available state remedies respecting a claim of error. When a claim has been presented to the Superior Court, or to the Supreme Court of Pennsylvania, and relief has been denied in a final order, the litigant shall be deemed to have exhausted all available state remedies for purposes of federal habeas corpus relief.

Petitioner raised the following claims in his current Federal Habeas Petition:

(1) Whether the Pennsylvania State Police and courts lacked jurisdiction to prosecute?

(2) Whether Petitioner's trial counsel was ineffective?

(3) Whether Petitioner is innocent of the crimes charged?

(4) Whether Petitioner's conviction was obtained by prosecutorial misconduct?

(5) Whether the statute under which Petitioner was convicted violated a protected right?

(6) Whether the trial court erred in applying the statute under which Petitioner was convicted?

(7) Whether the statute under which Petitioner was convicted violated the Pennsylvania State Constitution?

(8) Whether the search and seizure of Petitioner's property was unconstitutional?

(9) Whether the criminal process failed?

In accordance with Order 218, only issue number two (2) has been presented in a PCRA appeal to the Pennsylvania Superior Court. Therefore the only claim that has been exhausted is whether Petitioner's trial counsel was ineffective. Since, none of the remaining issues were ever raised on appeal at the state level, none of them have been truly exhausted.

## V.  PROCEDURAL DEFAULT DOCTRINE

Exhaustion may also be satisfied when a petitioner is barred from raising his claims because Pennsylvania courts will no longer entertain them due to waiver or default. Logan v. Vaughn, 890 F.Supp. 427, 430 (E.D. Pa. 1995) (citing Castille at 346). Although defaulted or waived claims meet the technical requirements for exhaustion because no state forum is available, a petitioner may be barred from bringing such claims for federal court review under the "procedural default" doctrine. Gray v. Netherland, 518 U.S. 152 (1996); Coleman v. Thompson, 501 U.S. 722, 732 (1991); Doctor at 678; Sistrunk v. Vaughn, 96 F.3d 666, 678 (3d Cir. 1996). Like the exhaustion requirement, the procedural default doctrine was developed to promote our dual judicial system; it is based upon the "independent and adequate state ground" doctrine, which dictates that federal courts will not review a state court decision involving a question of federal law if the state court decision is based on state law that is "independent" of the federal question and "adequate" to support the judgment. Coleman at 750.

A state's procedural rules are entitled to deference by federal courts and a petitioner's violation of a state procedural rule may constitute an independent and adequate state ground for denial of federal review of a habeas claim. Id.; Sistrunk at 673. To prevent federal habeas corpus review under the procedural default doctrine, a state

procedural rule must be "consistently and regularly applied." Banks v. Horn, 126 F.3d 206, 211 (3d Cir. 1997) (quoting Johnson v. Mississippi, 486 U.S. 578, 588-89 (1988). Moreover, violations of a state's procedural rules may constitute an independent and adequate state ground sufficient to involve the procedural default doctrine even where no state court has concluded that a petitioner is procedurally barred from raising his claims. Glass v. Vaughn, 65 F.3d 13, 15 (3d Cir. 1995), cert. denied, 116 S.Ct. 1027 (1996); Carter at 595. Federal habeas review is not available to a petitioner whose Constitutional claims have not been addressed on the merits due to procedural default unless a petitioner can demonstrate: 1) cause for the default and actual prejudice as a result of the alleged violation of federal law; or 2) failure to consider the claims will result in a fundamental miscarriage of justice. Coleman at 750; Carter at 595.

   The United States Court of Appeals for the Third Circuit directs this Court to review Petitioner's claim to determine whether any ambiguity exists as to whether a petitioner's inaction (i.e., his failure to comply with Pennsylvania procedural rules) constitutes procedural default under Pennsylvania state law. Carter at 595. If ambiguity exists, this Court should dismiss the petition without prejudice for failure to exhaust state remedies. Id. If a petitioner's failure to appeal his claims unambiguously constitutes procedural default under Pennsylvania law, this Court must determine whether cause and prejudice existed for the default or whether failure to consider a petitioner's claims would result in a fundamental miscarriage of justice. Id.

 In this Federal Habeas petition, Leuschen is for the first time claiming the Pennsylvania State Police and courts lacked jurisdiction to prosecute him; he is innocent of the crimes charged; his conviction was obtained by prosecutorial misconduct; the

9

statute under which he was convicted violated a constitutional right; the trial court erred in applying the statute under which he was convicted; the statute under which he was convicted violated the Pennsylvania State Constitution; the search and seizure of his property was unconstitutional; and the criminal process failed. Petitioner can no longer raise these issues through direct or PCRA review,[1] thus these issues have been procedurally defaulted.

### A.   Cause and Prejudice

To satisfy the cause standard, a petitioner must demonstrate that some objective factor external to the defense impeded counsel's efforts to raise the claim in state court. McClesky v. Zant, 499 U.S. 467, 493 (1991); Murray v. Carrier, 477 U.S. 478, 488 (1986). Neither a deliberate strategic decision nor an inadvertent failure of counsel to raise an issue constitutes "cause" unless counsel's performance failed to meet the Sixth Amendment standard for competent assistance. Engle v. Isaac, 456 U.S. 107 (1982); Murray at 485-487.

### B.   Miscarriage of Justice

If a petitioner cannot demonstrate the necessary "cause" and "prejudice," this Court may review the claims if the petitioner can show that a "fundamental miscarriage of justice would result from a failure to entertain the claim[s]." McClesky at 495. This Court may use its discretion to correct a fundamental miscarriage of justice if it appears that a "constitutional violation probably resulted in the conviction of one who is actually innocent." Murray at 496; see also Coleman at 748; McClesky at 502. Under the "miscarriage of justice" standard, a petitioner must present new evidence of innocence

---

[1] Under 42 Pa.C.S.A. §9545(b)(1) a filing of another PCRA would be untimely. This time requirement regarding such a filing has been consistently and regularly enforced by PCRA courts.

10

and persuade the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. Schulp v. Delo, 513 U.S. 298 (1995).

As Petitioner has not adequately addressed the cause and prejudice prongs surrounding his failure to exhaust state remedies for claim numbers one (1), three (3), four (4), five (5), six (6), seven (7), eight (8), or nine (9), nor addressed how this Court's failure to hear those claims would be a fundamental miscarriage of justice, they are not cognizable under this petition.

## VI.   MERITS OF PETITIONER'S CLAIM

### A.   Jurisdiction to Charge and Prosecute

Federal habeas corpus relief is available only to a person in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Leuschen's claim that the Pennsylvania State Police and Erie County Court of Common Pleas lacked jurisdiction to prosecute him is an issue of state law. Therefore this issue is not cognizable on federal habeas review.

### B.   Ineffective Assistance of Counsel

Ineffectiveness of counsel is cognizable only where there is a federal constitutional right to counsel: i.e., only through trial and first appeal as of right. See Coleman v. Thompson, 501 U.S. 722, 756-57 (1991); Pennsylvania v. Finley, 481 U.S. 551, 556 (1987); Ross v. Moffitt, 417 U.S. 600, 616 (1974). Counsel's alleged deficient performance thereafter is no basis for a federal habeas claim.

Strickland v. Washington provides a two-prong test for judging an ineffective assistance of counsel claim: (1) counsel's performance must have been deficient; and (2)

11

counsel's deficient performance must have actually prejudiced the defense, i.e., there must be a showing that, but for counsel's deficiency, the outcome would have been different. 466 U.S. 668, 687 (1984). Strickland made it clear that judicial scrutiny of counsel's effectiveness must be "highly deferential." "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstance of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id.

The first prong of the Strickland test requires a petitioner to show that counsel made errors so serious (i.e., conducted himself so unreasonably) that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. "The evacuation of reasonableness must begin with a 'strong presumption that counsel' conduct falls within the wide range of reasonable professional assistance." Government of the Virgin Islands v. Weatherwax, 77 F.3d 1425, 1430 (3d Cir. 1996) (quoting Strickland at 689). To determine whether counsel performed below the level expected from a reasonably competent attorney, it is necessary to judge counsel's challenged conduct on the facts of the particular case, viewed at the time of counsel's conduct. Strickland at 690.

The second prong of the Strickland test requires the petitioner to demonstrate that counsel's errors were so serious as to deprive him of a fair trial. Id. To prove prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different. Id. at 694. Furthermore, vague and conclusory allegations of ineffective assistance will not support habeas corpus review. Zettlemoyer v. Fulcomer, 923 F.2d 284, 298 (3d Cir. 1991).

Leuschen's first claim of ineffective assistance of counsel is based on the claim that his pretrial counsel failed to meet with him prior to trial. This simply is not true. Leuschen's trial counsel filed a Preacipe to Enter Appearance on June 12, 1989. On that very same day Leuschen's trial counsel filed a Petition for Bond and on June 29, 1989, after a hearing on this matter, the Petition was denied. On July 13, 1989, Leuschen's trial began. Clearly, Leuschen's trial counsel met with him prior to trial, as evidenced by the fact that they were in court together two weeks prior to the start of trial.

Even if it was true that Leuschen had not met with his counsel prior to trial, he provides no claim as to how he was prejudiced. Leuschen provides no explanation as to how the results of the proceeding would have been different. Thus, this claim does not meet the Strickland test.

Leuschen's next two claims of ineffective assistance of counsel are vague and conclusory allegations of ineffective assistance that do not support habeas corpus review. Zettlemoyer v. Fulcomer, 923 F.2d 284, 298 (3d Cir. 1991). Leuschen claims suppression errors were waived by trial counsel's failure to act as his advocate, but does not state what this failure was or how it was prejudicial. Next, Leuschen claims trial counsel failed to properly interpret the statute under which he was charged, however he does not explain what trial counsel's interpretation of the statute was or how it prejudiced him. Thus neither of these claim are cognizable.

Leuschen also claims counsel failed to state there was no evidence to support the conviction in the court records. Clearly, after review of the record, there was more than sufficient evidence on the record to support the conviction. Even if trial counsel had stated there was no evidence to support the verdict, there is not a reasonable probability

13

that the results of the proceeding would have been different. Thus, this claim does not meet the Strickland test.

Finally, Leuschen raises issues of ineffective assistance of PCRA counsel. Ineffectiveness of counsel is cognizable only where there is a federal constitutional right to counsel: i.e., only through trial and first appeal as of right. See Coleman v. Thompson, 501 U.S. 722, 756-57 (1991); Pennsylvania v. Finley, 481 U.S. 551, 556 (1987); Ross v. Moffitt, 417 U.S. 600, 616 (1974). Since counsel's alleged deficient performance thereafter is no basis for a federal habeas claim, Leuschen's remaining claim of ineffective assistance of counsel is not cognizable.

### C. Innocence

Federal habeas corpus relief is available only on behalf of a person in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Leuschen's broad claim of innocence fails to set forth a claim of any violation of the Constitution or laws or treaties of the United States. Furthermore, Leuschen's claim of innocence is contrary to the overwhelming evidence provided at trial.

### D. Prosecutorial Misconduct

A prosecutorial misconduct claim requires the court to determine whether the prosecutor's improper acts so infected the trial with unfairness that the resulting conviction constitutes a denial of due process. Sistrunk v. Dragovich, 96 Fed. Appx. 796, 800 (3d Cir. 2004) (citing Todaro v. Fulcomer, 944 F.2d 1079, 1082 (3d Cir. 1991)). Leuschen claims prosecutorial misconduct occurred when "the prosecutor failed to disclose mandatory constitutional and statutory construction and interpretation of the law." Petitioner's Brief, p. 11. However, Leuschen fails to state what "mandatory

constitutional and statutory construction and interpretation of the law" the prosecutor failed to disclose. Moreover, Leuschen failed to assert how the prosecutor's alleged improper acts so infected the trial with unfairness that the resulting conviction constitutes a denial of due process. Thus Leuschen failed to state a cognizable claim and is not entitled to relief.

### E.     Statute Violated Protected Right

Federal habeas corpus relief is available only to a person in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Although Leuschen claims target shooting is a constitutionally protected right, he sites no authority for this assertion. Since target shooting is not a constitutionally protected right under the United States Constitution, Leuschen has failed to claim a violation of the Constitution or laws or treaties of the United States. If Leuschen is referring to his constitutional right to bear arms, this right does not permit Leuschen to carry a 9 mm semi-automatic pistol without the required Pennsylvania state permit. Therefore Leuschen is not entitled to relief.

### F.     Misapplication of the Statute

Federal habeas corpus is available only on behalf of a person in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Leuschen's claim that the state failed to act according to its own state law is not a federal constitutional issue and thus outside the review of this federal court.

### G.     Statute Violates Pennsylvania Constitution

Federal habeas corpus is available only on behalf of a person in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a).

A federal court sitting in habeas jurisdiction does not have the authority to review a violation of the state constitution. Reinert v. Larkins, 379 F.3d 76, 94 (3d Cir. 2004). Thus, Leuschen's allegation that his Pennsylvania State Constitutional rights were violated sits outside the authority of this Court.

### H.     Search and Seizure Unconstitutional

"[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone v. Powell, 428 U.S. 465, 494 (1976). Leuschen was provided a full and fair opportunity to raise issues of unconstitutional search and seizure at the state level. The relevant inquiry is whether a petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided. Thus, Leuschen is not entitled to federal habeas corpus relief because he was provided a full and fair opportunity to litigate any Fourth Amendment claim.

### I.     Criminal Process

In Leuschen's final claim for relief, he simply summarizes the claims made in this habeas petition. Thus this claim has already been addressed above in the Commonwealth's answer to this habeas.

VII.  **CONCLUSION**

**WHEREFORE**, based upon the foregoing, Respondent requests that this Court dismiss/deny the Petition for Writ of Habeas Corpus in the above entitled action.

>Respectfully submitted,
>
>s/Lisa R. Stine                .
>Assistant District Attorney
>District Attorney's Office
>Erie County Courthouse
>140 West Sixth Street
>Erie, Pennsylvania  16501
>(814) 451-6349
>Fax # (814) 451-6419
>lstine@eriecountygov.org
>PA I.D. #82381

Dated:     August 8, 2005