In The United States District Court
For The Western District of Pennsylvania
Erie

RECEIVED

DEC 30 2005

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

Douglas B. Leuschen
petitioner

V

Case No. 05-157 Erie

Commonwealth of Pennsylvania, et. al
Respondents

Supplemental Pleading and
Motion For Summary Judgment

Comes now the petitioner, Douglas B. Leuschen,
pro-se, before the honorable Federal District Court
and files Supplemental Pleading to his Petition
For Writ of Habeas Corpus, Section 2254, with
a Motion For Summary Judgment in the above
styled case and so states the cause herein:

Respectfully Submitted: Douglas B. Leuschen
F.C.I. McKean
P.O. Box 8000
Bradford, Pa. 16701
11-30-05

In The United States District Court
For The Western District of Pennsylvania
Erie

Douglas B. Leuschen
            petitioner

v                                    Case No. 05-157 Erie

Commonwealth of Pennsylvania et. al.
Erie County District Atty, Gerald Faulk
Pa. Atty General, Gerald Poppert
Pa. Governor, Edward Rendell
Warden F.C.I. McKean, James Sherman

                Motion For Summary Judgment

    Comes now the petitioner, Douglas B Leuschen, pro-se,
before the honorable court and seeks a Motion For
Summary Judgment in the above styled case, Petition
For Writ of Habeas Corpus Section 2254, and so states
the causes herein:

                        Douglas B. Leuschen #07475068
                        F.C.I. McKean
                        P.O. Box 8000
                        Bradford, Pa. 16701
                        11-30-05

1. Petitioner was charged and convicted on case #696 of 1989, Erie County Criminal Court for violation of 18, P.C.S, Section 6106, (Exhibit #1) "Firearms not to be carried without a license" on Feb. 24, 1989.

2. Petitioner was tried before a jury on July 13 and 14, 1989, and convicted on count #1, of three (3) counts of "Firearms not to be carried without a license", for the 9 MM Ruger Semi automatic pistol.

3. Petitioner was denied his right of direct appeal and the court appointed ineffective assistance of counsel. After filing a pro-se P.C.R.A. petition, counsel was ordered to supplement or amend the petition, instead he filed a false "no merit letter" and deprived petitioner of his appeal rights. The court in error concurred there were no issues of merit for appeal and granted counsel leave to withdraw before his petition was decided and denied. Petitioner was denied equal protection and enforcement of the law and denied the assistance of counsel to appeal the adverse ruling in accordance with P.R.Cr.P. 1504.

4.  Petitioner has suffered a tortured history of appeals from conviction in 1989 through 1997, and never recieved due process in appeal rights or full, fair and meaningful review on issues of merit raised in the state courts.

5.  On July 16, 2002 petitioner was arrested and charged for violation of federal statute 18, U.S.C., Section 922 (g) "convicted felon in possession of firearms", based solely on his state conviction as the predicate element, he is still "in custody", for appeal.

6.  Petitioner filed a "Petition For Writ of Error With Whole Record-Test" on Sept 25, 2002 pursuant to 42, Pa., C.S., Section 9545, revival of appeal rights upon discovery of new facts and double jeopardy within 60 days of discovery of legal fact, (Exhibit #21).

7.  Petitioner was defaulted on his appeal by governmental interference and exhausted his state appeals Mar 28, 2005, Pennsylvania Supreme Court case #505 WAL 2004, (Exhibit #17).

8. The state courts have been provided the first opportunity to correct violations of federal law and Constitution. All issues have been fairly presented by petitioner as a pro-se litigant and any ambiguity claimed would have been remedied with appointed counsel and an evidentiary hearing. All issues raised by petitioner pro-se should be construed to included all subsidiary questions therein. Further appeal would be futile in the states ongoing obstruction of petitioner's right of appeal, due to state obstruction in relief avoidance doctrine and compromise of right to meaningful access to the court.

9. Petitioner meets the exception to the AEDPA time statute for filing under 28, U.S.C., Section 2244 (a); (d)(1)(B); (d)(1)(D); and (d)(2). No federal court has addressed appeal issues previously, his cause of action is premised upon discovery of new facts and double jeopardy raised and exhausted in state court on appeal, and timely filed in federal court, (Johnson v U.S., # 03-9685 (Criminal Law Reporter Vol 77, No.1 pg 20-28 (2005).

10. Petitioner's conviction, sentence, incarceration, continued loss of civil rights and denial of appeal and rights were obtained and maintained by violation of his 6TH and 14TH amendment rights to effective assistance of counsel. Had petitioner been provided effective assistance of counsel he would have been acquitted, found not guilty, and his conviction overturned. His negligent substandard and ineffective counsel amounted to a Gideon V Wainwright, 372 US 335, 9 LEd2d 799 (1963), violation in " constructive absence of counsel "

11. Petitioner was convicted of "Firearms not to be carried without a license", (Exhibit #13) 18, Pa.C.S., Section 6106 (Exhibit #1) on Feb 24, 1989.
    Court records and trial testimony of the prosecution's witnesses clearly reflect petitioner had and produced hunting and fishing licenses and Sportsman's Carry permits upon demand, (Trial Transcript, Day one July 13, 1989, page 48, lines 17-20, state police, Richard Myers):

    " after he produced the two provisional permits for the two Rugers, that's when he produced the provisional permit for the Dan Wesson .357,.." .

(TT, D-2, pg 15, lines 4-6, Asst D.A. Ken Zak):

"Your Honor, if the only reason why he wants to put the defendant on the stand is to authenticate the license, I would stipulate --".

Petitioner's conviction was obtained in violation of his 14th Amendment right. "Lack of license" was a necessary element of the charge and the prosecution failed to prove "beyond a reasonable doubt," petitioner "lacked license".

In Fiore v White 148 LEd2d 629 (2001) the defendant, like petitioner, was charged and convicted for "operating a hazardous waste facility without a permit"; the United States Supreme court reversed the conviction because court records reflected Fiore had a permit, and his conviction violated his 14th Amendment right, failing to prove beyond a reasonable doubt that he "lacked a permit".

12.    The prosecution and Pennsylvania State Police misled the jury, and counsel failed to defend, to believe that petitioner had to have a license or permit to target shoot, and loaded guns in his vehicle while

engaged in target shooting was a violation of the law.

Title 18, P.C.S., Section 6106 (Exhibit #1) does not make loaded guns in petitioner's vehicle a violation of the written text, nor does the statute require a license or permit for target shooting with firearms, as it does in subsection (c) for hunting or fishing, but not for target shooting.

Title 1, Pa.C.S., Section 1928 (b)(1), requires penal statutes to be strictly construed. Petitioner was not in violation for loaded firearms in his vehicle, and even if he did not have a permit, which petitioner does not concede, he did not need any license or permit to target shoot, (Exhibit #5c).

Petitioner's conviction based on these irrelevant facts violates the 5TH, 6TH, and 14TH Amendments because arbitrary and unwritten law gives no "fair warning" to alleged prohibited acts, D. Bordenkircher v Hayes, 434 US 357(1978); Village of Hoffman Estates v Flipside 455 US 489; Palmer v City of Euclid, 402 US 544(1971); (Commonwealth v Ludwig, 55 D&C, 4TH, (2001).

Petitioner is innocent of the charge and his conviction was obtained in violation of the U.S Constitution.

13. Petitioner was charged under 18, Pa., C.S., Section 6106 on Feb. 24, 1989, which was amended June 19, 1989, before his trial on July 13th and 14th, 1989, (Exhibit #2). The charging statute had no force of law or savings clause to prosecute petitioner at time of his trial. The new amended statute 6106 (Exhibit #3), availed petitioner of further defense exceptions and arguments under (b) (4), and (c). The unconstitutional class restriction in the charging statute which violated 1 Pa., C.S., Section 1921 et. seq., (Exhibit #5A-D) requiring one to be "a member of any organization incorporated under the laws of the Commonwealth" – to – "any person" to target shoot, and the subsection (c) made one Sportsman's Carry Permit valid for all firearms when carried in conjunction with a valid hunting or fishing license, (Exhibit #3 3)

Petitioner was found guilty in a prosecution of void law and the new law in effect was not used by the prosecutor, judge or defense counsel.

Petitioner's finding of guilt violated his 5th, 6th and 14th amendment rights in an unreliable verdict from a prejudicially misinformed jury.

Petitioner is innocent of the charge!

14.    The Pennsylvania State Police did not have probable cause or warrants to search petitioner or his vehicle, seize his vehicle and firearms, or arrest and incarcerate him, and violated petitioner's 4TH amendment right to be secure from unreasonable search, seizure, and arrest in his home, papers, possessions, person, and property. All evidence is fruit of the poisonous tree under the Exclusionary rule and was inadmissible as evidence. Effective counsel would have suppressed the evidence and moved for a dismissal of the charges for improper charge and no evidence of any crime.

For the causes stated herein petitioner seeks and moves the honorable federal district court to overturn his state conviction case # 696 of 1989, Erie County Criminal court for "Firearms not to be carried without a license". His 4TH, 5TH, 6TH, and 14TH amendment rights were violated in an unreliable criminal process void in fundamental due process. He is innocent of the charge, the finding of guilt was unreliable and unsupportable. It was a miscarriage of justice which

-9-

impunes the integrity of the court in an unconscionable act.

Douglas B Leuschen #07475068
F.C.I. McKean
P.O. Box 8000
Bradford, Pa. 16701
10-   -05

Affidavit

I, Douglas B Leuschen hereby certify the foregoing "Motion For Summary Judgment" in reversal of state conviction is true and accurate to the best of my knowledge information and belief and so state in accordance with 28 U.S.C., Section 1746.

Douglas B Leuschen #07475068
F.C.I. McKean
P.O. Box 8000
Bradford, Pa.
11-30-05

# Table of Contents

|  | page # |
|---|---|
| Table of Authorities | III - V |
| Table of Exhibits | VI |
| Statement of Jurisdiction Supplement | 1 |
| Scope of Review | 2 |
| Questions | 3 |
| Questions Presented with Answers | 3-26 |
| History of the Case | 27-37 |
| Facts of the Case | 38-44 |
| Statement of Related Cases | 45 |
| Summary of Meritorious Claims | 46-52 |

Merits of Petitioner's Claims - Arguments

I.  " No Jurisdiction to Prosecute by Commonwealth "   53-56

II.  " Uneffective Assestance of Counsel"   57-105

III  " Actual Innocence "   106-112

IV  " Prosecutorial Misconduct "   107-119

V  " Violated Handicapped Rights "   120-123

I

page #

VI    Misapplication of Statute                    124-127

VII   Statute Violated the Constitutions            128-131

VIII  Petitioner's search, seizure, and arrest      132-138
      violated the 4th Amendment of the United
      States Constitution

IX    State Criminal Process obtained an unreliable
      and unjustifiable finding of guilt and
      Appeal denial                                 139-145

      Conclusion                                    146-148

      Relief Sought                                 149-152

      Motion For Summary Judgment (Separate attachment) 1-10
      For reversal of State Conviction.

—Table of Authorities

Federal Cases cited                                                                 pages

1.   Case v Nebraska, 381 US 336 (1965) —              12, 95
2.   D. Bordenkircher v Hayes, 434 US 357 (1978) —         109
3.   Fiore v White, 148 LEd2d 629, (2001) —              72, 109
4.   Gideon v Wainwright 372 US 335 (1963) —            101, 140
5.   Leuschen v Com. of Pa., U.S. Court of Appeals 3RD Cir (1996) —  84, 96
6.   Maryland v Baltimore & Ohio RR. Co., 3 How 534, 11 LEd 714 —  112
7.   M'Coy v Court of Appeals Wisc. District 1, 108 S Ct 1901, —    92
8.   Palmer v City of Euclid, 402 U.S. 544, (1971) —    70, 110, 125
9.   Slack v McDaniels 146 LEd2d 542 (2000) —              21
10.  Strickland v Washington 466 US 668 (1974) —            100
11.  U.S. v Cruikshank 92 US 542 (1875) —           129, 130
12   U.S. v Tynan, 11 Wall 88, 20 LEd 153 —
13.  Village of Hoffman Estates v Flipside 455 US 489 — 70, 110, 124
14   Yeaton (General Pinkney v U.S., 5 Cranch 281,
            3 LEd 101 (Chief Justice Marshall) —              111


Pennsylvania Cases cited


1.  Commonwealth v Ballem, 334 Pa. Super 255, 482 A2d 1322 (1984) - 40
2.  Commonwealth v Finley 550 A2d 213 (1988)          —          91
3.  Commonwealth v Ludwig 55 D & C 4TH, (2001)     —   70, 71, 110, 124, 125
4.  Commonwealth v Runk 250 Pa. Super. 130, 378 A2d 488 (1977) -  20, 87

Statutes                                                                page #

Federal Statutes

Title 18, U.S.C., Section 241      —        5, 105, 114, 142
      18 U.S.C., Section 242      —        5, 105, 114, 142
      18 U.S.C., Section 921      —        97
      18 U.S.C., Section 922      -        4, 9, 34, 85, 97, 152
Title 28 U.S.C., Section 2244     —        1, 8, 9
Title 29 U.S.C., Section 794      —        105, 114, 120, 122, 123
Title 42 U.S.C., Section 5309     -        105, 114, 120, 122, 123

Pennsylvania Statutes

Title 1, Pa., C.S., Section 1922 (Exhibit #5, C)  —  103, 125, 126
      1, Pa. C.S., Section 1925 (Exhibit #C)      —  103, 125, 126
      1, Pa. C.S., Section 1928 (Exhibit #C)      - 9,49,63,70,74,103,110,113,114,124,127
      1, Pa., C.S., Section 1932 (Exhibit #D)     —  103, 114, 126
Title 18, Pa., C.S., Section 6106, (Old Charging Statute),
      (Exhibit #1)  - 5, 46, 50, 55, 56, 63, 72, 74, 106-108, 111, 113, 124, 126, 127, 128, 133, 141
      18, Pa., C.S., Section 6106  Amended Statute (Exhibit #3) - 69, 111, 115, 126
Title 34, Pa. C.S., Section 2923 (Exhibit #16)    —  49, 115, 120
Title 42, Pa., C.S., Section 9545 (Exhibit #21),  —  8, 11, 21, 23, 32, 97, 148

Pennsylvania Rules of Criminal Procedure                        page

904                                                                89
907                                                            85, 98
1504                                                        19, 31, 89

Pennsylvania General Assembly Act

# 158   (Dec 19, 1988, effective in 180 days)(Exhibit #   ) — 111, 126
         Amended 18, Pa., C.S., Section 6106  June 17, 1989

# Table of Exhibits

#

1 – Title 18, Pa.C.S., Section 6106, Charging statute in effect 2-24-89

2 – Information, 3 counts "Firearms not to be carried without a license"

3, A-B, Title 18, Pa.C.S., Section 6106 in effect on trial date July 13,14, 1989

4 – Act #158 Amending 18, Pa., C.S., Section 6106, effective 6-17-89

5, A-D, – Title 1, Pa.C.S., Section 1921 et. seq. Construction of Statutes

6 – Title 27, U.S.C., Section 794, Handicap, Nondiscrimination

7, A-B, – Title 42, U.S.C., Section 5309, Handicap Nondiscrimination

8, A-G, – Pennsylvania Constitution

9, A-F, Case #696 of 1989, Erie County Criminal Court Docket

10, A-R, Amended Petition for Writ of Error With Whole Record Test, Nov 13, 2003

11 – Notice of Appeal from Erie County Court of Common Pleas to Superior Court

12 – Title 42, Pa.C.S., Section 4502, Petit Jury, Vote

13 A-B, Federal Indictment predicated on state conviction

14 – Criminal Docket Statement, Appeal to Superior Court #215 WDA 2004

15 Affidavit, proof of orange cap and Targets refuted by state police

16 – Title 34, Pa.C.S., Section 2923 Game Code, Handicap law

17 – Pennsylvania Supreme Court Order denying appeal, 3-28-05

18 – Tort Claim on F.C.I. withholding court order 7 months

19 – Writ of Mandamus Petition, Nov 18, 2003

20 – "Response" to lower courts "Opinion and Notice of Intent to Dismiss" Without a Hearing

21 – Title 42, Pa., C.S., Section 9545

22. Trial Transcripts case #696, 1989 Erie County Criminal Court

VI

## Statement of Jurisdiction
### Supplement

Jurisdiction to hear this cause of action under Habeas Corpus Section 2254, is under AEDPA. exceptions 28 U.S.C., Section 2244 (a) the legality of petitioner's continued loss of civil rights and present incarceration predicated on this state conviction has not been determined by a judge or court of the United States on a prior application; 28 U.S.C., Section 2244 (d) (1) (B): the state has obstructed, and impeded all previous appeals in state court, including "Petition For Writ of Error With Whole Record-Test" filed Sept 25, 2002, pursuant to 42 Pa.C.S., Section 9545, Exceptions to late filing of appeal, and exhausted state remedy Mar 28, 2005, in Pennsylvania State Supreme Court case # 505 WAL 2004; 28 U.S.C., Section 2244 (d) (1) (D): discovery of new facts and double jeopardy in federal government imposing disability by caselaw interpretation of state action without positive law or "fair warning"; and 28 U.S.C., Section 2244 (d) (2) due diligence in properly filed appeal for post conviction collateral relief in state does not count toward any period of limitation. Cause of action discovered and filed Sept 25, 2002, exhausted state remedy Mar 28, 2005.

-1-

## Scope of Review

This case on appeal involves questions of law in structural due process and alleged violations of the United States Constitution and federal law which have not been addressed or adjudicated on their merits by state courts. The scope of review is De Novo or Plenary.

## Questions Presented

1. Is petitioner still "in custody" as a result of Federal law or Constitutional rights violations egregious enough to give him "standing" to file in Federal Court?

2. Does petitioner meet an exception to the AEDPA statute of limitations, if so under what exceptions?

3. Has petitioner fairly presented claims in state courts giving them first opportunity to address and correct Constitutional violations and errors?

4. Has petitioner exhausted these claims through the highest state court, or does he satisfy the exhaustion requirement by waiver or state default?

5. Was petitioner prejudiced by denial, obstruction, or impediment in raising any or all issues before the state courts, if so, was the prejudice sufficient to result in a miscarriage of justice?

Statement of Questions and Answers

1.    Is petitioner still "in custody" as a result of Federal law or Constitutional rights violations egregious enough to give him standing to file in Federal Court?

        Answer:

A.    The Commonwealth is silent on this issue.

B.    The petitioner states he has "standing" as he still suffers the loss of civil rights, to vote in petit jury, and to bear arms, and the state conviction is the sole predicate element in a federal charge, conviction, sentence, and present incarceration for violation of 18 U.S.C., Section 922(g) "convicted felon with firearms". He is in "custody" as a direct result of this state conviction

- 4 -

Petitioner's conviction, sentence and continued loss of civil rights was obtained in violation of the United States Constitution, 4TH Amendment – Search, Seizure, and arrest without probable cause or warrants, 5TH Amendment – Double Jeopardy and Due Process, 6TH Amendment – Due Process and effective assistance of counsel, 8TH Amendment – Cruel and Unusual punishment and excessive fines, 9TH Amendment – Denial and Disparage of rights retained by the people, 10TH Amendment – Reserved rights to the People, 14TH Amendment – Equal Protection and Enforcement of the law, Due Process, 15TH Amendment – Right to vote; and Federal Statutes – Title 18 U.S.C., Section 241 – Conspiracy to deprive of civil rights, and Section 242 – Deprivation of Civil Rights.

Petitioner was searched and his vehicle, property was seized, and he was arrested without probable cause or warrants. He was charged and incarcerated, before a finding of guilt, denied reasonable bond, charging him for violation of 18 Pa. C.S., Section 6106, on Feb. 24, 1989. The

charge "Firearms not to be carried without a license", (Exhibit #1    ) was improper and imposed conditions and interpretation of law that was vague, ambiguous, and lacked "fair warning" on alleged prohibited conduct.

     His pre-trial, trial, and post-trial proceedings were lacking in fundamental "bedrock" principles of due process in effective assistance of counsel and resulted in an unreliable finding of guilt. His sentence and punishment was unjustified, excessive, and he was subjected to a double jeopardy by federal court caselaw interpretation of a state action, not in positive law by statute or sentence imposed, which violated "fair warning" and state jurisdiction and sovereignty.

     The state through unauthorized power of the federal government, in conspiracy, professed to disable an inherent and indefeasable right to bear arms. Both the state and federal government have been prohibited from questioning or infringing the right to bear arms under the Pennsylvania Constitution Article I, Section 21, and the 2ND Amendment of the United States Constitution.

Petitioner's right of Suffrage (to vote in petit jury), (Exhibit 12), has also been taken by the state in violation of the 14th and 15th Amendments of the United States Constitution and the Pennsylvania Constitution Article I, Section 5, 25, and 26, Article V, Section

2.   Does the petitioner meet an exception to the
     AEDPA statute of limitations?

        Answer:

A.   The Commonwealth states ("Answer to Writ.," at pg 5,
     lines 4-7):

            " There are no allegations that any exceptions
        to the one year period apply,.. ".   " The petition
        must be dismissed for failure to abide by the
        statute of limitations."

B.   The petitioner states he met exception under the
     state statute of limitations  42 Pa.C.S., Section 9545
     in governmental interference, and discovery of new
     facts and filed within 60 days of discovery, as
     asserted in his "Response.", to government "Notice of
     Intent to Dismiss..,", his "Response" was denied
     as untimely filed, (Exhibit # 21).
            Petitioner also qualifies to file his Petition for
     Writ of Habeas Corpus under: 28 U.S.C., Section
     2244 (a);   the legality of petitioner's continued

loss of civil rights and the use of this state conviction as the sole predicate element in petitioner's federal charge, conviction, sentence, and incarceration for violation of 18 U.S.C., Section 922(g) "convicted felon with firearms"

Petitioner also meets exception in statute of Limitation's under 28 U.S.C., Section 2244(d)(1)(B); the Commonwealth denied petitioner direct appeal without waiver, and his post conviction appeal process has been obstructed by abuse in discretionary powers, obstruction in access to the court by refused, compromised, late postings and delivery of legal correspondance to and from the courts;

2244(d)(1)(D); discovery of new facts and double jeopardy whereby the state conviction was used as the predicate element to the federal charge asserting the Commonwealth had disabled petitioner's right to bear arms and right of sufferage (to vote in petit jury). The Commonwealth did not by statute, or at sentencing deprive petitioner of his right to bear arms, and such punishment imposing disability violates "fair warning" and 1 Pa.C.S., Section 1928(b). The Commonwealth is Constitutionally prohibited from abridging, taking, denying, or discriminating against both civil rights.

2244(d)(2) appeal in state courts stays tolling of time.

-9-

Petitioner filed his appeal upon discovery of new facts, before the legal fact of double jeopardy was established, in state court on Sept. 25, 2002. After exhausting his state remedies, an exercise in futility, through Pennsylvania Supreme Court case # 505 WAL 2004 (Exhibit # 17 ) on Mar. 28, 2005, petitioner filed his Petition For Writ of Habeas Corpus, Section 2254 on May 20, 2005.

3. Has petitioner fairly presented and exhausted all claims through the highest state court or did he satisfy the exhaustion requirement by asserting waiver or default by the state in impediment, obstruction, or prejudice sufficient to result in a miscarriage of justice?

Answer :

A. The Commonwealth states ("answer., pg 8, line 1-5):

". only issue number two (2) has been presented in a P.C.R.A. appeal to the Pennsylvania Superior Court. Therefore the only claim that has been exhausted is whether Petitioner's trial counsel was ineffective. Since

-10-

none of the remaining issues were ever raised on
appeal at the state level, none of them have been
truly exhausted."

B.     Petitioner was denied 1 Direct Appeal without
waiver, but has fairly presented appeal issues
in Post Conviction Relief Act petitions and as
a petition for Writ of Error With Whole Record Test.
He exhausted his renewed right of appeal in
the state courts pursuant to 42 Pa. C.S. Section
9545, in discovery of new facts and double
jeopardy, on Mar. 28, 2005 (Exhibit # 17, 21 )
in Pennsylvania Supreme Court case # 505 WAL 2004.
          The petitioner's post-trial rights in appeal
have been lacking in fundamental "bedrock"
principles of due process. He was denied Direct
Appeal and his 1ST P.C.R.A. was defaulted by
court appointed counsel's false "no merit letter",
and court error. All appeal rights have been
prejudiced by arbitrary and unreasonable rules
and law and arbitrary and unreasonable application
of rules and law in an exercise in futility
amounting to cruel and unusual punishment
and perfidy.

The state courts have been presented with numerous appeals, as evidenced in court docket case #696 (Exhibit #9    ), none of which were ever provided full, fair, and meaningful review and raises the question unanswered by the United States Supreme Court since 1965 in (Case v Nebraska) 381 US 336, - to what extent does the Federal Constitution require full, fair, and meaningful review in state post-conviction procedures?

Redress by the state, of any issue the state would argue was not presented, which petitioner does not concede, would be futile.

Issues were sufficiently presented and pleaded in his 1ST, pro-se, P.C.R.A. petition, had effective and honest court appointed counsel been provided and an evidentiary hearing conducted such ambiguity would have been resolved and arguments developed. As a layperson of the law petitioner should be held to a less stringent standard and all issues raised should be construed to include all subsidiary questions comprised therein. The Commonwealth and its political subdivisions, (including incompetent, ineffective,

amicus defense counsel as agent of the plaintiff, and principle of the 1ST part) obstructed, impeded, and defaulted petitioner appeal rights by submitting a false "no merit letter". Those issues of merit still exist and have never been addressed in meaningful review unless those schooled in the arts and science of law involved in this case are held to a lower standard of law than the petitioner as a layperson.

Petitioner was further compromised in his 1ST P.C.R.A. petition, after ineffective counsel's false "no merit letter", when the court ordered petitioner to file "Objection to defense counsel's no merit letter" and "Concise Statement of matters Complained of" then denied petitioner his Motions for: "Transcribed notes of testimony and court records", and, Extension of Time to File "after receipt of records necessary to perfect his "Objection..," and "Concise Statement..", (Exhibit #9, D ). The court's caprice and abuse in discretion in arbitrary and unreasonable application *in* rule and law continued and precluded any pro-se appeal in an ongoing obstruction to rectify a miscarriage of justice. Petitioner never received a complete set of court document for appeal.

Petitioner asserted unconstitutional statute and state action in his 1ST P.C.R.A., (based on his recollection without requested court records to assert more fully).

Fairly comprised therein are the subsidiary questions:

a. Illegal search, seizure, and arrest without warrants or probable cause
b. Handicapped Discrimination
c. Lack of jurisdiction by Commonwealth and its political subdivisions
d. Actual Innocence
e. Prosecutorial misconduct
f. Improper use (Construction, interpretation, and application of charging statute.
g. Prohibited actions by Commonwealth
h. Due Process violations
i. ineffective assistance of counsel
j. failure to prove elements of crime beyond reasonable doubt.
k. "fair warning" of prohibited acts

Petitioner also raised the following issues in his Amended Petition For Writ of Error.., (Exhibit 14 A-R), on Nov. 13, 2003, filed in Erie County Court of Common Pleas and exhausted in Supreme Court Mar. 28, 2005, case # 505 WAL 2004, and defaulted by governmental interference in access to the court, (Exhibits # 17).

(Exhibit # 14):

    a.  Actual Innocence (at pg 10, line 12

    b.  Improper charge ( at pg 10, line 28-29; pg 13, line 9-28)

    c.  Prosecutorial Misconduct ( pg 10, line 31; pg 12, line 31-33; pg 13, line 1-35; pg 14, line 1-18)

    d.  Ineffective assistance of counsel ( pg 12, line 30-33; pg 14, line 19-38; pg 15 line 1-4; line 23-32).

    e.  Handicapped Discrimination ( pg 11, line 3-10; pg 13, line 22-24)

    f.  Unconstitutional construction, interpretation and application of charging statute ( pg 11, line 23-35; pg 12, line 1-36; pg 13, line 9-28).

    g.  Void Charging Statute ( pg 12, line 7-29, line 34-36; pg 13, line 20-28,

    h.  Lack of Jurisdiction ( pg 11, line 23-30; pg 13, line 9-14; pg 15, line 1-4).

i. Constitutionally prohibited acts (pg 11, line 23-28, line 34-36, pg 13, line 14-19, pg 15, line 1-4)

J. Illegal search seizure, and arrest (pg 14, line 27-30, pg 15, line 2

K. Due Process violations (pg 12, line 30-33, pg 14, line 7-11, line 15-18, pg 15, line 11-13)

L. improper jury instruction or misleading (pg 11, line 11-16, line 34-35, pg 12, line 1-29, line 34-36).

m. Amended law application (pg 12, line 7-30, line 35-37, pg 13, line 21-28, pg 15 line 2

All issues raised should be construed to include all subsidiary questions comprised therein having been raised by petitioner pro-se as a layperson of the law. Had counsel been provided and performed effectively as one schooled in the arts and science of law and or a hearing conducted ambeguity and specificity would have been developed to more clarity and detail of specific facts. Petitioner asserts the state has recieved first opportunity to address and correct statutory and Constitutional violations under federal rule, the state defaulted and waived their right. It would be futile to appeal this miscarriage of justice further in the state.

4.    Has petitioner exhausted these claims through the highest state court, or does he satisfy the exhaustion requirement by waiver or default?

    Answer:

A.    The Commonwealth states ("answer.., pg 9-10):

        .., "Leuschen is for the first time claiming the Pennsylvania State Police and courts lacked jurisdiction to prosecute him; he is innocent of the crimes charged; his conviction was obtained by prosecutorial misconduct; the statute under which he was convicted violated a constitutional right; the trial court erred in applying the statute under which he was convicted; the statute under which he was convicted violated the Pennsylvania State Constitution; the search and seizure of his property was unconstitutional; and the criminal process failed. Petitioner can no longer raise these issues through direct or P.C.R.A. review, (alleging it would be untimely), thus these issues have been procedurally defaulted.

B.    Petitioner has raised all issues before the state court in his "Amended Petition For Writ of Error With Whole Record-Test" on Nov 13, 2003, which were fairly presented, (Exhibit #10). These issues were unaddressed and exhausted through Pennsylvania Supreme Court case #505 WAL 2004, on Mar 28, 2005, (Exhibit #17). His earlier appeals were defaulted by ineffective assistance of counsel and governmental obstruction, impediment, and abuse of discretion. Petition was denied his Direct appeal without waiver of right although his intent is well documented in court docket, (Exhibit #9 B-F).

The state denied petitioner numerous appeal attempts until his 1st P.C.R.A. filed on Feb 9, 1990, was accepted and court appointed counsel was ordered to supplement or amend his petition on Feb 28, 1990. Acting as amicus, defense counsel betrayed petitioner and filed a false "no merit letter" without knowledge, communication, or consent of the petitioner. Defense counsel demonstrated a conflict of interest to the benefit of the plaintiff Commonwealth, as an agent and representative or officer of the court, a political subdivision of the Commonwealth. The court in error

concurred with defense counsel stating there were no meritorious issues for appeal. Those issues did exist, and still do exist today, and of such obvious and blatant violations it behooves the petitioner to accept that as professionals schooled in the arts and science of law these issues were undetected.

Defense counsel was then granted leave before petitioner's 1ˢᵗ P.C.R.A. was denied (Exhibit #9 D), and his right to equal protection of the law violated when he was deprived of assistance of counsel to appeal the adverse ruling pursuant to P.R.Cr.P. 1504; under the 14ᵗʰ Amendment.

Petitioner's appeal from defense counsel's false "no merit letter" was obstructed by courts abuse in discretion whereby the court ordered petitioner to file (Exhibit #9 D,E) "Concise Statement of Matters Complained of" and "Objection to Defense Counsel's "no merit letter"" but denied him his Motions for: "Transcribed notes of testimony and court records" and "Extension of Time to File "Concise Statement..", "and "Objection..," to obtain the necessary records to perfect his "Concise Statement..", and "Objection..,". Even after filing a "Motion to Compel" in Superior Court Sept 4, 1990,

and did not provide him with assistance of
counsel to appeal his adverse P.C.R.A. ruling.
The court continued the obstruction of his 1ST
P.C.R.A., by denying records and reasonable
time to file his "Objection to Defense Counsel's
"no merit letter"" "and his "Concise Statement
of Matters Complained of " (Exhibit #9 D ). Even
after filing a "Motion to Compel" in Superior Court
Sept 4, 1990 (Exhibit #9 E ) the lower court still
did not provide records ordered to be provided.

   Petitioner's 2ND P.C.R.A. petition filed Aug 31,
1993 was summarily dismissed without a hearing
and prejudiced by a lower standard of review than
his 1ST P.C.R.A.. His 2ND P.C.R.A. should have
been considered a continuation of his 1ST P.C.R.A.,
or a Direct Appeal "Nunc Pro Tunc". As judge
Michael Joyce stated in court docket entry Aug 29, 1989 (Exhibit #9 B) :

   "Claims of the type sought to be brought forth here by the
defendant are more properly brought under Post Conviction
Relief Act than through the use of the extraordinary remedy
Habeas Corpus, as this mechanism in part was intended by
the legislature to supplant such common law remedies."
Commonwealth V Runk 250 Pa. Super 130, 378 A 2 d 488 (1977).

- 20 -

In Slack v McDaniel, 146 LEd2d 542, 549, 550 (2000) the United States Supreme Court stated:

" a habeas petition which is filed after an initial petition was dismissed without adjudication on the merits for failure to exhaust state remedies is not a "second or successive" petition as that term is understood in the habeas Corpus context."

petitioner's refiling of his P.C.R.A. aug 31, 1993, as well, should have been construed as a continuation of his 1st P.C.R.A., where issues of merit raised and ineffective substandard appeal counsel filed false "no merit letter" depriving him of his 6TH amendment right, and the court concurred in error, deprived petitioner of meaningful review and issues raised were not addressed.

On Sept 25, 2002, petitioner filed a "Petition For Writ of Error With Whole Record Test" pursuant to 42 Pa. C.S., Section 9545, discovery of new facts and double jeopardy, and filed within 60 days of discovery, (Exhibit #21).

-21-

Petitioner amended this petition with "Amended Petition For Writ of Error..., on Nov 13, 2003, (Exhibit #10) and presented:

a.) Lack of Jurisdiction: (pg 10, line 12, line 28-29; pg 11, line 3-10, line 23-30; pg 13, line 9-24; pg 14, line 28-30; pg 15, line 2-7, line 16-20)

b.) Innocence (pg 10, line 12, 28-29; pg 13, line 9-24; pg 15, line 3)

c.) Prosecutorial Misconduct (pg 10, line 31; pg 12, line 30-33; pg 13, line 1-35; pg 14, line 1-18; pg 15, line 5-22)

d.) Statute violated Constitutional Right (pg 11, line 3-10, 23-35; pg 12, line 1-17; pg 13, line 14-22; pg 15, line 1-4 line 28-32)

e.) Error in applying statute by Court & Prosecutor (pg 10, line 10-31; pg 11, line 1-10, line 20-35, pg 12, line 1-29; pg 13, line 1-35; pg 14, line 1-18; pg 15, line 5-11)

f.) Statute is Repugnant to Constitution (pg 11, line 23-35; pg 12, line 1-17, 25-29; pg 13, line 14-21)

g.) Illegal Search & Seizure (pg 14, line 27-30; pg 15, line 2-3)

h.) Lack of Due Process unreliable finding of guilt (pg 13, line 1-9, line 29-35, pg 14, line 1-18; pg 15, line 1-32)

By the state court's actions and those of the Commonwealth's political sub-divisions they have waived and defaulted the opportunity, first presented to the state, to correct violations of the United States Constitution and federal statutes. Instead, the Commonwealth obstructed, impeded, prejudiced, and denied appeals and appeal rights through abuse in discretion, arbitrary and unreasonable rules law, and application, relief avoidance doctrine, compromised and or delayed mail service, and equal enforcement and protection of the law and acted with perfidy.

Petitioner's Petition for Writ of Error.., was defaulted by Allegheny County Jails obstruction in access to the court through compromise and delay in U.S. Mail service and mailing. Petitioner's "Response" was requested postal service by Overnight Express delivery on Dec 5, 2003. It was posted Dec 11, 2003 by 1st class mail and delivered after the courts due date. State Courts abused discretionary powers and refused to accept untimely "Response" (which cured statute of limitation bar with exceptions asserted, (Exhibit #21), pursuant to 42 P.C.S., Section 9545) due to obstruction beyond his control by an agent of the state. Superior Court and State Supreme Court refused to correct default in due process,

-23-

5.   Was petitioner prejudiced by denial, obstruction or impediment in raising any or all issues before the state court, if so, was the prejudice sufficient to result in a miscarriage of justice?

   Answer:

A.   The Commonwealth states ("Answer.., pg 11,

      " As petitioner has not adequately addressed the cause and prejudice prongs surrounding his failure to exhaust state remedies for claims numbers one (1), three (3), four (4), five (5), six (6), seven (7), eight (8), or nine (9), nor addressed how this Court's failure to hear these claims would be a fundamental miscarriage of justice, they are not cognizable under this petition. "

B.   All claims, raised on appeal, in state courts have not been addressed or given full, fair, or meaningful review. Petitioner was denied direct appeal and his 1ˢᵗ P.C.R.A was defaulted and prejudiced by ineffective assistance of counsel

-24-

and court error. Petitioner's refiling of his P.C.R.A. petition was construed in error as his 2ND and 3RD P.C.R.A. thus prejudicing the standard of review and summarily dismissing the appeals without again giving meaningful review.

Had the following issues been presented by effective assistance of counsel in:

a.) Pennsylvania State Police and courts lacked jurisdiction to prosecute a Constitutionally protected right.

b.) Effective assistance of counsel in pre trial, trial and post trial due process, and denial of counsel.

c.) Actual Innocence, no violation, no "fair warning" and failure to prove necessary element beyond reasonable doubt in "lack of license" or requirement

d.) Prosecutorial misconduct, withholding of exculpatory evidence, improper use construction, application interpretation, inadmissable evidence, character assassination, and perjured testimony.

e.) Handicap exceptions and discrimination

f.) the court and prosecutor misled jury on statute that was void, omitted effective statute application interpretation, and construction in effect at trial.

g.) Prohibited acts by Commonwealth and political subdivisions.

h.) No probable cause or warrants for search, seizure, or arrest.

i.) Breakdown in fundamental "bedrock" principles of due process, use of void statute improperly construed, and omission of effect law and exceptions to the violation.

Petitioner would have been dismissed of the charges, he would have been acquitted, found not guilty, and his conviction, sentence, incarceration and loss of civil rights would have overturned and restored his rights.

All issues having not been addressed or even acknowledged by the state ("Answer, pg 9, 10, 11 Exhibit # 10) although they have been fairly presented to the state with first opportunity to correct statutory and Constitutional violations, they are new issues yet to be addressed and answered.

Petitioner has suffered a very serious violation of his civil rights by the state in a miscarriage of justice and seeks relief now before the federal court without the states' obstruction in justice and right.

## Procedural History

The petitioner, Douglas B Leuschen, was charged with violation of 18 Pa. C.S., Section 6106 (1988), "Firearms not to be carried without a license", for placing loaded guns on the seat of his parked vehicle while out target shooting in preparation to go hunting Feb 24, 1989, He had and produced valid hunting and fishing licenses and Sportsman's Carry Permits.

1. A preliminary hearing was held before Robert Saxton and defendant was represented by Erie County Public Defender, Joe Burt.

2. After a jury trial July 13th and 14th, 1989, the petitioner was found not guilty on two counts, and guilty on one count, for the Ruger 9MM pistol.

3. Defendant, petitioner filed a Petition for Writ of Habeas Corpus before he was sentenced and denied Aug. 29, 1989, by judge Michael Joyce as improperly filed, stating claims of this type are more properly brought as Post Conviction Relief Act Petitions (P.C.R.A.), as this mechanism in part was intended ... to supplant such common law remedies.

4. Defense counsel filed Motion in arrest of judgment and for new trial on July 31, 1989, was denied on July 31, 1989, by judge John Falcone, entered on the court docket Aug. 8. 1989.

5. Defendant was sentenced on September 21, 1989, to 8 months to 5 years for a misdemeanor of the 1st degree, by judge John Falcone.

6. Defendant filed pro-se Motion to Proceed In Forma Pauperis, Motion for Transcribing Court Proceedings, Petition of Rights, Motion for Return of Property, Petition under Post Conviction Hearing Act were denied failing to set forth cause of action and because he has and is represented by counsel, by judge Shad Connelly on December 28, 1989.

7. On January 23, 1990, filed pro-se petition for arrest in judgment and for new trial was denied as untimely and improperly filed, on Jan. 24, 1990, by judge Shad Connelly.

8. On February 9, 1990, Petition under Post Conviction Hearing Act was filed by defendant pro-se.

9.  Defendant was assigned court appointed counsel and was ordered to amend or supplement the Petition under Post-Conviction Hearing Act on Feb. 28, 1990, by Judge Shad Connelly.

10. On May 29, 1990, court appointed counsel for the defendant filed a "no merit letter" on the court and was granted leave to withdraw as counsel by Judge Shad Connelly

11. On May 30, 1990, the defendant's pro-se petition under the Post Conviction Hearing Act was denied by Judge Shad Connelly.

12. On June 19, 1990, defendant's pro-se filed notice of appeal the court ordered the appellant to file a Concise Statement of Matters Complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 14 days, by Judge Shad Connelly.

13. On June 13, 1990, defendant filed Motion to Proceed Pro-se, Motion for Enlargement of Time to file objections to Defense Counsel's "no merit letter", Motion for Enlargement of Time in which to file Concise Statement, Motion for Transcribed notes of Testimony and court records was filed.

-29-

14. On July 30, 1990, defendant filed Notice of Appeal # 1030 P.G.H. 90, pro se.

15. On August 6, 1990, defendant's Motion to Proceed pro-se is granted, Motion for Enlargement of Time to file objections to "No merit letter" is denied, Motion for Enlargement of Time to file Concise Statement is denied, and Motion for Transcribed notes of Testimony and Court Records is denied having failed to specifically set forth how any of the requested transcriptions will be relevant to any specific issues that he has raised on appeal, by judge Shad Connelly.

16. On August 14, 1990, defendant's pro-se application to Proceed In Forma Pauperis on appeal is granted, and a Memorandum Opinion is filed by judge Shad Connelly.

17. On Aug. 30, 1990, Motion for Order to Compel Lower Court to transmit record to defendant is filed

18. On September 4, 1990, all papers were returned from Superior Court showing the following order "Upon consideration of the Motion to Compel, the record is remanded to the trial court for a period of 30 days for the trial court to act on the Motion for Transcribing Notes of Testimony filed by the Appellant on June 13, 1990. The court notes that the docket entries note such a motion, but that motion was not contained in the record sent to this court. A new briefing schedule will be issued upon the return of the record to this court. Jurisdiction is retained. Date August 30, 1990 Per Curiam" by Eleanor R. Valecko, Deputy Prothonotary.

19. All papers were mailed to Superior Court on Sept. 5, 1990.

20. On Sept 24, 1990, Judge Shad Connelly issued the following order - " And Now - to -wit, this 24TH day of September, 1990, upon consideration of defendant's pro-se Motion for Transcribed Notes of Testimony and Court Records filed June 13, 1990, it is hereby ordered that paragraph 2, sub-section (a) and (b) are granted: Sub-section (c), (d), and (e) are denied.

- 31 -

21. October 12, 1990, Opinion and Judgment Order of Superior Court filed showing the following order of the court = "Upon Consideration of the Motion to Compel, the record is remanded to the trial court to provide copies of the record to the appellant for purposes of prosecuting his pro-se appeal. See Com v Ballem 334 Pa. Super. 255, 482 A zd 1322 (1984). A new briefing schedule will be issued upon the return of the record to this court. Jurisdiction is retained." by Eleanor R Valecko Deputy prothonotary

22. October 16, 1990, copies of record were sent to defendant

23. On November 17, 1990, Brief for the appellant was filed by the defendant.

24. On May 7, 1991, the Superior Court filed showing the following order - And Now, this 19TH day of March 1991, it is ordered as follows: Order Affirmed. by Eleanor R Valecko Deputy Prothonotary.

25.   On August 31, 1993, Motion for Post Conviction Collateral Relief was filed by Chris Eyster counsel for appellant.

26.   On Sept 30, 1993 Commonwealth's Answer to Defendant's Post Conviction Relief Act Petition was filed by Kenneth Zak Asst. D.A.

27.   On Feb. 10, 1994, Opinion and Order: And Now, To-wit, this 10TH day of February, 1994, it is hereby Ordered that defendant's second Post Conviction Relief Act Petition is denied without hearing. by Judge Shad Connelly.

28.   On March 11, 1994, Notice of Appeal was filed by Chris Eyster counsel for appellant.

29.   March 14, 1994, Appeal sent back as untimely filed.

30.   On March 22, 1994, Superior Court Pittsburgh docketed Notice of Appeal 437 PGH 94.

31.   On November 30, 1994 Superior Court affirmed by Eleanor R. Valecko Deputy Prothonotary.