(TT, D-1, pg 39 lines 14-17, state police Richard Myers):

" As I reached in to get the .22 out of his vehicle, I noticed the 9 MM semi-automatic setting on the passenger's seat, kind of in the crease where the back-- "

(TT, D-1, pg 40, lines 6-8, state police Richard Myers):

" When I went for the the 9 MM, I could see that it did have a clip in it, I checked the vehicle, the gun and it was loaded also. "

(TT, D-1, pg 46, lines 22-25, pg 47, lines 1-7, state police Richard Myers, being questioned by D.A. Ken Zak):

Q:    " Now, while you were recovering these firearms from the vehicle in question, did Mr. Luschen make any statements to you? "

A:    " During this period of time, we-- of course, there was a discussion going on about the guns, about the legality of them guns, about any permits for them guns. Mr. -- plus

- 134 -

attempting to obtain identification from Mr Leuschen as to who he was, what he was doing out there at that time."

Q: "Okay. And what did he say he was doing out there at that time?"

A: "Of course, during this period of time of giving these guns and getting them unloaded, he mentioned that he was target shooting."

(TT, D-2, pg 15, lines 2-6, judge Falcone questions Asst. D.A. Ken Zak in chambers):

The court: "Do you have any problem giving him the licenses for this purpose?"

Mr Zak: "Your Honor, if the only reason why he wants to put the defendant on the stand is to authenticate the license, I would stipulate--"

(TT, D-1, pg 48, lines 17-19, state police Richard Myers):

"After he produced the two provisional permits for the two Rugers, that's when he produced the provisional permit for the Dan Wesson .357"

(TT, D-1, pg 60, line 9-10, state police Richard Myers):

   "No, he became upset when I questioned his legality of having them guns loaded in the car."

(TT, D-1, pg 77, lines 7-9, state police William Marino):

   "Basically, he did not appear to understand that he was not permitted to have possession of loaded firearms in his vehicle."

   There was no probable cause to arrest the petitioner or warrants issued for the search, seizure, or arrest, it was done without authority or jurisdiction. Petitioner was arrested on location, (TT, D-1, pg 48, 49, line 25-1, state police Richard Myers):

   "During that sequence of events, I took Mr. Leuschen and placed him in the rear of the patrol vehicle."

petitioner and his vehicle was searched, property was seized, and he was then ordered to follow to the police station, (TT, D-1, pg 49, line 13-15, state police Richard Myers):

   "He became offensive with that, so I told him in order to get this straightened out, he would have to follow me to the State Police Station."

( TT, D-1, pg 65, lines 7-13, state police Richard Myers
questioned by Defense counsel J. D'Alba ):

Q:      " So at that point in your mind, there was
no violation of the law, correct ? "

A:      " Oh, there was definitely a violation of the law. "

Q:      " But you weren't going to fulfill your duty,
you were just going to let it go? "

A:      " If he would have drove off, I would have
followed him and stopped him when I
had some help. "

( TT, D-1, pg 65, lines 19-22, state police Richard Myers ):

Q:      " Was your understanding that he had to follow
you to the police station or not ? "

A:      " If he hadn't followed me, I would have
radioed for another car and followed him
until I got some help to stop him. "

Petitioner asserts he was questioned and his person and property seized without warrants or probable cause. He was questioned after he was arrested, when he lost his freedom to leave, and was not given a Miranda warning until after his questioning. Petitioner was told to sign the paper before he could make his phone call just immediately before he was transported to the district justice's office at aproximately 6:00 o'clock PM, he was arrest at apeximately 3:40 PM.

The state police did not have probable cause or warrants to search and seize property, and arrest petitioner and violated his 4TH, 5TH, and 14TH Amendments rights. The evidence and information obtained was fruit of the poisonous tree.

Reasonable and competent defense counsel would have moved for suppression of evidence and for Dismissal under the exclusionary rule and petitioner would have been acquitted. No jury would have convicted had an accurate presentation of law and facts been presented.

I     State Criminal Process obtained an unreliable and unjustifiable finding of Guilt and appeal denial.

The state's due process in petitioner's pre-trial, trial, and post-trial proceedings were so lacking in full, fair, and meaningful adjudication they violate fundamental "bedrock" principles in Due Process under the 4TH, 5TH, 6TH, and 14TH Amendments to the United States Constitution. Petitioner is actually Innocent, but was found guilty in a miscarriage of justice.

The Commonwealth and its political subdivisions did not have authority or jurisdiction to question petitioner's exercise and enjoyment of a civil right. A right which is by specific mandates beyond the states authority and jurisdiction forever, and is an inherent and indefeasible right.

The state police did not have probable cause to detain petitioner where he was target shooting, nor did they have probable cause to search or seize property, or arrest petitioner, and such acts were violations of petitioner's 4TH Amendment rights. Seizure and

and arrest were undertaken without warrants, probable cause, or violation of the criminal statutes to support this unlawful seizure of property and loss of liberty in arrest.

Petitioner was denied effective assistance of counsel, a 6TH Amendment violation akin to a Gideon V Wainwright violation in "constructive absence of counsel" in pre-trial, trial, and post-trial representation. Counsel was so substandard and lacking in professional skill and demeanor that at each critical stage of the due process before, during, and after trial petitioner should have been acquitted, dismissed of the charge, found not guilty with prejudice, and vindicated in Direct Appeal and Post Conviction Appeal.

Petitioner was actually innocent of the charged offense. Had petitioner been provided competent counsel he would have been acquitted as there was no violation of written statute text. Improper and irrelevant facts and evidence was used to gain a conviction, whereas loaded guns in the vehicle was not a violation of the criminal statutes. Absence or

- 140 -

presence of a Sportsman's Carry Permit for his firearms was not a violation of statute or required by law to target shoot pursuant to 18 Pa.C.S., Section 6106 (c), (Exhibit 1). The imposition of duties, burdens, obligations, or prohibitions not in statute language or text violates "fair warning" due process under the 14TH amendment and article I, Section 9 of the Pennsylvania Constitution.

Petitioner was subjected to prosecutorial misconduct and are acts which give rise to selective and vindictive prosecution claim. The prosecutor as one schooled in the arts and science knew, had to have known: there was no probable cause, jurisdiction, authority, loaded guns was not a violation, lack of Sportsman's Carry Permit was not a violation for target shooting, the charging statute was void, repealed without a savings clause, new amended law in effect at the time of trial availed petitioner of (3) three viable defense exceptions, he was barred from raising the rifle, game code citation, he could not abridge civil rights in lawful activity, he could not slander or prejudice the jury with

unsavory characterizations, there was no
distinction between game code summary
violation and criminal code misdemeanor
violation, statutes used had to comport to
proper Constitutional and Statutory Construction,
interpretation and application.

The prosecutor conducted a Constitutional
and Statutorily repugnant prosecution that
had no semblance to duty, fealty, and due
process, and violated willfully, malisciously
and knowingly federal felony criminal
violations under: 18 U.S.C., Section 241
Conspiracy to deprive of civil rights and Section 242
Deprivation of civil rights.

There is no way the jury had any clear
interpretation of the law what ever it was or what
a Concealed Weapons License, Sportsman's
Carry Permit, Provisional Permit, License to Carry,
Hunting License or Fishing License was and
what was permitted with each. There was
no jury instruction to state Sportsman's Carry
Permit was not required for firearms in
target shooting activities, or that one could
carry firearms with licenses other than a

Concealed Weapons License. The jury was misled to believe irrelevant facts were proof of a violation, and prejudiced with a rifle and game code violation the judge specifically prohibited in his chambers before the beginning of trial.

Testimony by the state police contained blatant conflicts in statements of fact and law, which petitioner could have proven if his pre-trial counsel had not destroyed preliminary hearing testimony given by the state police and tape recorded. Regardless petitioner has submitted an affidavit from Duane Leuschen that an orange hat, Redfield targets, fishing and camping gear was in his car which was taken into custody for safe keeping.

The state police testified the car was being operated, and also that it was parked; that trooper Myers took the guns, and that defendant gave him the guns; that there were no targets, that he didn't look or see any targets; that petitioner had 2 Sportsman's Carry Permits, that he produced three Sportsman's Carry Permits; that officer Myers couldn't call for help, that he placed petitioner in the back of the patrol car, officer Myers didn't see

a fishing license, although one was in evidence at trial obtained from the prosecution who obviously got it from the search and seizure by officers Myers and Marino.

The petitioner was engaged in these activities for theraputic reasons due to a work related injury which the Commonwealth of Pennsylvania's Bureau of Worker's Compensation adjudicated as total disability. Petitioner was prescribed rehabilitative exercise of walking on flat level surfaces to rehabilitate a derranged right knee. Target shooting allowed petitioner repitition of short distance walks to and from targets and could be maintained in increasing frequency and distance with rest intervals. As a totally disabled licensed hunter, petitioner was legally allowed to use his vehicle as a shooting platform and denying him this handicapped hunter right of placing loaded guns on the seat of his parked vehicle while target shooting violated federal law in handicap discrimination.

When all circumstances of the alleged, violation, facts, law, due process, prosecution

defense before, during, and after trial, testimony applicable valid law, interpretation, and prohibited acts by the Commonwealth and its political subdivisions), one cannot deny the complete lack of due process, the abuse of power, and the ongoing selective and vindictive prosecution and punishment of petitioner who is actually innocent of the alleged criminal violation, "Firearms not to be carried without a license".

## In Conclusion

The petitioner is innocent of the charge. He was discriminated against by the Pennsylvania State Police in an abuse of power, denying him the exercise and enjoyment of a civil right, to bear arms, in the lawful activity of target shooting. There was no "lack of license", (or permit) as the alleged charge implies. Testimony from the prosecution's witnesses and court records clearly show petitioner had and produced upon demand, hunting and fishing licenses, and Sportsman's Carry Permits. In fact the statute does not require license or permit to target shoot and does not prohibit loaded firearms in his vehicle while out target shooting. The prosecutor or state police cannot impose such arbitrary conditions, not in statutory text, without "fair warning." The Pennsylvania State Police had no authority for search, seizure, or arrest, without probable cause or warrants issued. The Commonwealth and its political subdivisions were Constitutionally prohibited from questioning petitioner's target shooting activity, they had no authority or jurisdiction in a prohibited act, and there was no subject matter jurisdiction.

The Pennsylvania State Police unlawfully searched, seized petitioner's firearms and vehicle and arrested and incarcerated petitioner without probable cause or warrants. All evidence seized and information obtained was obtained in violation of petitioners 4TH, 5TH, 6TH, and 14TH Amendment rights and was inadmissable under the Exclusionary Rule as fruit of the poisonous tree.

Petitioner was prosecuted and convicted on an improper charge, with irrelevant or inadmissable evidence, without proof beyond reasonable doubt on necessary elements of the charge, upon false premise of law, on a void statute without a savings clause or authority of law, in a prohibited Commonwealth action contrary to Constitutional mandates, with prosecutorial misconduct and "constructive absence of defense counsel, prosecutor, and judge in their proffesional duties and capacities. Because petitioner was denied his 6TH and 14TH Amendment right to effective assistance of counsel an improper charge was filed, after, an illegal search and seizure, his prosecution and conviction was obtained due to a complete breakdown of fundamental

"bedrock" principles of due process that resulted in an unreliable finding of guilt in a miscarriage of justice.

The plethora of abuses and professional indescretions is aided by denial of petitioner's direct appeal and Preliminary Hearing Records destruction, proving perjury by the state police. Petitioner was denied a Petition for Writ of Habeas Corpus between conviction and sentence unconstitutionally, because the P.C.R.A. remedy which supplanted it, was not currently available.

When petitioner finally succeeds in filing an acceptable P.C.R.A. the court appoints ineffective counsel who engenders the courts and petitioners' trust and files a false "no merit letter".

Petitioner continues to suffer a tortured history of state appeals the last of which was filed Sept 25, 2002, pursuant to 42 B.C.S., Section 9545 upon discovery of new evidence and double jeopardy within 60 days of discovery. Again petitioner is denied full, fair and meaningful review on the issues of merit and exhausts his state appeal Mar 28, 2005, Petitioner is now before the federal district court seeking review De Novo without governmental empediment.

-148-

## Relief Sought

Petitioner seeks the honorable federal district courts summary reversal of conviction in case #696 of 1989, in Erie County Criminal Court based on established facts on the record which are irrefutable.

Petitioner Presents :

1. Petitioner is actually innocent of the charge, "Firearms not to be carried without a license".

    a.) Licenses and Permits were produced and the conviction was obtained in violation of the 14ᵀᴴ Amendment. There was no proof beyond a reasonable doubt that petitioner "lacked license", a necessary element of the charge.

    b.) The prosecution cannot establish that a license or permit is required under the charging statute and such imposed requirement violates "fair warning" under state and federal constitutions Article I, Section 9, and the 14ᵀᴴ Amendment.

c.) Under the charging statute (Exhibit  ), loaded firearms in petitioner's vehicle while engaged in the activity of target shooting was not a violation. The imposition of such arbitrary conditions not found in statutory text violates 1, Pa., C.S., Section 1928 (Exhibit #  ) and the Constitutions of the state  Article I, Section 9, and the United States 14th Amendment.

2. Petitioner's 4th Amendment right to be secure from unlawful search and seizure in his home, possessions, property, and person was violated without probable cause or warrants.

3. Petitioner was constitutionally protected in the exercise and enjoyment of a civil right and the Commonwealth was specifically prohibited from questioning, denying abridging or class restricting this civil right under Article I, Section 21, 25 and 26; Article V, Section 10 (c), and 17; and the 14th Amendment.

4. The charging statute was used to convict was void, without force of law or savings clause and the amended statute in effect on July 13, and 14, 1989 was not used which availed petitioner of further exceptions.

5. The jury was significantly influenced by prosecutorial misconduct and produced an unreliable finding of guilt which is not supported by facts and law and cannot be sustained on appeal in meaningful review. The prosecutor with held exculpatory evidence which tended to prove petitioner's innocence in no violation of law, improper charge, void statute used to convict, amended law in effect with additional defense exceptions, imposed arbitrary prohibitions and conditions of law not in statutory text, use of unconstitutional and statutorily repugnant construction, interpretation, and application of law, and used evidence and testimony ruled inadmissable before trial.

The jury had no clear or valid understanding of the applicable law, facts, or relevant evidence to make a reliable finding.

6. Petitioner was denied effective assistance of counsel in violation of his 6th and 14th Amendment rights during critical stages of the criminal process in pre-trial, trial, and post-trial due process. Counsel was "constructively absent" as was the prosecutor and judge in professional capacity and duties.

-151-

No jury would have rendered a finding of guilt based on knowledge of these issues seperately or collectively.

Petitioner has suffered a serious miscarriage of justice in conviction, sentence, incarceration, continued loss of civil rights and federal charge, conviction, sentence, and current incarceration premised solely on this state conviction as the predicate element in convicted felon in possession of firearms 18 U.S.C., Section 922(g).

In the alternative petitioner seeks discovery and an evidentiary hearing to develop and establish his allegations of fact and evidence of his innocence and the Commonwealth's abuse in prosecution.

Douglas B. Leuschen  #07475068
F.C.I. M°Kean
P.O. Box 8000
Bradford, Pa. 16701

11- -05

- 152-

*Affidavit*

I, Douglas B. Leuschen, petitioner, pro-se do hereby certify that the Supplemental Pleading and Motion For Summary Judgment is true and accurate to the best of my knowledge information and belief and so state in accordance of law, 28 U.S.C., Section 1746

Douglas B. Leuschen 07475068
F.C.I. McKean
P.O. Box. 8000
Bradford, Pa. 16701
11-   -05

## Certificate of Service

I, Douglas B. Leuschen do hereby certify that a true copy of Supplemental Pleading and Motion For Summary Judgment has been sent this day of        2005.

Douglas B. Leuschen #07475068
F.C.I. McKean
P.O. Box 8000
Bradford, Pa. 16701

11-   -05

1.) Erie County District Atty.
Bradley Faulk
140 w 6TH St.
Erie, Pa. 16501

2.) Pa. Governor Edward Rendell
225 Main Capitol
Harrisburg, Pa. 17120

3.) Pa. Atty General Gerald Pappert
16TH Floor Strawberry Square
Harrisburg, Pa.; 17120

4.) Warden James Sherman
F.C.I. McKean
P.O. Box 8000
Bradford, Pa. 16701

5.) Clerk Fed. D. Court W.D.Pa.
227 U.S. Courthouse
P.O. Box 1820
Erie, Pa. 16507

-154-