## 18 Pa.C.S.A. § 6105

### Note 8

sion of firearm by former convict, it need not place evidence of prior conviction before jury by means of stipulation. Com. v. Payne, 463 A.2d 451, 316 Pa.Super. 453, Super.1983.

Where additional evidence used to prove defendant's former conviction of crime of violence, in conjunction with his charge of possession of firearm by former convict, was necessitated by fact that defendant had been previously convicted under different name, and Commonwealth went into no details of prior crime other than that defendant had been found in storage bin at time of arrest, evidence of prior conviction was properly introduced and was neither inflammatory nor prejudicial, especially where trial court took adequate precautions against any possible prejudice by twice giving instructions limiting jury's use of evidence of prior conviction only to firearms charge against defendant. Com. v. Payne, 463 A.2d 451, 316 Pa.Super. 453, Super.1983.

Defendant's criminal record was necessary element of charged offense of former convict not to own firearm, and thus Commonwealth was not only entitled but required to prove defendant's prior convictions, so that evidence of such convictions was admissible despite fact that it may have prejudiced defendant's insanity defense. Com. v. Neely, 444 A.2d 1199, 298 Pa.Super. 328, Super.1982.

Although to establish the "violence" element of offense of possession of firearm by one previously convicted of a crime of violence the prosecution was only required to show that defendant had been convicted of murder generally, showing that the prior offense was murder in the first degree was not prejudicial, especially since jury was not informed as to the facts of the prior crime and was given limiting instruction on use of such evidence. Com. v. Stanley, 401 A.2d 1166, 265 Pa.Super. 194, Super.1979, affirmed 446 A.2d 583, 498 Pa. 326.

Evidence of defendant's more proximity to revolver found in apartment of another was insufficient to prove possession element of firearms charges; however, testimony that two days before the arrest a witness saw a similar gun drop to the floor from inside defendant's trousers, was sufficient to support finding against defendant on the possession issue. Com. v. Stanley, 401 A.2d 1166, 265 Pa.Super.

364

## MISCELLANEOUS OFFENSES

194, Super.1979, affirmed 446 A.2d 583, 498 Pa. 326.

Defendant's past conviction of robbery was a necessary element of crime charged of a former convict owning a weapon and, as such, the past conviction was admissible. Com. v. Lowry, 394 A.2d 1015, 260 Pa.Super. 454, Super.1978.

In absence of any evidence even remotely relevant to the element of the barrel length of weapon used in shooting, conviction for violation of § 6106 of this title and this section prohibiting ex-convicts from possessing firearms and carrying unlicensed firearms could not stand. Com. v. Todd, 384 A.2d 1215, 477 Pa. 529, Sup.1978.

Direct proof of operability of weapon is not necessary for a conviction of violating the Uniform Firearms Act. Com. v. Yaple, 357 A.2d 617, 238 Pa.Super. 336, Super.1976.

Inference of operability of firearm was reasonably based on testimony of victim so that the failure to introduce firearm into evidence did not require reversal of conviction of violating Uniform Firearms Act. Com. v. Yaple, 357 A.2d 617, 238 Pa.Super. 336, Super.1976.

In a prosecution of a former convict for owning a firearm, the commonwealth could, under 42 Pa.C.S. § 6103, introduce into evidence—to show the lack of an official record—letters under seal from the city custodian of gun permits and the chief of police stating, respectively, that defendant did not possess a city-issued permit and that the custodian was employed by the police. Com. v. Hartman, 15 Pa. D. & C.3d 627 (1980).

Where the commonwealth's evidence disclosed that defendant, who had previously been convicted of a crime of violence, was observed riding in the left rear seat of an automobile which contained two loaded rifles and two loaded pistols on the right rear floorboard, it was held that there was sufficient evidence for the jury to find defendant guilty of unlawful possession or control of firearms under 18 P.S. § 4628 (repealed). Com. v. Wade, 94 Dauph. 191 (1970).

### 9. New trial

Fact that murder conviction was subsequently reversed did not require new trial

on charge of violating this section prohibiting one convicted of a crime of violence from possessing firearms as at time defendant was charged with possessing a firearm he had been convicted of murder and thus was an individual convicted of a crime of violence. Com. v. Stanley, 446 A.2d 583, 498 Pa. 326, Sup.1982.

### 10. Review

Commonwealth had right to appeal order suppressing a handgun where such order resulted in termination of prosecution against defendant for violating this section and § 6106 of this title. Com. v. Wheatley, 402 A.2d 1047, 266 Pa.Super. 1, Super.1979.

## FIREARMS, DANGEROUS ARTICLES 18 Pa.C.S.A. § 6106

### § 6106. Firearms not to be carried without a license

(a) Offense defined.—

(1) Except as provided in paragraph (2), any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license commits a felony of the third degree.

(2) A person who is otherwise eligible to possess a valid license under this chapter but carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license and has not committed any other criminal violation commits a misdemeanor of the first degree.

(b) Exceptions.—The provisions of subsection (a) shall not apply to:

(1) Constables, sheriffs, prison or jail wardens, or their deputies, policemen of this Commonwealth or its political subdivisions, or other law-enforcement officers.

(2) Members of the army, navy or marine corps of the United States or of the National Guard or organized reserves when on duty.

(3) The regularly enrolled members of any organization duly organized to purchase or receive such weapons from the United States or from this Commonwealth.

⊗ (4) Any persons engaged in target shooting with rifle, pistol, or revolver, if such persons are at or are going to or from their places of assembly or target practice and if, while going to or from their places of assembly or target practice, the cartridges or shells are carried in a separate container and the rifle, pistol or revolver is unloaded.

(5) Officers or employees of the United States duly authorized to carry a concealed firearm.

(6) Agents, messengers and other employees of common carriers, banks, or business firms, whose duties require them to protect

Exhibit #3(A)

Exhibit 3(A)

## 18 Pa.C.S.A. § 6106   MISCELLANEOUS OFFENSES

moneys, valuables and other property in the discharge of such duties.

(7) Any person engaged in the business of manufacturing, repairing, or dealing in firearms, or the agent or representative of any such person, having in his possession, using or carrying a firearm in the usual or ordinary course of such business.

(8) Any person while carrying a firearm unloaded and in a secure wrapper from the place of purchase to his home or place of business, or to a place of repair or back to his home or place of business, or in moving from one place of abode or business to another or from his home to a vacation or recreational home or dwelling or back, or to recover stolen property under section 6111.1(b)(4) (relating to Pennsylvania State Police) or to a location to which the person has been directed to surrender firearms under 23 Pa.C.S. § 6108 (relating to relief) or back upon return of the surrendered firearm.

(9) Persons licensed to hunt, take furbearers or fish in this Commonwealth, if such persons are actually hunting, taking furbearers or fishing or are going to the places where they desire to hunt, take furbearers or fish or returning from such places.

(10) Persons training dogs, if such persons are actually training dogs during the regular training season.

(11) Any person while carrying a firearm in any vehicle, which person possesses a valid and lawfully issued license for that firearm which has been issued under the laws of the United States or any other state.

(12) A person who has a lawfully issued license to carry a firearm pursuant to section 6109 (relating to licenses) and that said license expired within six months prior to the date of arrest and that the individual is otherwise eligible for renewal of the license.

(c) **Sportsman's firearm permit.—**

(1) Before any exception shall be granted under paragraph (b)(9) or (10) of this section to any person 18 years of age or older licensed to hunt, trap or fish or who has been issued a permit relating to hunting dogs, such person shall, at the time of securing his hunting, furtaking or fishing license or any time after such license has been issued, secure a sportsman's firearm permit from the county treasurer. The sportsman's firearm permit shall be issued immediately and be valid throughout this Commonwealth for a period of five years from the date of issue for any legal firearm, when carried in conjunction with a valid hunting, furtaking or fishing license or permit relating to hunting dogs. The sportsman's firearm permit shall be in triplicate on a form to be

366

## FIREARMS, DANGEROUS ARTICLES   18 Pa.C.S.A. § 6106

furnished by the Pennsylvania State Police. The original permit shall be delivered to the person, and the first copy thereof, within seven days, shall be forwarded to the Commissioner of the Pennsylvania State Police by the county treasurer. The second copy shall be retained by the county treasurer for a period of two years from the date of expiration. The county treasurer shall be entitled to collect a fee of not more than $6 for each such permit issued, which shall include the cost of any official form. The Pennsylvania State Police may recover from the county treasurer the cost of any such form, but may not charge more than $1 for each official permit form furnished to the county treasurer.

(2) Any person who sells or attempts to sell a sportsman's firearm permit for a fee in excess of that amount fixed under this subsection commits a summary offense.

(d) **Revocation of registration.—**Any registration of a firearm under subsection (c) of this section may be revoked by the county treasurer who issued it, upon written notice to the holder thereof.

1 "a" omitted in enrolled bill.

### Historical and Statutory Notes

The 1995 amendment rewrote subsec. (a); in subd. (b)(8), inserted "or from his home to a vacation or recreational home or dwelling or back, or to recover stolen property under section 6111.1(b)(4) (relating to Pennsylvania State Police or to a location to which the person has been directed to surrender firearms under 23 Pa.C.S. § 6108 (relating to relief) or back upon return of the surrendered firearm"; and added subd. (b)(11).

The 1997 amendment, in subsec. (a), designated the former text as par. (1), inserted "Except as provided in paragraph (2)," and added par. (2); and, in subsec. (b), added par. (12).

**Prior Laws:**

1968, July 31, P.L. 802, § 1.

1968, July 30, P.L. 690, § 1.
1963, Aug. 13, P.L. 660, No. 346, § 1.
1961, Aug. 4, P.L. 921, § 1.
1953, July 27, P.L. 627, § 1.
1951, Aug. 17, P.L. 1241, § 1 (18 P.S. § 4625).
1943, May 21, P.L. 485, § 1.
1943, May 21, P.L. 306, § 1.
1939, June 24, P.L. 872, §§ 623, 624, 625, 628 (18 P.S. §§ 4623, 4624, 4625 and 4628).
1931, June 11, P.L. 497, §§ 1 to 21.
1917, July 11, P.L. 817, §§ 1, 2 (18 P.S. § 4623).
1913, June 6, P.L. 454, §§ 1, 2 (18 P.S. § 4624).
1903, April 15, P.L. 198, §§ 1, 2 (18 P.S. § 4625).

### Pennsylvania Code References

Procedures and specifications for firearm record forms, see 37 Pa.Code § 33.1 et seq.

367

Exhibit #3(B)