# PENNSYLVANIA CONSOLIDATED STATUTES



## TITLE 1

### GENERAL PROVISIONS

### 1975 EDITION

Containing all provisions enacted through the
1975 Legislative Session

Prepared and published under authority of Title 1,
Pa. Consolidated Statutes, Section 501, by the
Commonwealth of Pennsylvania
Legislative Reference Bureau
Harrisburg, Pennsylvania

**§ 1904. Numerals.**

The Roman numerals and the Arabic numerals shall be deemed parts of the English language.

**§ 1905. Joint authority; quorum.**

(a) **Joint authority.**—Words in a statute conferring a joint authority upon three or more public officers or other persons shall be construed to confer authority upon a majority of such officers or persons.

(b) **Quorum.**—A majority of any board or commission shall constitute a quorum.

**§ 1906. Bonds.**

A statute requiring a bond or undertaking with sureties to be given by any person, shall be construed to permit in lieu thereof a bond of indemnity or surety bond for the amount of such bond or undertaking, given by any indemnity or surety company authorized to do business in this Commonwealth, and approved by the proper authority.

**§ 1907. Uniform standard time.**

Every mention of, or reference to any hour or time in any statute, shall be construed with reference to and in accordance with the mean solar time of the 75th meridian of longitude west of Greenwich, commonly called eastern standard time, unless a different standard is therein expressly provided for, or unless the standard time shall be advanced for any portion of the year, by any act of Congress.

**§ 1908. Computation of time.**

When any period of time is referred to in any statute, such period in all cases, except as otherwise provided in section 1909 of this title (relating to publication for successive weeks) and section 1910 of this title (relating to computation of months) shall be so computed as to exclude the first and include the last day of such period. Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.

**§ 1909. Time; publication for successive weeks.**

Whenever in any statute providing for the publishing of notices, the phrase "successive weeks" is used, weeks shall be construed as calendar weeks. The publication upon any day of such weeks shall be sufficient publication for that week, but at least five days shall elapse between each publication. At least the number of weeks specified in "successive weeks" shall elapse between the first publication and the day for the happening of the event for which publication shall be made.

**Cross References.** Section 1909 is referred to in section 1908 of this title.

**§ 1910. Time; computation of months.**

Whenever in any statute the lapse of a number of months after or before a certain day is required, such number of months shall be computed by

counting the months from such day, excluding the calendar month in which such day occurs, and shall include the day of the month in the last month so counted having the same numerical order as the day of the month from which the computation is made, unless there be not so many days in the last month so counted, in which case the period computed shall expire with the last day of such month.

**Cross References.** Section 1910 is referred to in section 1908 of this title.

## SUBCHAPTER B
## CONSTRUCTION OF STATUTES

Sec.
1921. Legislative intent controls.
1922. Presumptions in ascertaining legislative intent.
1923. Grammar and punctuation of statutes.
1924. Construction of titles, preambles, provisos, exceptions and headings.
1925. Constitutional construction of statutes.
1926. Presumption against retroactive effect.
1927. Construction of uniform laws.
1928. Rule of strict and liberal construction.
1929. Penalties no bar to civil remedies.
1930. Penalties for each offense.
1931. Intent to defraud.
1932. Statutes in pari materia.
1933. Particular controls general.
1934. Irreconcilable clauses in the same statute.
1935. Irreconcilable statutes passed by same General Assembly.
1936. Irreconcilable statutes passed by different General Assemblies.
1937. References to statutes and regulations.
1938. References to public bodies and public officers.
1939. Use of comments and reports.

**§ 1921. Legislative intent controls.**

(a) **Object and scope of construction of statutes.**—The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions.

(b) **Unambiguous words control construction.**—When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

(c) **Matters considered in ascertaining intent.**—When the words of a statute are not explicit, the intention of the General Assembly may be ascertained by considering, among other matters:

(1) The occasion and necessity for the statute.
(2) The circumstances under which it was enacted.
(3) The mischief to be remedied.
(4) The object to be attained.

(5) The former law, if any, including other statutes upon the same or similar subjects.
(6) The consequences of a particular interpretation.
(7) The contemporaneous legislative history.
(8) Legislative and administrative interpretations of such statute.

**§ 1922. Presumptions in ascertaining legislative intent.**

In ascertaining the intention of the General Assembly in the enactment of a statute the following presumptions, among others, may be used:

(1) That the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable.
(2) That the General Assembly intends the entire statute to be effective and certain.
(3) That the General Assembly does not intend to violate the Constitution of the United States or of this Commonwealth.
(4) That when a court of last resort has construed the language used in a statute, the General Assembly in subsequent statutes on the same subject matter intends the same construction to be placed upon such language.
(5) That the General Assembly intends to favor the public interest as against any private interest.

**§ 1923. Grammar and punctuation of statutes.**

(a) **Grammatical errors and transposition of words.**—Grammatical errors shall not vitiate a statute. A transposition of words and clauses may be resorted to where a sentence is without meaning as it stands.
(b) **Use of punctuation in construction.**—In no case shall the punctuation of a statute control or affect the intention of the General Assembly in the enactment thereof but punctuation may be used to aid in the construction thereof if the statute was finally enacted after December 31, 1964.
(c) **Adding words for proper construction.**—Words and phrases which may be necessary to the proper interpretation of a statute and which do not conflict with its obvious purpose and intent, nor in any way affect its scope and operation, may be added in the construction thereof.

(Dec. 10, 1974, P.L.816, No.271, eff. imd.)

**1974 Amendment.** Act 271 amended subsec. (b).

**§ 1924. Construction of titles, preambles, provisos, exceptions and headings.**

The title and preamble of a statute may be considered in the construction thereof. Provisos shall be construed to limit rather than to extend the operation of the clauses to which they refer. Exceptions expressed in a statute shall be construed to exclude all others. The headings prefixed to titles, parts, articles, chapters, sections and other divisions of a statute shall not be considered to control but may be used to aid in the construction thereof.

**§ 1925. Constitutional construction of statutes.**

The provisions of every statute shall be severable. If any provision of any

19:4

statute or the application thereof to any person or circumstance is held invalid, the remainder of the statute, and the application of such provision to other persons or circumstances, shall not be affected thereby, unless the court finds that the valid provisions of the statute are so essentially and inseparably connected with, and so depend upon, the void provision or application, that it cannot be presumed the General Assembly would have enacted the remaining valid provisions without the void one; or unless the court finds that the remaining valid provisions, standing alone, are incomplete and are incapable of being executed in accordance with the legislative intent.

**§ 1926. Presumption against retroactive effect.**

No statute shall be construed to be retroactive unless clearly and manifestly so intended by the General Assembly.

**§ 1927. Construction of uniform laws.**

Statutes uniform with those of other states shall be interpreted and construed to effect their general purpose to make uniform the laws of those states which enact them.

**§ 1928. Rule of strict and liberal construction.**

(a) **Statutes in derogation of common law.**—The rule that statutes in derogation of the common law are to be strictly construed, shall have no application to the statutes of this Commonwealth enacted finally after September 1, 1937.
(b) **Provisions subject to strict construction.**—All provisions of a statute of the classes hereafter enumerated shall be strictly construed:
  (1) Penal provisions.
  (2) Retroactive provisions.
  (3) Provisions imposing taxes.
  (4) Provisions conferring the power of eminent domain.
  (5) Provisions exempting persons and property from taxation.
  (6) Provisions exempting property from the power of eminent domain.
  (7) Provisions decreasing the jurisdiction of a court of record.
  (8) Provisions enacted finally prior to September 1, 1937 which are in derogation of the common law.
(c) **Provisions subject to liberal construction.**—All other provisions of a statute shall be liberally construed to effect their objects and to promote justice.

**§ 1929. Penalties no bar to civil remedies.**

The provision in any statute for a penalty or forfeiture for its violation shall not be construed to deprive an injured person of the right to recover from the offender damages sustained by reason of the violation of such statute.

**§ 1930. Penalties for each offense.**

Whenever a penalty or forfeiture is provided for the violation of a

19:5

statute, such penalty or forfeiture shall be construed to be for each such violation.

**§ 1931. Intent to defraud.**

Whenever an intent to defraud is required in any statute in order to constitute an offense, the statute shall be construed to require only an intent to defraud any person or body politic.

**§ 1932. Statutes in pari materia.**

(a) Meaning.—Statutes or parts of statutes are in pari materia when they relate to the same persons or things or to the same class of persons or things.

(b) Construction.—Statutes in pari materia shall be construed together, if possible, as one statute.

**§ 1933. Particular controls general.**

Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail.

Cross References. Section 1933 is referred to in section 1934 of this title.

**§ 1934. Irreconcilable clauses in the same statute.**

Except as provided in section 1933 of this title (relating to particular controls general), whenever, in the same statute, several clauses are irreconcilable, the clause last in order of date or position shall prevail.

**§ 1935. Irreconcilable statutes passed by same General Assembly.**

Whenever the provisions of two or more statutes enacted finally during the same General Assembly are irreconcilable, the statute latest in date of final enactment, and where two or more irreconcilable statutes are enacted finally on the same date, the statute bearing the highest number, in either case irrespective of its effective date, shall prevail from the time it becomes effective except as otherwise provided in section 1952 of this title (relating to effect of separate amendments on code provisions enacted by same General Assembly) and section 1974 of this title (relating to effect of separate repeals on code provisions by same General Assembly).

Cross References. Section 1935 is referred to in section 1955 of this title.

**§ 1936. Irreconcilable statutes passed by different General Assemblies.**

Whenever the provisions of two or more statutes enacted finally by different General Assemblies are irreconcilable, the statute latest in date of final enactment shall prevail.

Cross References. Section 1936 is referred to in section 1955 of this title.

**§ 1937. References to statutes and regulations.**

(a) General rule.—A reference in a statute to a statute or to a regulation

issued by a public body or public officer includes the statute or regulation with all amendments and supplements thereto and any new statute or regulation substituted for such statute or regulation, as in force at the time of application of the provision of the statute in which such reference is made, unless the specific language or the context of the reference in the statute or regulation clearly includes only the statute or regulation as in force on the effective date of the statute in which such reference is made.

(b) Applicability of section.—The provisions of subsection (a) of this section shall apply to every statute finally enacted on or after July 1, 1971.

**§ 1938. References to public bodies and public officers.**

A reference in a statute to a governmental agency, department, board, commission or other public body or to a public officer includes an entity or officer which succeeds to substantially the same functions as those performed by such public body or officer on the effective date of the statute, unless the specific language or the context of the reference in the statute clearly includes only the public body or officer on the effective date of the statute.

**§ 1939. Use of comments and reports.**

The comments or report of the commission, committee, association or other entity which drafted a statute may be consulted in the construction or application of the original provisions of the statute if such comments or report were published or otherwise generally available prior to the consideration of the statute by the General Assembly, but the text of the statute shall control in the event of conflict between its text and such comments or report.

### SUBCHAPTER C
### AMENDATORY STATUTES

Sec.
1951. Interpretation of amendatory statutes.
1952. Effect of separate amendments on code provisions enacted by same General Assembly.
1953. Construction of amendatory statutes.
1954. Merger of subsequent amendments.
1955. Two or more amendments to same provision, one overlooking the other.
1956. Repeal of amendatory statutes and original statutes subsequently amended.
1957. Ineffective provisions not revived by reenactment in amendatory statutes.

**§ 1951. Interpretation of amendatory statutes.**

In ascertaining the correct reading, status and interpretation of an amendatory statute, the matter inserted within brackets shall be omitted, and the matter in italics or underscored shall be read and interpreted as part of the statute.