## 42 § 5309  PUBLIC HEALTH AND WELFARE  Ch. 69

(1) refer the matter to the Attorney General with a recommendation that an appropriate civil action be instituted; (2) exercise the powers and functions provided by Title VI of the Civil Rights Act of 1964 (42 U.S.C. 2000d); (3) exercise the powers and functions provided for in section 5311(a) of this title; or (4) take such other action as may be provided by law.

**(c) Civil action by Attorney General**

When a matter is referred to the Attorney General pursuant to subsection (b) of this section, or whenever he has reason to believe that a State government or unit of general local government is engaged in a pattern or practice in violation of the provisions of this section, the Attorney General may bring a civil action in any appropriate United States district court for such relief as may be appropriate, including injunctive relief.

**(d) Waiver of race discrimination prohibitions regarding assistance to Hawaiian Home Lands**

The provisions of this section and section 5304(b)(2) of this title which relate to discrimination on the basis of race shall not apply to the provision of assistance by grantees under this chapter to the Hawaiian Home Lands.

(Pub.L. 93-383, Title I, § 109, Aug. 22, 1974, 88 Stat. 649; Pub.L. 97-35, Title III, § 306, Aug. 13, 1981, 95 Stat. 392; Pub.L. 101-625, Title IX, §§ 911, 912(a), Nov. 28, 1990, 104 Stat. 4392.)

### HISTORICAL AND STATUTORY NOTES

**Revision Notes and Legislative Reports**

1974 Acts. Senate Report No. 93-693 and House Conference Report No. 93-1279, see 1974 U.S. Code Cong. and Adm. News, p. 4273.

1981 Acts. Senate Report No. 97-139 and House Conference Report No. 97-208, see 1981 U.S. Code Cong. and Adm. News, p. 396.

1990 Acts. Senate Report No. 101-316, House Conference Report No. 101-943, and Statement by President, see 1990 U.S. Code Cong. and Adm. News, p. 5763.

**References in Text**

The Age Discrimination Act of 1975, referred to in subsec. (a), is Pub.L. 94-135, Title III, Nov. 28, 1975, 89 Stat. 728, as amended, which is classified generally to chapter 76 (section 6101 et seq.) of this title. For complete classification of this Act to the Code, see Short Title of 1975 Acts note set out under section 6101 of this title and Tables.

The Civil Rights Act of 1964, referred to in subsec. (b), is Pub.L. 88-352, July 2, 1964, 78 Stat. 241, as amended, Title VI of the Civil Rights Act of 1964 is classified generally to subchapter V (section 2000d et seq.) of chapter 21 of this title. For complete classification of this Act to the Code, see Short Title of 1964 Acts note set out under section 2000a of this title and Tables.

**Amendments**

1990 Amendments. Subsec. (a). Pub.L. 101-625, § 912(a), added provision prohibiting discrimination based upon religion.

Subsec. (d). Pub.L. 101-625, § 912(a), added subsec. (d).

1981 Amendments. Subsec. (a). Pub.L. 97-35 added provisions respecting age discrimination.

616

---

## Ch. 69  COMMUNITY DEVELOPMENT  42 § 5309 Note 1

**Effective and Applicability Provisions**

1990 Acts. Section 912(b) of Pub.L. 101-625 provided that: "The amendment made by subsection (a) [amending this section] shall apply with respect to conduct relating to discrimination occurring after the date of enactment of this Act [Nov. 28, 1990]."

1981 Acts. Amendment by Pub.L. 97-35 effective Oct. 1, 1981, see section 371 of Pub.L. 97-35, set out as a note under section 3701 of Title 12, Banks and Banking.

### CROSS REFERENCES

Function of Secretary of Housing and Urban Development to report characteristics of housing program participants within provisions of this section, see 42 USCA § 3608.

### LIBRARY REFERENCES

**Administrative Law**
Nondiscrimination based on disability, housing and urban development, see 24 CFR § 8.1 et seq.

**American Digest System**
Attorney General ⚖ 7.
Civil Rights ⚖ 126.
Key Number System Topic Nos. 46, 78.

**Corpus Juris Secundum**
C.J.S. Attorney General §§ 8, 10 to 14.
C.J.S. Civil Rights §§ 46 to 50, 219 to 220.

**Encyclopedias**
40A Am. Jur. 2d Housing Laws and Urban Development §§ 17, 62.

**Forms**
Jurisdiction and venue in district courts, matters pertaining to, see West's Federal Forms § 1001 et seq.
Preliminary injunctions and temporary restraining orders, matters pertaining to, see West's Federal Forms § 5271 et seq.
10B Fed. Proc. Forms L Ed Housing and Urban Development § 39.94.

**Law Review and Journal Commentaries**
Enforcing the hidden U.S. equal rights law. Ann Fagan Ginger, 20 Golden Gate U.L.Rev. 385 (1990).
Racial discrimination in business transactions. Robert E. Suggs, 42 Hastings L.J. 1257 (1991).

**Texts and Treatises**
6 Fed. Proc. L Ed Civil Rights § 11:814.
18 Fed. Proc. L Ed Housing and Urban Development § 44:200.
19 Fed. Proc. L Ed Indians and Indian Affairs § 46:555.

### WESTLAW ELECTRONIC RESEARCH

See WESTLAW guide following the Explanation pages of this volume.

### Notes of Decisions

Private right of action 1
Weight and sufficiency of evidence 2

1. **Private right of action**
Nondiscrimination provision of Housing and Community Development Act did not create private right of action. Latinos Unidos De Chelsea En Accion (Lucha) v. Secretary of Housing and Urban Development, C.A.1 (Mass.) 1986, 799 F.2d 774, Civil Rights ⚖ 200

617

## Community Development Loan Guarantees

Section 910(a) of Pub.L. 101-625 provided that:

"(1) Purposes.—The purposes of the amendments made by this section [amending this section and section 5313 of this title] are—

"(A) to reaffirm the commitment of the Federal Government to assist local governments in their efforts in stimulating economic and community development activities needed to combat severe economic distress and to help in promoting economic development activities needed to aid in economic recovery; and

"(B) to promote revitalization and development projects undertaken by local governments that principally benefit persons of low and moderate income, the elimination of slums and blight, and to meet urgent community needs, with special priority for projects located in areas designated as enterprise zones by the Federal Government or by any State.

"(2) Objectives.—In order to further the purpose described in paragraph (1), activities undertaken pursuant to the amendments made by this section shall be directed toward meeting the objectives set forth in sections 101(c) and 104(b)(3) of the Housing and Community Development Act of 1974 (42 U.S.C. 5301(c) and 5304(b)(3)) and the additional objectives of—

"(A) encouraging local governments to establish public-private partnerships;

"(B) preserving housing affordable for persons of low and moderate income; and

"(C) creating permanent employment opportunities, primarily for persons of low and moderate income."

### Regulations

Section 910(f) of Pub.L. 101-625 provided that: "To carry out the amendments made by this section [this section and section 5313 of this title], the Secretary of Housing and Urban Development shall—

"(1) issue proposed regulations not later than 90 days after the date of the enactment of this Act [Nov. 28, 1990]; and

"(2) issue final regulations not later than 180 days after the date of the enactment of this Act [Nov. 28, 1990]."

### CROSS REFERENCES

Appropriations to make payments required under contracts made under this section, see 31 USCA § 1305.
Loans provided pursuant to this section excluded from term "below market Federal loan" for purposes of low-income housing credit, see 26 USCA § 42.

### LIBRARY REFERENCES

American Digest System
United States ⟐ 40, 79, 82(3).
Key Number System Topic No. 393.

Corpus Juris Secundum
C.J.S. United States §§ 58 to 60, 153, 159, 169.

Encyclopedias
40A Am. Jur. 2d Housing Laws and Urban Development §§ 6, 17, 62.
63C Am. Jur. 2d Public Funds § 51.

Texts and Treatises
6 Fed. Proc. L Ed Civil Rights § 11:814.
18 Fed. Proc. L Ed Housing and Urban Development §§ 44:200, 44:237.
19 Fed. Proc. L Ed Indians and Indian Affairs § 46:555.

### WESTLAW ELECTRONIC RESEARCH

See WESTLAW guide following the Explanation pages of this volume.

### Notes of Decisions

New construction   1
Persons entitled to maintain action   2

---

1. **New construction**

Section [42 U.S.C.A. § 5308(a)] of Housing and Community Development Act precluding use of community development block grant loan guarantees for new construction means only that funds cannot be lent or provided to a developer prior to or during construction; a community may use proceeds of a CDBG loan to acquire a newly constructed project. DeRosa v. U.S. Dept. of Housing and Urban Development, C.A.2 (N.Y.) 1986, 787 F.2d 840.

2. **Persons entitled to maintain action**

Individual low and moderate-income residents of city and community action agency had standing to challenge public funding for hotel project, since residents could demonstrate injury; to qualify for loan guarantee under the community development block grant program, city had to use as collateral its future federal CDBG funds, which put at risk funds otherwise intended for housing rehabilitation or other community projects that might have inured to benefit of residents. DeRosa v. U.S. Dept. of Housing and Urban Development, C.A.2 (N.Y.) 1986, 787 F.2d 840. Federal Civil Procedure ⟐ 103.2

Department of Housing and Urban Development (HUD) and Secretary of HUD were the only defendants accused of any wrongdoing in count alleging violations of Housing and Community Development Act in city's loan application to HUD and, thus, city and redevelopment and housing authority lacked standing to defend charge, notwithstanding claim that city and authority were beneficiaries of loan guarantee and, thus, were at least as interested in outcome of process. Norfolk Federation of Business Districts v. Department of Housing and Urban Development, E.D.Va.1996, 932 F.Supp. 730, affirmed 103 F.3d 119. United States ⟐ 82(7)

## § 5309. Nondiscrimination in programs and activities

### (a) Prohibited conduct

No person in the United States shall on the ground of race, color, national origin, religion, or sex be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity funded in whole or in part with funds made available under this chapter. Any prohibition against discrimination on the basis of age under the Age Discrimination Act of 1975 [42 U.S.C.A. § 6101 et seq.] or with respect to an otherwise qualified handicapped individual as provided in section 794 of Title 29 shall also apply to any such program or activity.

### (b) Compliance procedures available to Secretary

Whenever the Secretary determines that a State or unit of general local government which is a recipient of assistance under this chapter has failed to comply with subsection (a) of this section or an applicable regulation, he shall notify the Governor of such State or the chief executive officer of such unit of local government of the noncompliance and shall request the Governor or the chief executive officer to secure compliance. If within a reasonable period of time, not to exceed sixty days, the Governor or the chief executive officer fails or refuses to secure compliance, the Secretary is authorized to