In The Court of Common Pleas
Erie County, Pennsylvania

Commonwealth of Pennsylvania )
                                             )
                                             )    Emanating From Case No. 696 of 1989
             v                           )    Erie County, Pennsylvania
                                             )
Douglas Burton Leuschen          )
Defendant, Petitioner, Pro-se    )

## Amended
Petition For Writ of Error
With
Whole Record Test

    Comes now the defendant petitioner, pro-se, Douglas Leuschen before the honorable court and Petitions for a Writ of Error with Whole Record Test and so states the causes herein:

    Jurisdiction to hear this cause of action is founded upon the Pennsylvania Constitution Article I, Section 11; Article V, Section 5; and Title 42 Pa. C.S., Sections 912 and 931.

*Douglas Burton Leuschen #107035*
*Allegheny County Jail*
*950 Second Ave.*
*Pittsburgh, Pa. 15219*

Exhibit # 10 A

## Case Citations

1. Boddie v CT 401 US 371, 91 S Ct 780, 28 Led2d 113 (1971)

2. Brady v Maryland 83 S Ct 1194, 373 US 83, 10 Led2d 215 (1963)

3. Crusco v Strunk Steel 365 Pa. 326

4. Golden v Zwickler 394 USS 103, 89 S Ct 956 (1969)

5. Hostetter v Hirsch 14 Lanc. L.R. 110

6. Imbler v Pachtman 424 US 409, 96 S Ct 948 (1974)

7. Jenks v United States 353 US 657, 77 S Ct 1007, 1 Led2d 1103

8. Northrop v Trippett 265 F3d 372, 383-84 (6th Circuit 2001)

9. Smith v Phillips 455 US 209

10. Stouffer v Reynolds 214 F3d 1231, 1234-35 (10th Circuit 2000)

11. Strickland v Washington 466 US 668, 687 (1984)

12. United States v Augers 427 US 97, 110 (1975)

13. United States v Coyle 63 F3d 1239 (C.A. 3 Pa. 1995)

14. United States v Kreimer 609 F2d 126, 132 (5th Circuit 1980)

15. United States v Ramos 27 F3d 65

Exhibit #    -2-

Statues and Case Citations
In Support of

1. Pennsylvania Constitution, Article I, Section 11
   Courts To Be Open; Suits Against the Commonwealth

   "All courts shall be open; and every man for an injury done to him in his lands, goods, person or reputation shall have a remedy by due course of law, and right and justice administered without sale, denial, or delay. Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may direct by law."

2. Article V, Section 5 Judiciary
   Courts of Common Pleas

   (b) "having unlimited original jurisdiction in all cases except as may otherwise be provided by law."

3. Article I, Section 8

   Security From Search and Seizures

   "The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affidavit."

Exhibit #10   -3-   182

4. Article I, Section 26

### No Discrimination of Commonwealth and Its Political Subdivisions

"Neither the Commonwealth nor any political subdivision thereof shall deny to any person the enjoyment of any civil right, nor discriminate against any person in the exercise of any civil right."

5. Title 1 Pa. C.S., Section 1922

### Presumptions in Ascertaining Legislative Intent

"In ascertaining the intention of the General Assembly in the enactment of a statute the following presumptions, among others, may be used:

(1) That the General Assembly does not intend a result that is absurd, impossible of execution, or unreasonable.

(2) That the General Assembly intends the entire statute to be effective and certain.

(3) That the General Assembly does not intend to violate the Constitution of the United States or this Commonwealth."

Exhibit # 10 (D)   -4-   183

3. Title 42 Pa. C.S., Section 912

   Powers of Courts of Common Pleas

   "Every court of Common Pleas shall have power to issue, under its judicial seal, every lawful Writ and process to be served or enforced by system and related personnel as such courts have been heretofore authorized by law or usage to issue. Every judge of a common pleas court shall have all the powers of a judge or district justice of the minor judiciary."

4. Title 42 Pa. C.S., Section 931

   Original Jurisdiction and Venue:

   (a) General rule: "except where exclusive original jurisdiction of an action or proceeding is by statue or general rule pursuant to section 503 (relating to assignment of matters) vested in another court of this commonwealth, the courts of common pleas shall have Unlimited Original Jurisdiction of all actions and proceedings including all actions and proceedings heretofore cognizable by law or usage in the courts of common pleas."

Exhibit # 10 (E)   -5-   184

Title 18 Pa. C.S., Section 6106 (1988)

a) Offense defined – No person shall carry a firearm in any vehicle or concealed on or about his person, except his place of abode or fixed place of business, without a license therefore as provided in this subchapter.

b) Exceptions – The provisions of subsection (a) of this section shall not apply to:

   (4)    The members of any organization incorporated under the laws of this Commonwealth, engaged in target shooting with rifle, pistol, or revolver, if such members are at or are going to or from their places of assembly or target practice.

   (8)    Any person while carrying a firearm unloaded and in a secure wrapper from the place of purchase to his home or place of business, or to a place of repair or back to his home or place of business, or in moving from one place of abode or business to another.

   (9)    Persons licensed to hunt or fish in this Commonwealth, if such persons are actually hunting or fishing or are going to the places where they desire to hunt or fish or returning from such places.

Exhibit # 10 (F)   - 6 -   185

Title 18 Pa. C.S., Section 6106 (1989)

    As amended by Act No. 158 December 19, 1988

(b) Exceptions – The provisions of subsection (a) shall not apply to:

    (4)    Any person engaged in target shooting with rifle, pistol, or revolver, if such persons are at or are going to or from their places of assembly or target practice and if, while going to or from their places of assembly or target practice, the cartridges or shells are carried in a separate container and the rifle, pistol, or revolver, is unloaded.

(c)

    (1)    .... "The sportsman's firearm permit shall be issued immediately and be valid throughout this Commonwealth for a period of five years from the date of issue for any legal firearm, when carried in conjunction with a valid hunting, fur taking, or fishing license or permit related to hunting dogs" ....

Title 34 Pa. C.S., Section 2923

        Disabled Persons Permits

(a) Use of a vehicle as a blind ...

    (2)    Unless further restricted by commission regulation, a permit to hunt from a stationary vehicle maybe issued to a person who qualified for a hunting license pursuant to Chapter 27 and presents an affidavit and doctor's certificate stating the applicant is unable to walk 25 yards off the roadway due to a temporary injury or condition" .....

Exhibit #10 (G)    -7-    186

United States Constitution

4th Amendment

"The right of the People to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or Affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

5th Amendment

"No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."

6th Amendment

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witness against him; to have compulsory process for obtaining witness in his favor, and to have the assistance of Counsel for his defense."

14th Amendment

Section 1. "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protecting of the laws."

Exhibit # 10 (H)   -8-   187

## Statement of The Case

1. On February 24, 1989, the petitioner was arrested for violation of 18 Pa. C.S., Section 6106 "weapons without a license" on Old Lake Road in Springfield Township, Erie County Pennsylvania after placing loaded guns on the seat of his parked vehicle.

2. Petitioner was charged with 3 counts of "weapons without a license" 18 Pa. S.C., Section 6106, and one count of loaded gun in his vehicle 34 Pa. C.S., Section 2503 of the Game Code. He was also charged with expired car tags.

3. Petitioner was tried on July 13th and 14th, 1989 before a jury and found guilty of one count #1 "weapon without a license" by a jury, and guilty of the Game Code violation and expired car tags by the judge on July 14, 1989.

4. Petitioner was deprived of his direct appeal.

5. On September 21, 1989, the petitioner was sentenced by the court to 8 months to 5 years for violation of 18 Pa C.S., Section 6106.

6. Petitioner has appealed his conviction numerous times without being heard on the merit of issues raised in appeal.

Exhibit # 10 (I)    -9-    188

In Support of This Petition

The Commonwealth and Common Pleas court never had jurisdiction to prosecute as evidenced in the Criminal Complaint and information filed, stating petitioner carried a firearm in a vehicle, without a license. Whereas 18 Pa. C.S., Section 6106 reads:

18 Pa. C.S., Section 6106 (1988)

(a) Offense defined -- No person shall carry a firearm in any vehicle or concealed on or about his person, except in his place of abode of fixed place of business, without a license therefore as provided in this subchapter.

In addition, reading such would imply by the information and Criminal Complaint filed, there is a violation, but . . . when the exceptions within the statute are read, there is no violation of law!

(b) Exceptions -- The provisions of subsection (a) of this section shall not apply to:

    (4) The members of any organization incorporated under the laws of this Commonwealth, engaged in target shooting with rifle, pistol, or revolver, if such members are at or are going to or from their places of assembly or target practice.

    (9) Persons licensed to hunt or fish in this Commonwealth, if such persons are actually hunting or fishing or are going to the places where they desire to hunt or fish or returning from such places.

As is evidenced in the documents, and court records, and trial transcripts (TT-Day 1 -- Page 23, page 47 line 22, and page 43 line 3), petitioner produced licenses and sportsman's carry permits and stated he had been target shooting and was preparing to go hunting.

It is clear that petitioner was not in violation of the law as written.

Through-out the two days of trial July 13 and 14, 1989 the district attorney misleads the jury in saying petitioner did not have a

-10-

Exhibit # 10 (J)

license to carry, but, in fact he did under the specific exceptions in 18 Pa. C.S., Section 6106 (b), (4) ; (b), (9); and (c), (1).

Petitioner states he was also qualified as a totally disabled hunter under 34 Pa. C.S., Section 2923 of the Game Code, to shoot from his parked vehicle as a stationary hunting platform. He was injured at work on July 1, 1988 and adjudicated as totally disabled July 2, 1988 by the state Bureau of Worker's Compensation. Therefore, petitioner was not in violation of the law while engaged in target shooting as a prerequisite to a safe hunt, and in preparation to go hunting.

The Petitioner was charged with three counts of violation of 18 Pa. C.S., Section 6106, having three loaded handguns in his parked vehicle. Count #1 was a 9mm handgun, Count #2 was a .357 caliber handgun, and Count #3 was a .22 caliber handgun, all of which were legal under 6106, (c), (1) at the time of trial, with permits and hunting and fishing licenses.

Petitioner was found not guilty on counts 2 and 3, as both handguns were legal to hunt with and he had valid sportman's carry permits qualifying under 18 Pa. C.S., Section 6106 (b), (9) hunting exception to the law. The 9mm Semi Automatic handgun count #1 petitioner could not hunt with, but qualified for exception under Section 6106 (b), (4), but he was found guilty.

Petitioner asserts 18 Pa. C.S., Section 6106 (b), (4) exception, as written on February 24, 1989 the day of the alleged offense, was unconstitutional, requiring petitioner to be a special class of persons ("members of any organization") to exercise a right violating the Pennsylvania Constitution Article I, Section 26, and the United States Constitution Amendments 5 and 14. Under Title 1 Pa. C.S., Section 1922 Presumptions in Ascertaining Legislative Intent, Subsection (3) reads:

> "That the General Assembly does not intend to
> violate the Constitution of the United States or
> of this Commonwealth."

Although 6106 (b), (4) required one to be a member of an organization to target shoot, it was Constitutionally unenforceable and

- 11 -

had to be given a constructive interpretation within the law specifically conforming to Title 1 Pa. C.S., Section 1922, (3) and thereby Constitutionally acceptable. Petitioner asserts by constructive interpretation of (b), (4) he would have and should have been qualified for the exception afforded for target shooting, a necessary and prudent prerequisite to a safe hunt.

Title 18 Pa. C.S., Section 6106 (b), (4) had in fact been recognized as unconstitutional in 1987, just after its enactment, by Senate Bill #245 of 1987, and was amended by Act #158 December 19, 1988 before petitioner's alleged offense on February 24, 1989, allowing "any person" to target shoot as opposed to "member of any organization . . .". The amended statute was not effective at the time of the alleged offense, but was effective at the time of trial. Again, the previous reading by law (18 Pa. C.S., Section 6106 (b), (4)) when given constructive interpretation according to 1 Pa. C.S., Section 1922 (3) would have been interpreted to avail petitioner of the exception as it was in its amended form by Act #158 of 1988.

Common law rule is that, in the absence of an effective savings provision, the outright repeal of a criminal statute operates to bar prosecutions for earlier violations of the statue, whether the prosecutions are pending, or are not yet begun at the time of the appeal, see United States v Chambers 291 U.S. 217, 54 S Ct 434 (1936), and other authorities cited in La Fave and Scott, Substantive Criminal Law, Section 2,5.

The Petitioner should have been afforded the 6106 (b), (4) exception to Count #1, in its amended version or by constructive interpretation by Legislative Intent under 1 Pa. C.S., Section 1922 (3), and had this exception been presented as above, or in its amended version in effect at the time of trial, more likely than not, he would have been found not guilty.

Petitioner further claims ineffective assistance of counsel, and prosecutorial misconduct, whereas had one or both presented exculpatory evidence and facts of law presented herein, petitioner would have not gone to trial or would have been found not guilty.

The court also failed to present the law and exceptions in 18 Pa. C.S., Section 6106 in effect at time of trial enacted by Act #158 of 1988.

Exhibit #10 (L)   -12-   191

## Memorandum of Law
## In Support of Writ of Error

In Brady v Maryland 373 U.S. 83 (1963), the United States Supreme Court held that due process forbids a prosecutor, (district attorney), from suppressing "evidence favorable to the accused upon request" . . . . where evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith prosecution." Therefore a decision not to disclose issues of fact and issues of law by the District Attorney, William Cunningham, and relevant to the determination of guilt violated the petitioner's due process rights under the Brady rule. There was no violation of the law at the time of the alleged offense, as it has been clearly established petitioner had been target shooting and was preparing to go hunting and the exceptions for hunting and target shooting (b), (4) and (b), (9) did not require the guns to be unloaded going to or from, or at their places of hunting, target shooting or assembly. Petitioner was denied the target shooting exception on Count #1, which was unconstitutionally restricted to a special class of persons. Title 1 Pa. C.S., Section 1922, (3) Presumptions in Ascertaining Legislative Intent mandated constitutional construction and interpretation for statutes to have force of law. By constructive interpretation petitioner qualified for the target shooting exception (b), (4) at the time of the alleged offense and was excepted by (b), (4) in its amended version in effect at time of trial. Petitioner has handicapped hunter exception under 34 Pa. C.S., Section 2923 was also exculpatory evidence material to innocence of the petitioner. 18 Pa. C.S., Section 6106, (c), (1) as it read at the time of trial and not disclosed by the prosecution amounts to further prosecutorial misconduct as only one of the two Sportsman's firearm permits was sufficient for exception to the charge for all legal firearms when carried in conjunction with his hunting or fishing license.

More recently, the Third Circuit has reiterated it's recognition of the principles espoused in the Brady doctrine in United States v Ramos 27 F3d 65, 68, and citing Brady v Maryland 373 U.S. at 87; United States v Augers 427 U.S. 97, 110 (1975); Smith v Phillips 455 U.S. 209, 219-220 (1982), which requires the government to volunteer evidence favorable to an accused. The purpose of the Brady rule is not to displace the adversary system as the primary means by which truth

Exhibit # 10 (M)   -13-

is uncovered, but to ensure that a miscarriage of justice does not occur. Thus, the district attorney was required to disclose exculpatory evidence favorable to the accused, which, if suppressed, would deprive the petitioner of a fair trial.

Accordingly, "the prosecutor will not have violated his constitutional duty of disclosure unless his omission is of significance to result in the denial of the defendant's right to a fair trial." United States v Augers 427 U.S. 97 (1976). The petitioner's right to a fair trial under due process was violated whereas the district attorney of Erie County had to have known the issues of fact and law presented herein.

Had the District Attorney, William Cunningham, disclosed the above exculpatory evidence relevant to petitioner's determination of guilt or innocence, it is highly probable he would have been found not guilty. Regardless, the finding of guilt by the jury without this suppressed evidence was fundamentally unreliable and violated petitioner's due process rights under the United States and Pennsylvania Constitutions.

Petitioner asserts his defense counsel was recklessly negligent and ineffective assistance of counsel in researching, investigating, planning, preparing, presenting, arguing, and defending him against the charges in case #696 of 89 Erie County Criminal Court for the causes raised in this Writ of Error. In Stouffer v Reynolds 214 F3d 1231, 1234-35 (10th Circuit 2000), (counsel's failure to lay foundation for introduction of relevant evidence, to attack prosecution's case, and to introduce exculpatory evidence prejudiced defendant because error seriously undermined reliability of verdict); Northrop v Trippett 265 F3d 372, 383-84 (6th Circuit 2001), (counsel's failure to seek suppression of only evidence against defendant was unreasonable because evidence was obtained in violation of 4th Amendment); and in Strickland v Washington 466 U.S. 668, 687 (1984), (the court stated that "the purpose of the effective assistance of counsel guarantee of the 6th Amendment is . . . . . to ensure that the criminal defendants receive a fair trial."), these cases exemplify issues in petitioner's case violating his right to effective assistance of counsel as presented in this Writ of Error.

Because defense counsel failed to lay a foundation for evidence and testimony to defend, and introduce exculpatory evidence in:

-14-

Constitutionally, statute construction and interpretation, existing law, amended law, illegally obtained evidence without probable cause, warrants, or violation of law, and, because it deprived petitioner of a fair trial, petitioner asserts the verdict was fundamentally unreliable.

In Boddie v CT 401 U.S. 371, 91 S Ct 780, 28 Led2d 113 (1971), the court specifically requires a Writ of Error to be heard anytime, since, it goes to the jurisdiction of the court, and in Jenks v United States 353 U.S. 657, 77 S Ct 1007, 1 Led2d, 1103, the court intones, that, conviction must be overturned, when, the government deprived a defendant of known highly exculpable evidence that was available before trial and at trial. In Imbler v Pachtman 424 U.S. 409, 96 S Ct 948 (1974), due process requires disclosure of information that cast doubt upon correctness of conviction, and in Golden v Zwickler 394 U.S. 103, 89 S Ct 956 (1969), the court requires favorable declaratory judgment of relief whether or not elements essential to relief were known when the action was initiated. As in United States v Coyle 63 F3d 12139 (C.A. 3 Pa. 1995), and in United States v Kreimer 609 F2d 126, 132 (5th Circuit 1980), the negligence of the victim in failing to discover fraudulent scheme is no defense to criminal conduct. In Hostetter v Hirsch 14 Lanc. L.R. 110, and Crusco v Strunk Steel 365 Pa. 326 the court reiterates "Fraud Vitiates Everything".

Petitioner has filed this Writ of Error before the Court of Common Pleas of Erie County because evidence of fact and law has been withheld. Whereas both District Attorney and Defense Counsel have been schooled in, the arts and science of law failed to raise exculpatory evidence favorable to the petitioner as a victim in a miscarriage of justice. Petitioner asserts the court has a duty to return an unreliable finding of guilt obtained from prosecutorial misconduct, ineffective assistance of counsel, and violations of Petitioner's state and United States Constitutional rights, and omissions of duty set forth in law.

Respectfully Submitted

Douglas Burton Leuschen

11-13-03

Exhibit # 10 (O)   -15-

In The Court of Common Pleas

Erie County, Pennsylvania

Commonwealth of Pennsylvania )
                              )
                              )     Emanating From Case No. 696 of 1989
           v                  )           Erie County, Pennsylvania
                              )
                              )
Douglas Burton Leuschen       )
        Petitioner, Pro-se    )

Order

On this _____ day of _____, 2003, came on to be heard defendant, Douglas Burton Leuschen, pro-se in the above styled and numbered cause, and after reviewing the record and facts relevant thereto, and having considered same, it is the considered opinion of the court that the Petition For Writ of Error should be Granted.

It is therefore ordered that this Petition For Writ of Error on #696 of 1989 is hereby Granted.

_____
                                            Presiding Judge

Exhibit #10 (P)

## Affidavit

I, Douglas Burton Leuschen, petitioner, pro-se, do hereby certify the forgoing Petition For Writ of Error with Whole Record Test is true, accurate, correct to the best of my knowledge, information, and belief, and so state in accordance with Title 18 Pa. C.S., Section 4904.

Douglas Burton Leuschen, Pro-se

*Douglas Burton Leuschen* (signature)

11-13-03

Exhibit #10 (Q)

## Proof of Service

I, Douglas Burton Leuschen, do hereby certify that a true and accurate copy of Motion To Amend Petition For Writ of Error and Amended Petition For Writ of Error has been served upon the following parties by first class mail this 13th day of November 2003.

1. Erie Co. District Attorney
   Erie County Courthouse
   140 W 6TH Street
   Erie, Pa. 16501

2. Judge William Cunningham
   Erie County Courthouse
   140 W 6TH Street
   Erie, Pa. 16501

3. Robert Cataldi Clerk of Court of Common Pleas
   Erie Co. Courthouse
   140 W 6TH St.
   Erie, Pa. 16501

4. Penna. Attorney General
   Michael Fisher
   Western Regional Office
   425 6 Ave.
   Pittsburgh, Pa. 15222

Douglas Burton Leuschen
Petitioner, pro-se

11-13-03

Exhibit # 10 (R)

197