Sent 3-25-04

# Criminal Docketing Statement
## Answers to Questions

A. (Case identification error): type of case
"Weapons without a License"

B. I am appealing order dated December 17, 2003
dismissing "Amended Petition for Writ of Error
with Whole Record Test" interpreted by the
lower court as a P.C.R.A.

      Notice of appeal was filed on December 26, 2003.

C. 1 & 2   The order appealed from was a final order
pursuant to Pa. R.A.P., 301 (a), and 341 (a).

3. Issues were raised in post trial and sentence
motions and asserted through ineffective
assistance of counsel, prosecutorial misconduct
withholding of exculpatory evidence

4. N.A.

D. I have argued unequal justice and penalty under
18 Pa. C.S., Section 6106   VS   34 Pa. C.S., Section
misdemeanor 1   VS   summary of 5th degree,
and amended statute by H.B. #71 of 1989 reducing
offense level from M-1 to Summary

Exhibit # 14 (A)      -1-

222

(D. cont)

I was denied Direct Appeal hired attorney abandoned me contrary to Rules of Court.

The court has interpreted this Writ of Error as my 3RD P.C.R.A. I have asserted it should be construed as a continuation of my first P.C.R.A. having been and still being denied the effective assistance of counsel Pa. R. Crim. P. rule 1504 (d).

There has been to date no Nunc Pro Tunc appeal heard until the present Response to lower courts Opinion and Notice of Intent to Dismiss without a hearing submitted 1-15-04. Response was untimely filed due to Allegheny county jail mailroom not honoring specific request for Express mail service instead posting first class mail which arrived after filing date.

E. Type of Case
   Uniform Firearms violation
   "Weapons without a License"
   18 Pa. C. S., Section 6106 of 1988

F    There are no relevant state cases pending

Exhibit #14 (B)    -2-

G.  My appeal asserts there was no violation of law "Actual Innocence". I was charged and convicted of "Weapons without a License" but the trial court records and transcripts clearly establish that I had and produced valid hunting and fishing licenses and 2 sportsman's carry permits. Charge eminates from activity of target shooting a prerequisite to a safe hunt in which I placed loaded guns on the seat of my parked vehicle

The statute and conviction are unconstitutional, fundamentally unreliable finding of guilt.

I was denied constitutional guarantee Article I, Section 21, and denied exception to charge under 18 Pa.C.S., Section 6106 (b) (4) for target shooting restricting right to "members of an organization..." an unconstitutional class restriction under Pa Const. Article I, Section 26 and the U.S. Const. under the 11TH Amendment and the 2ND Amendment.

I assert that there was no requisite, as the prosecutor and court implied, that guns were to be unloaded on seat of parked vehicle or even during transport while going to of from places of hunting or fishing or to or from place of target shooting or assembly in the existing law at the time of the alleged offense February 24, 1989.

Exhibit #14 (c)

-3-

204

(G cont.)

New amended law in effect at time of trial HB #71 of 1989 reduced the offense level rating from misdemeanor 1 to Summary offense, and Act #158 Dec 19, of 1988 also in effect at time of trial changed 6106 (b) (4) exception from "members" to "any person"; and 6106 (c) making sportsman's carry permit valid for any legal firearm availing me of two additional and viable exceptions to the charge

As the lower courts case dockett reflects a "tortured history" of this charge, prosecution, and appeal processes, I assert being denied direct appeal by hired counsel's abandonment, courts avarice denying properly brought Habeas Corpus between conviction and sentencing, refusal of court records for pro-se appeal, the refusal and pre emption, by lower court order, of Motion to Compel production of Records filed in Superior court as well as the mysterious absence of this motion filed in lower court in the lower courts transmission of the record to Superior court, the appointment of a dubious court appointed counsel who hoodwinks the client and court with a fictitious "no merit letter," and then the lower courts granting counsels withdrawal

Exhibit #14 (D)                    -4-

205

(G. cont)

prior to the court's ruling on P.C.R.A. petition in violation of Pa.R.A.P. 1504(d) and the absence of counsel for appeal on denial of P.C.R.A.. I also assert court errored and hired counsel was grossly ineffective and negligent when lower court dismissed appeal Feb 10, 2004 and denied Notice of Appeal filed March 11, 2004 as being untimely. Appeal Notice was timely, within 30 days) as is reflected on the dockett.

I never had a hearing on the issues of merit raised on appeal and this Amended Petition for Writ of Error with Whole Record Test should be considered a continuation of the 1ST P.C.R.A. petition.

Sentence should have been a summary offense imposition if there had been a violation of law.

5. Christine Chase — bond reduction
   Joe Burt — pre-trial
   J. D'Alba trial
   Jack Grayer  appeal, post trial
   Chris Eyster  appeal, post trial

Exhibit #14 (E)          -5-

206

(G 5)   I have filed my Amended Petition for Writ of Error with Whole Record Test while incarcerated on a federal charge convicted felon with firearms premised upon the state conviction still on appeal now before the Superior Court.

My Response to lower courts Opinion and Notice of intent to dismiss without a hearing was untimely having been filed in prison mail system Dec 9, 2003 requesting specifically Express mail service to family member for typing. Mail was not received until Dec 16, 2003 after filing deadline. Motion to Hear Response Nunc Pro-Tunc was filed with supporting documents of evidence.

I do not have access to state case cite Com V Jones to determine application of "Mailbox Rule" in federal prison F.C.I. McKean Pa.

I have enclosed:

1.   Order appeal taken from, and notice of intent
2.   Notice of Appeal
3.   Court Opinion and Notice of Intent to Dismiss
4.   Copy of Docket from Trial Court.
5.   Motion to Hear Response... Nunc Pro-Tunc Exhibits dated 1-15-04
6.  Appeal from Dismissal dated  1-15-04

Exhibit # 14 (F)          - 6 -

207

In The Court of Common Pleas
Erie County, Pennsylvania

Commonwealth of Pennsylvania

V

Emanatory from case #696 of 1989
Erie County Pennsylvania

Douglas Burton Leuschen

## Notice of Appeal

Notice is hereby given that Douglas Burton Leuschen, defendant, pro-se, hereby appeals to the Superior Court from the order entered in this matter on the 17th day of December 2003. Defendant requested a copy of the case dockett and as of December 31, 2003 when copy was made, there has been no entry of the order of December 17, 2003 entered, therefore he regretfully submits this notice of appeal without a copy of the dockett entry to prevent prejudice to his appeal rights.

Douglas Burton Leuschen #107035
Allegheny County Jail
950 Second Ave
Pittsburgh, Pa. 15219
1-8-04

Exhibit #14 (G)

208

COMMONWEALTH OF PENNSYLVANIA  :    IN THE COURT OF COMMON PLEAS
            :    OF ERIE COUNTY, PENNSYLVANIA
     v.      :    CRIMINAL DIVISION
            :
DOUGLAS BURTON LEUSCHEN  :    No. 696 of 1989

# O P I N I O N
## and
## NOTICE OF INTENT TO DISMISS WITHOUT HEARING PURSUANT TO Pa.R.Crim.P. 907(1)

**AND NOW, TO-WIT,** this 25th day of November, 2003, the Court, having reviewed the defendant's Motion to Amend Petition for Writ of Errors[1] filed on November 19, 2003, finds that such shall be considered as the defendant's third (3rd) Post Conviction Relief Act Petition (hereinafter PCRA)[2].

It is now well settled law in Pennsylvania that the Post Conviction Relief Act provides the sole means for obtaining collateral review and any petition filed after a defendant's judgment of sentence becomes final must be treated as a PCRA. *Commonwealth v. Kubis*, 808 A.2d 196 (Pa.Super. 2002); *Commonwealth v. Johnson*, 803 A.2d 1291 (Pa.Super. 2002). Because this defendant's conviction became final for PCRA purposes 30 days after his sentencing on September 21, 1989 (no direct appeal was taken), the defendant's PCRA petition is untimely on its face by approximately 13 years per 42 Pa.C.S.A. § 9545(b)(1) and the defendant has not

---

[1] This matter was referred to this Court by President Judge William R. Cunningham on November 21, 2003, because this Court had handled prior post-trial matters in petitioner's case. The docket reflects that the defendant's original Petition for Writ of Error was filed on September 25, 2002 and taken to Judge Cunningham.

[2] The record reflects that the defendant filed his first PCRA petition on February 9, 1990 and that Attorney Jack E. Grayer was appointed to represent him by the court. On May 30, 1990 the defendant's PCRA was denied. On March 19, 1991 the Pennsylvania Superior Court affirmed the lower court's order. On August 31, 1993 the defendant filed his second PCRA petition which was denied on February 10, 1994. The defendant once again appealed and the Pennsylvania Superior Court affirmed by order dated November 30, 1994.

*Exhibit #14 (A)*

209

specifically asserted any of the exceptions enumerated under subsections (i), (ii) or (iii)

(ineffectiveness of defense counsel is not one of the exceptions).  Further the defendant

clearly has not alleged nor demonstrated that he has filed his petition within 60 days of

the date the exception claimed could have been presented.  42 Pa.C.S.A. § 9545(b)(2).

    **WHEREFORE,** the defendant's third PCRA petition should be denied as untimely.

BY THE COURT:

_____

Shad Connelly, Judge

cc:    Bradley H. Foulk, Esquire
        District Attorney

        Douglas Burton Leuschen, #107035
        Allegheny County Jail
        950 Second Avenue
        Pittsburgh, PA  15219


*Exhibit #14 (I)*

210

COMMONWEALTH OF PENNSYLVANIA   :   IN THE COURT OF COMMON PLEAS
                        :   OF ERIE COUNTY, PENNSYLVANIA
            v.          :   CRIMINAL DIVISION
                        :
DOUGLAS BURTON LEUSCHEN    :   No. 696 of 1989

## FINAL ORDER

**AND NOW, TO-WIT,** this 17th day of December, 2003, it is hereby **ORDERED**

that the defendant's Motion for Post Conviction Collateral Relief is **DENIED** for the

reasons set forth in this court's Opinion of November 25, 2003.

    The petitioner shall have 30 days from the date of this Final Order to file an

appeal and may proceed either pro se or by hiring private counsel.

BY THE COURT:

Shad Connelly, Judge

CLERK OF RECORDS
2003 DEC 17 A 10: 33
CRIMINAL DIVISION
COUNTY COURTHOUSE
ERIE, PA 16501

Bradley H. Foulk, Esquire
District Attorney

Douglas Burton Leuschen, #107035
Allegheny County Jail
950 Second Ave.
Pittsburgh, PA 15219
**Certified Mail No. 7000 1670 0003 4371 1471**
**Return Receipt Requested**

Exhibit #14 (J)

Douglas Leuschen #107035
Allegheny County Jail
950 Second Ave
Pittsburgh, Pa. 15219

1-8-04

To: Court Prothonotary
Superior Court

Please find enclosed "Appeal From Dismissal of Writ of Error With Whole Record Test", and "Motion to Hear Response Nunc-pro-Tunc" for filing in Superior Court.

Would you please time stamp one copy and return it to me for my records, Thank You!

Respectfully
Douglas Burton Leuschen

Exhibit #14 (K)

2/2

In The Superior Court of Pennsylvania


Commonwealth of Pennsylvania)
                             )
                             )        Emanating From Case No. 696 of 1989
               v             )            Erie County, Pennsylvania
                             )
Douglas Burton Leuschen      )
Appellant, Pro-se            )


    Appeal From Dismissal of Writ of Error With Whole Test Record Test, Motion to Hear Response Nunc-pro-Tunc, Motion to order Writ of Error a Continuation of First P.C.R.A, and Motion for Court Appointed Effective Assistance of Counsel to Perfect P.C.R.A Petition on Appeal

    Comes now the Appellant, Douglas Burton Leuschen, pro-se, before the honorable Court and Appeals the order of December 17, 2003 Erie County Court of Common Pleas, Dismissing Appellant's Writ of Error With Whole Record Test and files Motions: to Hear Appellant's Response to Lower Court's Opinion and Notice of Intent to Dismiss Without Hearing Nunc-pro-Tunc; Motion to order Writ of Error before the court, to be considered Continuation of first P.C.R.A., and Motion for Court appointed Effective Assistance of Counsel to Perfect P.C.R.A on Appeal and so states the causes herein:


                Douglas Burton Leuschen #107035
                Allegheny County Jail
                950 Second Avenue
                Pittsburgh, PA  15219


*Douglas Burton Leuschen*

Exhibit # 14 (L)

2/3

Jurisdiction Supplement

Appellant states jurisdiction is founded upon 42 Pa. C.S., Section 9545(b),(1),(i), interference by government officials with presentation of the claim in violation of the Constitution and laws of this Commonwealth, and of the Constitution and laws of the United States, and 42 Pa. C.S., Section 9545(b), (1),(ii), a claim which was unknown to the petitioner and could not have been ascertained by due diligence and Pa Constitution Article V, Section 9.

The court appointed appellant post conviction counsel on February 28, 1990 and granted him leave to withdraw on May 29, 1990 before his Post Conviction Collateral Relief was denied on May 30, 1990, and deprived him of effective assistance in his petition, and all assistance of counsel, in his appeal from the courts order denying relief in his petition. This is in direct violation of Pennsylvania Rules of Criminal Procedure Rule 1504(d).

Appellant has suffered a double jeopardy in that his conviction and sentence on #696 of 1989 Erie County Court has created a double jeopardy where he has been deprived of his right to possess firearms through an obscure interpretation of federal statutes by case law in the courts and not by legislated intent or text of statute. The statute 18 U.S.C., Section 921(a),(20) gives the state, where jurisdiction was exercised in misdemeanor convictions, the right to determine who can possess firearms. The state neither at sentencing or by statute has deprived the appellant of the right to possess firearms, but the federal courts have ruled the text of 921(a),(20) which reads: . . . "or has had civil rights restored" . . . means total restoration of all rights instead of the states implied right to possess in 18 Pa. C.S., Section 6105, if one is not deprived by this state statute. This federal courts interpretation is in opposition to the Senate Judiciaries intended enactment of the Firearm Owner's Protection Act noted in U.S. v Cassidy (899F2d 543 at 546, III A.), and by newly discovered facts on punishment discovered at trial September 29, 2003, the appellant filed his amended Petition for Writ of error within the 60 days requirement under 42 Pa. C.S., Section 9545(b),(1),(ii), on November 13, 2003. Also in opposition to 1 Pa. C.S., Section 1928 (b), (1).

Given the fact that due to the deprivation of counsel in first Post Conviction Relief petition, appellant's retained counsel Chris Rand

Exhibit #14 (M)

2

214

Eyster should be held to the "effective assistance of counsel standard" which he did not meet in the second petition, which by courts interpretation in Commonwealth v Peterson 756A2d 687(Pa. Super 2000) and Commonwealth v Leasa 759A2d 941 the petitioner's substantive issues were "effectively waived" as a result of his attorney's blatant mistake.  Appellant's counsel Chris Rand Eyster effectively waived petitioner's appeal from court's order denying his Post Conviction Relief petition because of blatant disregard for the statute of limitations on filing his appeal as evidenced in court docket entry dated March 11, 1994.

Exhibit #14 (N)

215

## History of Case

On July 14, 1989 appellant was found guilty of Count #1 "Firearm not to be carried without a License", (18 Pa. C.S., Section 6106), a misdemeanor of the second degree, and Count #4, "Loaded Firearm in a Vehicle", (34Pa. C.S., Section 2503) a summary offense of the 5th degree.

On July 31, 1989 appellant's counsel filed Motion in Arrest of Judgement and for a New Trial, it was denied by the court on August 8, 1989. On August 25, 1989 appellant's pro-se, Writ of Habeas Corpus denied as improperly brought.

On September 21, 1989 appellant was sentenced eight months to five years on Count #1, and $100 fine on Count #4.

On November 16, 1989 appellant filed pro-se Motion to Proceed In Forma Pouperis, Motion for Transcribing Court Proceedings, Petition of Rights, and Motion for Return of Property, and Petition under Post Conviction Hearing Act. On December 28, 1989 appellants filings of November 16, 1989 were denied in total because he failed to set forth a cause of action and because appellant is and has been represented by counsel.

On January 23, 1990 appellant filed pro-se petition for Arrest in Judgement and New Trial, and Motions for Court Order and Motion to Amend Information for Return of Property. On January 24, 1990, the court denied Petition and Motions as improperly filed and untimely.

On February 9, 1990 appellant filed Petition under Post Conviction Hearing Act, and on February 28, 1990, the court appointed Counsel Jack E. Grayer, ordered counsel to amend or Supplement the petition within 30 days from date of order.

On March 23, 1990 the court ordered that the court Stenographer shall Transcribe the Notes of Testimony for Trial and Sentencing Proceedings and further ordered appellant's counsel has 15 days after the last of transcribed notes of testimony are filed to amend appellant's Post Conviction Relief Act Petition.

On May 29, 1990 after appellant's counsel filed "No Merit Letter" and upon the court, consideration of the letter and their own independent review of the record counsel was granted leave to

*Exhibit #14 (o)*                    4

216

withdraw his appearance for appellants. Then on May 30, 1990 appellant's Petition under Post Conviction Hearing Act was ordered denied.

On June 13, 1990 appellant filed Motion To Proceed Pro-se, Motion for Enlargement of Time to File Objection to Defense Counsel's "No Merit Letter", Motion for Enlargement of Time in Which to File Concise Statement, Motion for Transcribed Notes of Testimony and Court Records.

On August 7, 1990, the court ordered appellant's Motion to Proceed Pro-sec is granted. Motion for Enlargement of Time to File Objections to counsel's "No Merit Letter" and Motion For Enlargement of Time in Which to File Concise Statement are hereby denied. In addition, Motion for Transcribed Notes of Testimony and Court Records is denied having failed to specifically set forth how any of the requested transcriptions will be relevant to any specific issues that he raised on appeal.

On August 30, 1990, appellant filed a Motion for Order to Compel Lower Court to Transmit Record to Defendant in the Superior Court. On September 4, 1990, all papers were returned from Superior Court and an Order was issued upon consideration of Motion to Compel, and the record is remanded to the trial court for 30 days to act upon Motion for Transcribed Notes of Testimony. The court noted that the docket entries note such a motion, but that motion was not contained in the records sent to the Superior Court, jurisdiction was retained by Superior Court.

On September 24, 1990, the lower court ordered upon consideration of Motion for Transcribed Notes of Testimony and Court records filed June 13, 1990, that paragraph 2, sub-section (a) and (b) are granted; sub-section (c), (d) and (e) are denied.

On November 27, 1990 appellant filed Brief. The lower court's certified true copy of docket does not list many entries and orders, and is silent until May 7, 1991, when all papers were returned from Superior Court and an Opinion and Judgement Order of Superior Court filed showing the following order – and now, this 19th day of March 1991, it is ordered as follows: Order Affirmed.

In August of 1993 appellant retained private counsel and filed Motion for Post Conviction Collateral Relief on August 31, 1993 by Chris Rand Eyster. On February 10, 1994, the court ordered

Exhibit #14 (P)                    5

217

appellant's Second Post Conviction Relief Act Petition is denied without a hearing.

Appellant counsel's filed appeal on March 14, 1994 from order dated February 10, 1994 and was denied appeal on March 14, 1994, as untimely.

On March 22, 1994, appellant's appeal was docketed in Superior Court, and on November 30, 1994, the Superior Court issued an order affirming lower courts ruling.

Appellant's counsel filed a Writ Habeas Corpus in Federal District Court and the Writ was dismissed as untimely.

Appellant filed a pro-se motion for reconsideration stating appellant's counsel purposely defaulted the Writ of Habeas Corpus reasserting the issue of ineffective assistance of counsel. Appellant's motion for reconsideration was denied for lack of jurisdiction.

Appellant then filed a pro-se appeal in the Third Circuit Court of Appeals #96-3473 but was denied for lack of jurisdiction.

On September 25, 2002, appellant filed a Writ of Error With Whole Record Test after being charged in Federal District Court as a "convicted felon with firearms", 18U.S.C., Section 922(g),(1)) case #02-163. The case #696 of 1989 Erie County Court, now before the court was the predicate offense upon which the federal charge is based.

On August 25, 2003, petitioner filed a Praecipe For Adverse Judgement on the Writ of Error filed September 25, 2002, no action was taken.

On October 22, 2003 petitioner filed Application For Original Process and Petition For Writ of Mandamus in the State Supreme Court on his Writ of Error and Praecipe For Adverse Judgement.

On November 13, 2003, appellant filed an Amended Writ of Error With Whole Record Test and refiled his Writ of Mandamus and Application For Original Process on the Amended Writ of Error November 18, 2003.

On November 25, 2003, Erie County Court filed an Opinion and Notice of Intent to Dismiss Without Hearing.

On December 9, 2003, appellant sent a drafted "Response to Opinion and Notice of Intent" requesting USPS Express Mail Delivery to Sam Varo, appellant's brother-in-law. Allegheny County Jail did


*Exhibit #14 (Q)*

6

not send this response by Express Mail but sent it regular mail. Appellant's Response due in court December 15, 2003 was not received by Sam Varo for typing until December 16, 2003 after the court's due date.

An order was issued December 17, 2003 Dismissing appellant's Writ of Error without reference to appellant's Response. Due to holiday and employee, vacation appellant did not learn his response had not been filed until December 29, 2003. Appellant Response to the Dismissal was filed December 30, 2003 and time stamped by the court January 2, 2004. Separate Motion to Hear Appellant's "Response" Nunc-pro-Tunc is submitted with this filing with Exhibits Number One thru Five.

Appellant has filed and litigated the Writ of Error In Forma Pauperis in the lower court and is still indigent.

There is a tortured history of inconsistencies in the court docket on Case #696 of 1989 Erie County Court of Common Pleas:

1. Motions without a filing entry being disposed of

2. Habeas Corpus Writ being denied as improperly brought although P.C.R.A relief was not available before sentencing

3. Entries of Motion denied before the court receives the motion

4. Appeal denied as untimely although the record clearly indicates timeliness in accordance with the Statutory Construction Act of 1972 and 1 Pa. C.S., Sections 1901-1991

5. Portions of Record transmitted to Superior Court missing and Superior Courts order not being fully complied with by lower court on production of Court Records from motion to Compel

6. Dismissal of Appellant's counsel before P.C.R.A was denied and deprivation of counsel on appeal from P.C.R.A denial

All of which indicate errors of law and interference by government officials in the appeal process.

The court record reflects a tortured history in Pro-se attempts in appeal, ineffective assistance of counsel, abandonment of petitioner's

*Exhibit #14 (R)*

219

appeal rights under Rules of Criminal Procedure Rule 1504(d), obstruction of meritorious issues in the appeal, violations of due process, and an ongoing effort by appellant, with due diligence, to have a meaningful review of his conviction on issues of merit.

The record shows on December 28, 1989, petitions and motions were denied as failing to set forth a cause of action entitling the defendant to the remedy requested, and because defendant is and has been represented by counsel. Appellant's counsel of record abandoned appellant's right to direct appeal, and on February 28, 1990 the court appointed Jack Grayer as appellant's counsel. The court ordered Jack Grayer "to amend or supplement the said petition within 30 days from the date of this order." Appellant's Counsel Jack Grayer did not amend or supplement the petition but filed a "No Merit Letter" without review of the issues raised by the appellant. In Commonwealth v Albrecht 720A2x 693 (Super. 998) the Superior Court states:

> "Post conviction counsel's decision that post-conviction petition lacks merit must be supported by: (1) "No Merit Letter" by counsel detailing nature and extent of his review, (2) "No Merit Letter" by counsel listing each issue petitioner wished to have reviewed, (3) counsel's explanation, in "No Merit Letter", of why petitioner's issues were meritless, (4) post conviction court conducting its own independent review of record, and (5) court agreeing with counsel that petition is meritless.

and in Commonwealth v Hampton 718A2d 1250 (Super. 1998) at 3 the court states:

> "Once appointment has been made for post conviction relief petitioner's counsel may seek to withdraw, after a thorough review of the record has been made, where nonfrivolous issues justifying the pursuit of post conviction collateral relief are lacking; however, counsel may not accept appointment, thereby engendering the reliance of both his client and the court, without undertaking of record either to advance his client's claims or certify their lack of merit. 42Pa. C.S.A. 9541-9546."

Pennsylvania Rules of Criminal Procedure Rule 1504(d) states:

*Exhibit #14 (S)*

8

226

> "An appointment of counsel shall be effective throughout the post conviction proceedings, including any appeal from disposition of the motion for post conviction collateral relief."

Appellant's counsel Jack Grayer appointed by the court was not effective, did not amend or supplement the petition to advance his claims, but filed a "No Merit Letter" upon the court falsely certifying there were no issues of merit in his appeal. He did not detail the nature and extent of his review, list the issues raised for appeal by appellant, or why they ere meritless.

The Post conviction court conducted an independent review but does not state why issues raised were meritless and petition was denied. Counsel was granted leave by order of the court to withdraw as appellant's counsel on May 29, 1990. The next day May 30, 1990 petitioner's Post Conviction Relief petition was denied by order of the court.

Appellant continued to appeal his conviction pro-se after being denied the assistance of counsel contrary to 42 Pa. C.S., Sections 9541 – 9546, and Pennsylvania Rules of Criminal Procedure Rule 1504(d), until August of 1993.

Chris Rand Eyster was retained as hired counsel for appellant and filed a petition for Post Conviction Collateral Relief on August 31, 1993. The petition was denied on February 10, 1994, as his second P.C.R.A. petition.

In Commonwealth v Peterson 756 A2d 687 (Super. 2000), the court stated:

> "Defendant's "second" post conviction petition was not untimely; rather, in interests of justice, Superior Court would consider appeal merely an extension of litigation of defendant's first post conviction petition, given the tortured procedural history of case, which involved the attempted withdrawal by defense counsel and counsel's abandonment of defendant."

Because appellant was deprived of counsel during his first Post Conviction Collateral Relief petition, and because appellant is by law entitled to effective assistance of counsel throughout his appeal including appeal to any disposition of petition (Pa. R.Cr. P. Rule

*Exhibit #14 (T)*

9

1504(d)) his "second" petition should be considered a continuation of his first petition, as in Commonwealth v Peterson.

Appellant's hired counsel Chris Rand Eyster was ineffective for failing to file a timely appeal, or argue its timeliness from the courts order. The order denying lower courts appeal February 10, 1994 and appellant's counsel filed on March 11, 1994 would indicate his appeal in accordance with, the Statutory Construction Act of 1972, 1 Pa. C.S., Sections 1901-1991, was timely, however, an inconsistency on the court docket leaves one to speculate whether counsel filed notice of appeal or the appeal on March 11, 1994. In either case, appellant's counsel was ineffective for negligent filing or failing to argue he was timely in his appeal.

Again for ineffective assistance of counsel and violation of Pa.R.Cr.P. Rule 1504,(d), and 42 Pa. C.S., Section 9545 (b),(1),(i) interference by government officials this Writ of Error now before the court should be considered a continuation of his first P.C.R.A petition as appellant's due process rights have not been afforded for meaningful appeal.

The appeal now from dismissal of his Writ of Error has been prompted by prison mailing errors, which caused appellant's untimely response and would not have been dismissed had appellant been afforded effective assistance of counsel as Rule 1504 (d) provides throughout the post conviction proceedings, including any appeal from disposition of collateral relief.

Not one of appellant's petitions, has been reviewed on its meritorious issues which clearly show: violations of law, withholding of exculpatory evidence, handicap discrimination, unlawful conviction based on a statute (18 Pa. C.S., Section 6106 (1988)) that was repugnant to the Constitution of the United States and this Commonwealth and contrary to 1 Pa. C.S., Section 1922,(3). The finding of guilt by a jury trial was fundamentally unreliable, as has appellant's adjudication in his appeal processes to date.

In Commonwealth v Austin 721 A2d 375 (Pa. Super. 1998) the court states: The Rules of Criminal Procedure requires a judge to order petition made under Post Conviction Relief Act, to be amended to eliminate defects when there is prejudice, that an innocent man was convicted, or a manifest injustice has occurred.

Exhibit #14 (4)          10

Appellant submits there has been a tortured history of #696 of 1989 from arrest, charge, prosecution, conviction, sentence and appeal process to date, from errors of law and errors of facts, which is evident on the face of the record, which has resulted in a fundamentally unreliable conviction and appeal reviews under the Post Conviction Relief Act.

For the causes stated herein appellant does appeal to the honorable court to: reinstate his appeal process; accept his Response to lower courts Opinion and Notice of Intent to Dismiss Without a Hearing Nunc-pro-Tunc; order his Writ of Error With Whole Record Test a continuation of his first P.C.R.A petition; and order appointment of Effective Assistance of Counsel to perfect his P.C.R.A appeal.

Douglas Burton Leuschen #107035

January 15, 2003

Allegheny Count Jail

950 Second Avenue

Pittsburgh, PA  15219

Douglas Burton Leuschen

Exhibit #14 (V)                    11

In The Court of Common Pleas
Erie County, Pennsylvania

Commonwealth of Pennsylvania)
)
)          Emanating From Case No. 696 of 1989
v          )          Erie County, Pennsylvania
)
Douglas Burton Leuschen     )
Defendant, Pro-se           )

Motion to Hear Defendant's Response to Opinion and
Notice to Dismiss Without Hearing
Nunc-pro-Tunc

Comes now the appellant, defendant, pro-se, Douglas Burton Leuschen, and
respectfully requests the Honorable Court to accept his Response to Opinion and
Notice of Intent to Dismiss Without Hearing Nunc-pro-Tunc filed in the Court on
December 30, 2003 and so states the causes here:

Douglas Burton Leuschen #107035

Allegheny County Jail

950 Second Avenue

Pittsburgh, PA 15219

January 15, 2004

*Douglas Burton Leuschen*

Exhibit #14 (w)

224

1. On November 19, 2003, the defendant filed an Amended Petition for Writ of Error.

2. On November 25, 2003, the court issued an Opinion and Notice of Intent to Dismiss Without a Hearing

3. Defendant mailed his response on December 9, 2003 to the court's Opinion and Notice and requested the Allegheny County Jail to send this "USPS Express Mail" to Sam Varo his brother-in-law to have the Response typed and filed before December 15, 2003 (Exhibit #1).

4. Allegheny County Jail's mailroom did not "Express Mail" defendant's Response.

5. Defendant's Response was not received by Sam Varo to be typed until December 16, 2003, one day past the time allowed to file per Pa. Rules of Criminal Procedure Section 907, (Exhibits #2, 3, 4, and 5).

6. The Erie County Court of Common Pleas issued an Order on December 17, 2003 Dismissing Defendant's Petition for Writ of Error as defendant's third P.C.R.A petition on case #696 of 1989.

7. Defendant received the order on December 19, 2003 without the court's addressing his response, which he thought had been filed.

8. Due to the Christmas Holidays defendant was unable to verify whether he has filed a response until December 29, 2003 at which time he was advised that his family had not received defendant's response until the deadline of December 15, has passed, and therefore was not filed.

9. Defendant then filed his Response to the courts Opinion and Notice of Intent on December 30, 2003 acting with all due diligence.

10. As defendant has set forth in his Response in Commonwealth v Peterson 756 A2d 687, (Super 200) and Pa. Rules of Criminal Procedure Rule 1504 (d) he is entitled to effective assistance of Counsel and given the tortured history as evidence in the court docket: he was abandoned by hired counsel on direct appeal rights, his court appointed counsel then received an order to


Exhibit #14 (x)

2

Withdraw before the P.C.R.A. was dismissed, and then his hired counsel was denied a "timely" appeal on March 14, 1994 as untimely, and again denied the Habeas filed in Federal District court as untimely, clearly showing denial of effective assistance of counsel. In Commonwealth v Peterson the Superior court ruled that because of ineffective assistance of counsel defendant's subsequent filing was consider merely an extension of litigation of defendant's first Post Conviction petition, as should be this appeal now before the court.

11. Defendant suggests that had he been afforded the Constitutionally guaranteed due process of effective assistance of Counsel as set forth in Rules of Criminal Procedure 1504(d), and in 42 Pa. C.S., Sections 9541-9546 he would have perfected his appeal and been heard in a timely manner.

12. For the causes stated herein, the defendant respectfully makes this motion before the honorable court to grant his Motion to Hear Defendant's Response to Opinion and Notice of Intent to Dismiss Without a Hearing Nunc-pro-Tunc, and appoint effective assistance of counsel to help defendant perfect his appeal and meritorious issues.

Douglas Burton Leuschen #107035

Allegheny County Jail

950 Second Avenue

Pittsburgh, PA 15219

January 15, 2004

*Douglas Burton Leuschen*

Exhibit #14 (Y)

3

226

## Affidavit

I, Douglas Burton Leuschen, do hereby certify that the information in the Appeal from Dismissal and Motion to Hear Response Nunc-pro-Tunc, is true accurate, and correct to the best of my knowledge, information, and belief, and do so in accordance with Title 18 Pa. C.S., Section 4904.

Douglas Burton Leuschen

January 15, 2004

*Douglas Burton Leuschen*

Exhibit #14 (Z)

227

Proof of Service

I, Douglas Burton Leuschen, do hereby certify a true and accurate copy of Appeal from Dismissal, and Motion to Hear Nunc-pro-Tunc, has been sent on this day January 15, 2003 to the following parties by first class mail:

1.    Clerk of Courts Erie County }   Erie County Courthouse

2.    Judge Shad Connelly         }   140 West 6th Street

3.    District Attorney           }   Erie, PA  16501


4.    Pennsylvania Attorney General

      Western Regional Office

      425 Sixth Avenue

      Pittsburgh, PA  15222


5.    Office of Prothonotary

      Supreme Court of Pennsylvania – Western District

      801 City County Building

      Pittsburgh, PA  15219


6.    Andrea C. DeBartolo

      Official Court Reporter

      140 West 6th Street

      Erie, PA  16501

*Douglas Burton Leuschen* #187035

Douglas Burton Leuschen

January 15, 2004

Exhibit # 14 (AA)

228

Doug Leuschen 107035

12-09-03

Sam

Enclosed is "Response to Opinion and Notice of Intent to Dismiss Without a hearing" (16 pages). I have asked Harry to provide you with a certified copy of the court dockett on #696 of 1989, if he does please add one each to each mailing. This has to be in the court 20 days from Nov 25, 2003, I think that makes it the 15th of Dec.

I have also included 5 blank signature pages to use for the front page, last page, Affidavit, proof of Service and one extra, please destroy all extras.

I also have a letter to clerk of courts please send Erie Co. Clerk 2 copies of my Response so they will time stamp a copy and return it for my records. A copy needs to be sent to all the mailings or proof of service and one to me. Thank you for your continued help and your secretaries also.



Exhibit #14 (BB)

229

January 5, 2004

To Whom It May Concern:

Mr. Douglas Burton Leuschen, my brother-in-law, mailed me his "Response to Opinion and Notice of Intent to Dismiss Without a Hearing" paperwork to be filed by December 15, 2003, on December 9, 2003. He also enclosed a letter dated December 9, 2003. I have enclosed a copy of the letter showing the December 9 date, also enclosed is a copy of the envelope showing that it was not process for mail delivery until December 11, 2003 and that my place of employment did not receive it until December 16, 2003 which was after the due date to be delivered to the Court.

I did not do anything with it until I spoke with Douglas during the Christmas Holiday and he told me to go ahead and file the paperwork. I hope you will consider the circumstance and not reject his filing, as it was not an intentional late filing since the mail service was late in delivery of the paperwork.

Sincerely,

Samuel J. Varo, Jr.

HOME ADDRESS:          210 HILLCREST AVENUE
                       ERIE, PA 16502
BUSINESS ADDRESS:      HARDINGER TRANSFER CO., INC.
                       1314 WEST 18TH STREET
                       ERIE, PA 16502

Exhibit #14 (cc)

230

# AFFIDAVIT

COMMONWEALTH OF PENNSYLVANIA)

                                                    SS:

COUNTY OF ERIE                                  )

Before me, a notary public, personally appeared Samuel J. Varo, Jr., who resides at 210 Hillcrest Avenue, Erie, PA 16509, and works at Hardinger Transfer Co., Inc. 1314 West 18th Street, Erie, PA 16502 and who being duly sworn (affirms) according to law, doth depose and say that he wrote the enclosed letter for the purpose therein contained and did present the original documents at this time and further deponent sayeth not.

_____

Samuel J. Varo, Jr.

Sworn to and subscribed before me
this 5th day of January, 2004.

_____

Notary Public

> Notarial Seal
> Elsie Skinner, Notary Public
> Millcreek Twp., Erie County
> My Commission Expires Mar. 21, 2004
> Member, Pennsylvania Association of Notaries

Exhibit #14 (DD)

231

# CERTIFICATE

COMMONWEALTH OF PENNSYLVANIA)

                                     SS:

COUNTY OF ERIE                      )


I certify that the attached copy of the letter from Douglas Burton Leuschen dated December 9, 2003 and the envelope from Mr. Leuschen postmarked December 11, 2003, is a true, correct, and complete copy of the original letter and envelope, which was mailed to Samuel J. Varo at his place of employment.

In witness whereof, I hereunto set my hand and official seal.

_Elsie Skinner_

Notary Public

Notarial Seal
Elsie Skinner, Notary Public
Millcreek Twp., Erie County
My Commission Expires Mar. 21, 2004
Member, Pennsylvania Association of Notaries

Exhibit #14 (EE)

232



RECEIVED DEC 16 2003

RETURN SERVICE
REQUESTED

PRESOR
FIRST C

CASHIER

Hardinger % Sam Varo
1314 W 18 TH St.
Erie, Pa. 16502

Doug Sauahu #107035
Allegheny Co. Jail
950 Second Ave
Pittsburgh, Pa. 15219-3100

Exhibit #14 (FF)

233