*Refiled 11-18-03*

**RECEIVED**
OCT 2 2 2003
SUPREME COURT
WESTERN DISTRICT

In The Supreme Court of Pennsylvania
Western District

Douglas Burton Leuschen

v

William Cunningham
Robert Catalde

Application For Leave to File
Original Process

Grounds for Relief: Pennsylvania Constitution
Article I, Section 11, Article V, Section 5;
Title 42 Pa. C.S., Sections 912 and 931.

Relief Sought: Compel Erie County Court of Common Pleas
to take official action and rule on Petitioner's
Writ of Error filed September 25, 2002.

*Douglas Burton Leuschen* #107035

Petitioner, Pro-se:
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA 15219

Exhibit # 19 (A)

256

In The Supreme Court of Pennsylvania
Western District

| | |
|---|---|
| Douglas Burton Leuschen ) | |
| ) | Criminal Case No. 696 of 1989 |
| ) | OTN No. C-022752-2 |
| v ) | |
| ) | |
| William Cunningham ) | |
| Robert Catalde ) | |

Petition For
Writ of Mandamus

Comes now the petitioner, Douglas Burton Leuschen, pro-se, before the Honorable Supreme Court of Pennsylvania and seeks a Writ of Mandamus upon Erie County Court of Common Pleas, William Cunningham, and Robert Catalde to compel a ruling consistent with the laws and justice in the Writ of Error filed upon the court on September 25, 2002 in case number 696 of 1989 of Erie County Criminal Court OTN number C-022752-2, and so states the causes herein:

*Douglas B Leuschen #107035*
*Allegheny County Jail*
*950 Second Ave.*
*Pittsburgh, Pa. 15219*

*11-17-03*

Citations In Support Of
Writ of Mandamus

I

1. Pennsylvania Constitution, Article I, Section 11

   "All courts shall be open; and every man for an injury done to him in his lands, goods, person or reputation shall have a remedy by due course of law, and right and justice administered without sale, denial, or delay. Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may direct by law."

2. Pennsylvania Constitution, Article V, Section 5 (A)(b)
   under Courts of Common Pleas

   "having unlimited jurisdiction in all cases except as may otherwise be provided by law."

3. Title 42 Pa. C.S., Section 912

   Powers of Courts of Common Pleas

   "Every court of Common Pleas shall have power to issue, under its judicial seal, every lawful Writ and process to be served or enforced by system and related personnel as such courts have been heretofore authorized by law or usage to issue. Every judge of a common pleas court shall have all the powers of a judge or district justice of the minor judiciary."

3

Exhibit #19 (c)             258

4. Title 42 Pa. C.S., Section 931

> Original Jurisdiction and Venue:
>
> (a) General rule: "except where exclusive original jurisdiction of an action or proceeding is by statue or general rule pursuant to section 503 (relating to assignment of matters) vested in another court of this commonwealth, the courts of common pleas shall have Unlimited Original Jurisdiction of all actions and proceedings including all actions and proceedings heretofore cognizable by law or usage in the courts of common pleas."

5. Boddie v CT 401 US 371, 91 S Ct 780, 28 L Ed 2d 113 (1971)

> Which specifically requires a Writ of Error to be heard at any time, since; it goes to the jurisdiction of the court.

II

1. Jurisdiction to hear this cause of action is founded upon Title 42 Pa. C.S., Section 721.

2. Question Presented

    A. Does the Erie County Court of Common Pleas have a duty to hear and rule on Petitioner's Writ of Error filed upon the Court September 25, 2002, on a finding of guilt in case number 696 of 1989 from Erie County Court of Common Pleas Criminal Division?

3. Statement of the Case

    A. On February 24, 1989 the petitioner, Douglas Burton Leuschen, was charged with violation of 18 Pa. C.S., Section 6106, tried on July 13 and 14, 1989 and found guilty on Count Number 1 weapons without a license.

    B. On September 25, 2002, the petitioner filed a Writ of Error in Erie County Court of Common Pleas on number 696 of 1989. The court took no action.

    C. On August 25, 2003, petitioner filed a Praecipe For Adverse Judgment in accordance with Pa. R. App. 301 (e), on his Writ of Error filed September 25, 2002, in case number 696 of 1989 in Erie County Court of Common Pleas. Again, the Court took no action.

    D. On September 15, 2003, Petitioner was tried and "convicted in Federal District Court of Western Pennsylvania for violation of 18 U.S.C., Section 922 (g) (1), convicted felon with firearms", case number 02-163, predicated upon his state conviction number 696 of 1986 in Erie County Court of Common Pleas Criminal Division.

Exhibit #19 (E)

260

E. Because of Erie County Court of Common Pleas wrongful conviction, unequal and unjust offense rating and sentence, and continued obstruction in the due and proper administration of law, including the courts assigning this Writ of Error to a judge who at the time of petitioner's case number 696 before the court, at trial, was Erie County's District Attorney, petitioner is still seeking remedy from a fundamentally unreliable and capricious finding of guilt.

F. Judge William Cunningham should have recused himself in September of 2002 when the Writ of Error was assigned to him; instead, he has failed to act even after petitioner filed a Praecipe For Adverse Judgement on August 25, 2003.

G. Case number 696 of 1989 has been appealed in one form or another more than ten different times by petitioner pro-se, and legal counsel. The appeal has not been heard once on its issues of appeal or merits. Paid legal counsel after receiving remuneration for services in appeals filed untimely appeals in two out of three occasions. Court appointed Counsel knowingly and maliciously filed a false and unfounded "no merit letter" to obstruct petitioner's appeal. The Erie County Court of Common Pleas with its continued politic and bad behavior has obstructed the proper administration of law, is reflected in the case docket entries, and has caused petitioner injuries at law.

Exhibit #19(F)                                                                                   261

4. Petitioner has on his own, and through legal counsel litigated for appeal on number 696 since 1989 to receive justice and remedy due, and proscribed by law, whereas:

    A. Petitioner has a right to justice and remedy under the Pennsylvania Constitution Article I, Section 11.

    B. Erie County Court of Common Pleas has jurisdiction pursuant to the Pennsylvania Constitution Article V, Section 5; Title 42 Pa. C.S., Section 912 and 931, and a duty to review and issue ruling consistent with the Constitution, law and justice.

    C. Petitioner states he has no other relief available than to request the Supreme Court to exercise Original Jurisdiction to issue an order upon Erie County Court of Common Pleas compelling official action upon Petitioner's Writ of Error.

Exhibit #19 (G)

7

262

III

For the causes state herein the petitioner Douglas Burton Leuschen, pro-se does seek a Writ of Mandamus from the Honorable Supreme Court of Pennsylvania Western District to Compel the Erie County Court of Common Pleas to take official action upon his Writ of Error filed September 25, 2002 in accordance with law, justice and right, and so moves the court.

*Douglas Burton Leuschen*
Respectfully Submitted
Petitioner, Pro-se

11-17-03

Douglas Burton Leuschen
D.O.C. #107035
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA 15219

8