In The Court of Common Pleas
Erie County, Pennsylvania

Commonwealth of Pennsylvania )
                              )
                              )     Emanating From Case No. 696 of 1989
           v                  )         Erie County, Pennsylvania
                              )
Douglas Burton Leuschen       )
Defendant, Petitioner, Pro-se )

Defendant's Response to Opinion and
Notice of Intent to Dismiss Without Hearing

Comes now the defendant, petitioner, pro-se, Douglas Burton Leuschen, before the Honorable Court and files Defendant's Response to Opinion and Notice of Intent to Dismiss Without Hearing defendant's Amended Writ of Error With Whole Record Test and so states his causes herein:

Jurisdiction to hear this cause of action is founded upon Title 42 Pa. C.S., Section 9545 (b), (1), (i); 912, and 931; the Pennsylvania Constitution Article I, Section II, Article V, Section 5.

Respectfully Submitted,
Douglas Burton Leuschen

Douglas B Leuschen
12-30-03

Exhibit #20 (A)

-1-

264

Jurisdiction Supplement

Appellant states jurisdiction is founded upon 42 Pa. C.S., Section 9545(b),(1),(i), interference by government officials with presentation of the claim in violation of the Constitution and laws of this Commonwealth, and of the Constitution and laws of the United States, and 42 Pa. C.S., Section 9545(b), (1),(ii), a claim which was unknown to the petitioner and could not have been ascertained by due diligence.

The court appointed appellant post conviction counsel on February 28, 1990 and granted him leave to withdraw on May 29, 1990 before his Post Conviction Collateral Relief was denied on May 30, 1990, and deprived him of effective assistance in his petition, and all assistance of counsel, in his appeal from the courts order denying relief in his petition. This is in direct violation of Pennsylvania Rules of Criminal Procedure Rule 1504(d).

Appellant has suffered a double jeopardy in that his conviction and sentence on #696 of 1989 Erie County Court has created a double jeopardy where he has been deprived of his right to possess firearms through an obscure interpretation of federal statutes by case law in the courts and not by legislated intent or text of statute. The statute 18 U.S.C., Section 921(a),(20) gives the state, where jurisdiction was exercised in misdemeanor convictions, the right to determine who can possess firearms. The state neither at sentencing or by statute has deprived the appellant of the right to possess firearms, but the federal courts have ruled the text of 921(a),(20) which reads: . . . "or has had civil rights restored" . . . means total restoration of all rights instead of the states implied right to possess in 18 Pa. C.S., Section 6105, if one is not deprived by this state statute. This federal courts interpretation is in opposition to the Senate Judiciaries intended enactment of the Firearm Owner's Protection Act noted in U.S. v Cassidy (899F2d 543 at 546, III A.), and by newly discovered facts on punishment discovered at trial September 29, 2003, the appellant filed his amended Petition for Writ of error within the 60 days requirement under 42 Pa. C.S., Section 9545(b),(1),(ii), on November 13, 2003.

Given the fact that due to the deprivation of counsel in first Post Conviction Relief petition, appellant's retained counsel Chris Rand Eyster should be held to the "effective assistance of counsel standard"

Exhibit #20 (B)    -2-    265

which he did not meet in the second petition, which by courts interpretation in Commonwealth v Peterson 756A2d 687(Pa. Super 2000) and Commonwealth v Leasa 759A2d 941 the petitioner's substantive issues were "effectively waived" as a result of his attorney's blatant mistake.. Appellant's counsel Chris Rand Eyster effectively waived petitioner's appeal from court's order denying his Post Conviction Relief petition because of blatant disregard for the statute of limitations on filing his appeal as evidenced in court docket entry dated March 11, 1994.

Exhibit #20 (c)   - 3 -   266

History of Case

On July 14, 1989 appellant was found guilty of Count #1 "Firearm not to be carried without a License", (18 Pa. C.S., Section 6106), a misdemeanor of the first degree, and Count #4, "Loaded Firearm in a Vehicle", (34Pa. C.S., Section 2503) a summary offense of the 5th degree.

On July 31, 1989 appellant's counsel filed Motion in Arrest of Judgement and for a New Trial, it was denied by the court on July 31, 1989. On August 25, 1989 appellant's pro-se, Writ of Habeas Corpus denied as improperly brought.

On September 21, 1989 appellant was sentenced eight months to five years on Count #1, and $100 fine on Count #4.

On November 16, 1989 appellant filed pro-se Motion to Proceed In Forma Pouperis, Motion for Transcribing Court Proceedings, Petition of Rights, and Motion for Return of Property, and Petition under Post Conviction Hearing Act. On December 28, 1989 appellants filings of November 16, 1989 were denied in total because he failed to set forth a cause of action and because appellant is and has been represented by counsel.

On January 23, 1990 appellant filed pro-se petition for Arrest in Judgement and New Trial, and Motions for Court Order and Motion to Amend Information for Return of Property. On January 24, 1990, the court denied Petition and Motions as improperly filed and untimely.

On February 9, 1990 appellant filed Petition under Post Conviction Hearing Act, and on February 28, 1990, the court appointed Counsel Jack E. Grayer, ordered counsel to amend or Supplement the petition within 30 days from date of order.

On March 23, 1990 the court ordered that the court Stenographer shall Transcribe the Notes of Testimony for Trial and Sentencing Proceedings and further ordered appellant's counsel has 15 days after the last of transcribed notes of testimony are filed to amend appellant's Post Conviction Relief Act Petition.

On May 29, 1990 after appellant's counsel filed "No Merit Letter" and upon the court, consideration of the letter and their own independent review of the record counsel was granted leave to

Exhibit #20 (D)

-4-

267

withdraw his appearance for appellants. Then on May 30, 1990 appellant's Petition under Post Conviction Hearing Act was ordered denied.

On June 13, 1990 appellant filed Motion To Proceed Pro-se, Motion for Enlargement of Time to File Objection to Defense Counsel's "No Merit Letter", Motion for Enlargement of Time in Which to File Concise Statement, Motion for Transcribed Notes of Testimony and Court Records.

On August 7, 1990, the court ordered appellant's Motion to Proceed Pro-sec is granted. Motion for Enlargement of Time to File Objections to counsel's "No Merit Letter" and Motion For Enlargement of Time in Which to File Concise Statement are hereby denied. In addition, Motion for Transcribed Notes of Testimony and Court Records is denied having failed to specifically set forth how any of the requested transcriptions will be relevant to any specific issues that he raised on appeal.

On August 30, 1990, appellant filed a Motion for Order to Compel Lower Court to Transmit Record to Defendant in the Superior Court. On September 4, 1990, all papers were returned from Superior Court and an Order was issued upon consideration of Motion to Compel, and the record is remanded to the trial court for 30 days to act upon Motion for Transcribed Notes of Testimony. The court noted that the docket entries note such a motion, but that motion was not contained in the records sent to the Superior Court, jurisdiction was retained by Superior Court.

On September 24, 1990, the lower court ordered upon consideration of Motion for Transcribed Notes of Testimony and Court records filed June 13, 1990, that paragraph 2, sub-section (a) and (b) are granted; sub-section (c), (d) and (e) are denied.

On November 27, 1990 appellant filed Brief. The lower court's certified true copy of docket does not list many entries and orders, and is silent until May 7, 1991, when all papers were returned from Superior Court and an Opinion and Judgement Order of Superior Court filed showing the following order – and now, this 19th day of March 1991, it is ordered as follows: Order Affirmed.

In August of 1993 appellant retained private counsel and filed Motion for Post Conviction Collateral Relief on August 31, 1993 by Chris Rand Eyster. On February 10, 1994, the court ordered

Exhibit #20 (E)

-5-

appellant's Second Post Conviction Relief Act Petition is denied without a hearing.

Appellant counsel's appeal from order dated February 10, 1994 was returned as untimely on March 14, 1994. Counsel Chris Rand Eyster filed March 11, 1994 notice of appeal.

On March 22, 1994, appellant's appeal was docketed in Superior Court, and on November 30, 1994, the Superior Court issued an order and affirmed.

Appellant's counsel filed a Writ Habeas Corpus in Federal District Court and the Writ was dismissed for being filed after tolling of the statue of limitations. Appellant filed a pro-se motion for reconsideration stating appellant's counsel purposely defaulted the Writ of Habeas Corpus. After appellant's counsel received monies to file appeal in Federal District Court and was unable, later, to coerce appellant into accepting a pardon from Governor Tom Ridge through his brother David Ridge whom he went to school with, appellant's motion for reconsideration was denied for lack of jurisdiction. Appellant then filed a pro-se appeal in the Third Circuit Court of Appeals #96-3473 but was denied for lack of jurisdiction.

On September 25, 2002, appellant filed a Writ of error with Whole Record Test after being charged in Federal District Court as a convicted felon with firearms (18U.S.C., Section 922(g),(1)) case #02-163. The case #696 of 1989 Erie County Court, now before the court was the predicate offense upon which the federal charge is based.

Exhibit #20 (F)

269

The court record reflects a tortured history. Pro-se attempts in appeal, ineffective assistance of counsel, abandonment of petitioner's appeal rights under Rules of Criminal Procedure Rule 1504(d), obstruction of meritorious issues in the appeal, violations of due process, and an ongoing effort by appellant, with due diligence, to have a meaningful review of his conviction on issues of merit.

The record shows on December 28, 1989, petitions and motions were denied as failing to set forth a cause of action entitling the defendant to the remedy requested, and because defendant is and has been represented by counsel. Appellant's counsel of record abandoned appellant's right to direct appeal, and on February 28, 1990 the court appointed Jack Grayer as appellant's counsel. The court ordered Jack Grayer "to amend or supplement the said petition within 30 days from the date of this order." Appellant's Counsel Jack Grayer did not amend or supplement the petition but filed a "No Merit Letter" without review of the issues raised by the appellant. In Commonwealth v Albrecht 720A2x 693 (Super. 998) the Superior Court states:

> "Post conviction counsel's decision that post-conviction petition lacks merit must be supported by: (1) "No Merit Letter" by counsel detailing nature and extent of his review, (2) "No Merit Letter" by counsel listing each issue petitioner wished to have reviewed, (3) counsel's explanation, in "No Merit Letter", of why petitioner's issues were meritless, (4) post conviction court conducting its own independent review of record, and (5) court agreeing with counsel that petition is meritless.

and in Commonwealth v Hampton 718A2d 1250 (Super. 1998) at 3 the court states:

> "Once appointment has been made for post conviction relief petitioner's counsel may seek to withdraw, after a thorough review of the record has been made, where nonfrivolous issues justifying the pursuit of post conviction collateral relief are lacking; however, counsel may not accept appointment, thereby engendering the reliance of both his client and the court, without undertaking of record either to advance his client's claims or certify their lack of merit. 42Pa. C.S.A. 9541-9546."

Exhibit #20 (G)

-7-

270

Pennsylvania Rules of Criminal Procedure Rule 1504(d) states:

> "An appointment of counsel shall be effective throughout the post conviction proceedings, including any appeal from disposition of the motion for post conviction collateral relief."

Appellant's counsel Jack Grayer appointed by the court was not effective, did not amend or supplement the petition to advance his claims, but filed a "No Merit Letter" upon the court falsely certifying there were no issues of merit in his appeal. He did not detail the nature and extent of his review, list the issues raised for appeal by appellant, or why they ere meritless.

The Post conviction court conducted an independent review but does not state why issues raised were meritless and petition was denied. Counsel was granted leave by order of the court to withdraw as appellant's counsel on May 29, 1990. The next day May 30, 1990 petitioner's Post Conviction Relief petition was denied by order of the court.

Appellant continued to appeal his conviction pro-se after being denied the assistance of counsel contrary to 42 Pa. C.S., Sections 9541 – 9546, and Pennsylvania Rules of Criminal Procedure Rule 1504(d), until August of 1993.

Chris Rand Eyster was retained as hired counsel for appellant and filed a petition for Post Conviction Collateral Relief on August 31, 1993. The petition was denied on February 10, 1994, as his second P.C.R.A. petition.

In Commonwealth v Peterson 756 A2d 687 (Super. 2000), the court stated:

> "Defendant's "second" post conviction petition was not untimely; rather, in interests of justice, Superior Court would consider appeal merely an extension of litigation of defendant's first post conviction petition, given the tortured procedural history of case, which involved the attempted withdrawal by defense counsel and counsel's abandonment of defendant."

Because appellant was deprived of counsel during his first Post Conviction Collateral Relief petition, and because appellant is by law entitled to effective assistance of counsel throughout his appeal

-8-



including appeal to any disposition of petition (Pa. R.Cr. P. Rule 1504(d)) his "second" petition should be considered a continuation of his first petition, as in Commonwealth v Peterson.

Appellant's hired counsel Chris Rand Eyster was ineffective for failing to file a timely appeal from the court's denial of his Post Conviction Relief petition denied on February 10, 1994 and appeal to denial was filed on March 11, 1994 denied as untimely. The Superior Court affirmed the lower courts ruling.

Not one of appellant's petitions, has been reviewed on its merit issues which clearly show violations of law, withholding of exculpatory evidence, handicap discrimination, unlawful conviction based on a statute that was repugnant to the Constitution of the United States and this Commonwealth and contrary to 1 Pa. C.S., Section 1922,(3). The finding of guilt by a jury trial was fundamentally unreliable, as have appellant's appeals all of which has been due to ineffective assistance of counsel.

In Commonwealth v Austin 721 A2d 375 (Pa. Super. 1998) the court state the Rules of Criminal Procedure requires a judge to order petition made under Post Conviction Relief Act, to be amended to eliminate defects when there is prejudice, that an innocent man was convicted, or a manifest injustice has occurred.

Appellant submits there has been a tortured history of #696 of 1989 from arrest, charge, prosecution, conviction and appeal process to date which on the face of the record shows violations of law, the Constitution of the United States and the Commonwealth which has resulted in a miscarriage of justice in a fundamentally unreliable conviction and appeal review, under the Post Conviction Collateral Relief Act.

For the causes stated herein petitioner seeks the courts review and reversal of his conviction by review of his Writ of Error with Whole Record test as a continuation of litigation on his first P.C.R.A. petition.

Respectfully Submitted,
Douglas Burton Leuschen

*Douglas B Leuschen*
12-30-03

Exhibit #20 (I)

- 9 -

272

## Proof of Service

I, Douglas Burton Leuschen, pro-se, do hereby certify that a true and accurate copy of the foregoing "Response to Opinion and Notice of Intent to Dismiss Without a Hearing" has been sent to the following parties this 30th day of December 2003.

1. William Cunningham
   Erie County Courthouse
   140 West 6th Street
   Erie, PA 16501

2. Clerk of Courts
   Erie County Common Pleas Court
   Erie County Courthouse
   140 West 6th Street
   Erie, PA 16501

3. Pennsylvania Attorney General Michael Fisher
   Western Regional Office
   425 Sixth Avenue
   Pittsburgh, PA 15222

4. Office of Prothonotary
   Supreme Court of Pennsylvania – Western District
   801 City County Building
   Pittsburgh, PA 15219

Douglas Burton Leuschen

*Douglas B Leuschen*
12-30-03

Exhibit #20 (I)

273

## Affidavit

I, Douglas Burton Leuschen, petitioner, pro-se, do hereby certify the forgoing Response to Opinion and Notice of Intent to Dismiss Without a Hearing is true and accurate to the best of my knowledge, information, and belief, and do so in accordance with Title 18 Pa. C.S., Section 4904.

Douglas Burton Leuschen

*Douglas B Leuschen*

12-30-03

Exhibit #20 (K)

274