**42 Pa.C.S.A. § 9544**
Note 135

CRIMINAL PROCEEDINGS

waiver under this section. Com. v. Deen, 119 Pitts.L.J. 71 (1970).

Where alleged constitutionality of petitioner's statement was cognizable prior to trial on charge of murder of second degree, issue was waived and could not have been considered in post-conviction proceeding unless petitioner either rebutted presumption that failure to raise issue prior to trial was knowing and understanding, or petitioner alleged and proved existence of extraordinary circumstance which justified failure to raise issue. Com. v. Sherard, 394 A.2d 971, 483 Pa. 183, Sup.1978.

Since validity of a defendant's plea is cognizable on direct appeal, issue is waived and cannot be raised in postconviction proceeding unless defendant either rebuts presumption that failure to raise issue on direct appeal was knowing and understanding or alleges and proves existence of an extraordinary circumstance justifying failure to raise issue. Com. v. LaSane, 389 A.2d 48, 479 Pa. 629, Sup.1978.

**137. —— Commonwealth's burden of proof, waiver**

In order to establish an intelligent waiver of the right to appeal and the right to the assistance of counsel on appeal, the Commonwealth must demonstrate, where the record is silent, that the defendant was aware of both his right to appeal and his right to court appointed counsel. Com. v. Vennie, 89 Dauph. 374, 1968; Com. v. Bogue, 89 Dauph. 370, 1968.

When trial record is silent on question of notice and waiver of appeal rights, burden is on Commonwealth to prove that postconviction petitioner has received notice and knowingly and intelligently waived his right to appeal. Com. v. Sweitzer, 395 A.2d 1376, 261 Pa.Super. 183, Super.1978.

Commonwealth which failed to show whether or not petitioner's trial counsel asked voir dire questions which, if answered truthfully, would have brought to light alleged prejudice of juror failed to sustain its burden of proving that petitioner waived his right to assert his prejudiced-juror claim. Com. v. Cornitcher, 291 A.2d 521, 447 Pa. 539, Sup.1972.

**138. —— Petitioner's burden of proof, waiver**

The more proximate a petition pursuant to the Post Conviction Hearing Act is filed to the time that the issue in question should have been raised, the greater vitality the petition will have in terms of appellate review, while the longer its delay between the time it could have been presented and the time it was brought to attention of the court, the less vitality that issue will have and the greater the burden placed on petitioner to overcome the presumption of waiver of the issues raised in his petition. Com. v. McAndrews, 520 A.2d 870, 360 Pa.Super. 404, Super.1987.

To obtain relief under Post Conviction Hearing Act, petitioner must first establish that his claim has not been waived. Com. v. Pfaff, 437 A.2d 1188, 496 Pa. 572, Sup.1981.

Where record is silent as to whether a waiver of a federal constitutional right occurred, burden of proving nonwaiver is not upon the defendant but is upon the Commonwealth. Com. v. Cornitcher, 291 A.2d 521, 447 Pa. 539, Sup.1972.

Under evidence that trial judge did not inform defendant of his right to appeal from conviction of murder, and that defendant's original lawyers abandoned him after sentence had been imposed, Commonwealth failed to meet its burden of proving that defendant waived his right to appeal. Com. v. Herge, 260 A.2d 787, 436 Pa. 542, Sup.1970.

Commonwealth, at postconviction hearing of petitioner who alleged that he was not told of his right to appeal with counsel, had burden of proving that petitioner knowingly and intelligently waived such right where trial record was silent on issue of waiver. Com. v. Gist, 249 A.2d 351, 433 Pa. 101, Sup.1969.

Where, at postconviction hearing, trial counsel of petitioner was unable to testify as to exactly what he told petitioner about his appeal rights and could not state that he had told petitioner that he was entitled to free counsel on appeal if necessary, Commonwealth failed to discharge its burden of proving that petitioner knowingly and intelligently waived right to appeal with counsel. Com. v. Gist, 249 A.2d 351, 433 Pa. 101, Sup. 1969.

POST-TRIAL MATTERS

**42 Pa.C.S.A. § 9545**

To be eligible for relief under Post Conviction Hearing Act, a petitioner must prove the error resulting in his conviction and sentence has not been waived. Eagen, C.J., with two Justices concurring and two Justices concurring in the result.) Com. v. Betrand, 399 A.2d 682, 484 Pa. 511, Sup.1979.

In postconviction hearing proceeding, defendant failed to establish that challenge to alleged erroneous jury charge on voluntary intoxication, which was not objected to at trial, had not been waived. Com. v. Mathis, 398 A.2d 968, 484 Pa. 109, Sup.1979.

Where postconviction petitioner neither alleged nor proved any extraordinary circumstances which would have justified his failure to raise certain issues on direct appeal from conviction, the issues have been waived. Com. v. O'Searo, 396 A.2d 1173, 483 Pa. 286, Sup.1978.

A defendant seeking postconviction relief must prove that the error resulting in his conviction and sentence has not been finally waived by a knowing and understanding failure to raise the error in the absence of extraordinary circumstances to justify the failure. Com. v. Lopez, 396 A.2d 454, 262 Pa.Super. 1, Super.1978.

To raise claim of ineffectiveness of counsel for first time in Post Conviction (1968).

**§ 9545. Jurisdiction and proceedings**

**(a) Original jurisdiction.**—Original jurisdiction over a proceeding under this subchapter shall be in the court of common pleas. No court shall have authority to entertain a request for any form of relief in anticipation of the filing of a petition under this subchapter.

**(b) Time for filing petition.**—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

Hearing Act, proceeding, petitioner who was represented on appeal by counsel other than trial counsel must demonstrate existence of some extraordinary circumstance justifying failure to raise issue on direct appeal; otherwise, ineffectiveness claim is waived. Com. v. May, 382 A.2d 1223, 476 Pa. 385, Sup.1978.

To be eligible for relief under Post Conviction Hearing Act, individual must prove, inter alia, that error complained of in prosecution proceedings has not been waived. Com. v. Conner, 341 A.2d 79, 462 Pa. 278, Sup.1975.

A petition under 19 P.S. § 1180-1 et seq. (repealed; see, now § 9541 et seq. of this title) was denied after hearing, held following a remand from the Pennsylvania Supreme Court, from which it was determined that petitioner failed to sustain his burden of showing that his pleas were not made knowingly and intelligently. Com. v. Bordner, 89 Dauph. 36 (1968).

To be eligible for relief under Post Conviction Hearing Act proceeding, petitioner must demonstrate existence of extraordinary circumstances justifying his failure to raise issue of jury trial waiver on direct appeal, issue was waived. Com. v. Yarbough, 375 A.2d 135, 248 Pa.Super. 356, Super.1977.

Exhibit #21(A)

42 Pa.C.S.A. § 9545     CRIMINAL PROCEEDINGS

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

(4) For purposes of this subchapter, "government officials" shall not include defense counsel, whether appointed or retained.

(c) **Stay of execution.**—

(1) No court shall have the authority to issue a stay of execution in any case except as allowed under this subchapter.

(2) Except for first petitions filed under this subchapter by defendants whose sentences have been affirmed on direct appeal by the Supreme Court of Pennsylvania between January 1, 1994, and January 1, 1996, no stay may be issued unless a petition for postconviction relief which meets all the requirements of this subchapter has been filed and is pending and the petitioner makes a strong showing of likelihood of success on the merits.

(3) If a stay of execution is granted, all limitations periods set forth under sections 9574 (relating to answer to petition), 9575 (relating to disposition without evidentiary hearing) and 9576 (relating to evidentiary hearing) shall apply to the litigation of the petition.

(d) **Evidentiary hearing.**—

(1) Where a petitioner requests an evidentiary hearing, the petition shall include a signed certification as to each intended witness stating the witness's name, address, date of birth and substance of testimony and shall include any documents material to that witness's testimony. Failure to substantially comply with the requirements of this paragraph shall render the proposed witness's testimony inadmissible.

(2) No discovery, at any stage of proceedings under this subchapter, shall be permitted except upon leave of court with a showing of exceptional circumstances.

(3) When a claim for relief is based on an allegation of ineffective assistance of counsel as a ground for relief, any privilege

---

POST-TRIAL MATTERS     42 Pa.C.S.A. § 9545

concerning counsel's representation as to that issue shall be automatically terminated.

1982, May 13, P.L. 417, No. 122, § 2, imd. effective. Amended 1988, April 13, P.L. 336, No. 47, § 3, imd. effective; 1995, Nov. 17, P.L. 1118, No. 32 (Spec. Sess. No. 1), § 1, effective in 60 days.

**Suspended**

Subsections (c)/(3) and (d)/(2) of this section are suspended permanently by order of the Supreme Court dated August 11, 1997, effective immediately.

The 1997 order further provides that it shall apply retroactively to all cases in which the death penalty was imposed on or after January 1, 1996 and that appointments of counsel made pursuant to the Capital Unitary Review Act shall remain in effect for purposes of challenges under the Post Conviction Relief Act (as amended in 1995 and by the 1997 order), and under Chapter 1500 (as amended by the 1997 order).

**Historical and Statutory Notes**

The 1988 amendment rewrote the section and the heading.

Section 6 of the Act 1988, April 13, P.L. 336, No. 47, provides that the amendment to this section shall apply to all actions for collateral relief, whether statutory or common law, instituted on or after the effective date of this act, irrespective of the date of conviction or sentence.

The 1995 amendment rewrote this section, which formerly read:

"(a) Original jurisdiction.—Original jurisdiction over a proceeding under this subchapter shall be in the court in which the conviction was obtained.

"(b) Rules governing proceedings.— The Supreme Court may, by general rule, prescribe procedures to implement the action established under this subchapter

Section 3(1) of Act 1995 (Spec. Sess. No. 1), Nov. 17, P.L. 1118, No. 32 provides that the amendment of 42 Pa.C.S. §§ 9542, 9543, 9544, 9545 and 9546 shall apply to petitions filed after the effective date of this act; however, a petitioner whose judgment has become final on or before the effective date of this act shall be deemed to have filed a timely petition under 42 Pa.C.S. Ch. 95 Subch. B if the petitioner's first petition is filed within one year of the effective date of this act.

**Prior Laws:**

1970, Nov. 25, P.L. 759, No. 249, § 1.
1966, Jan. 25, P.L. (1965) 1580, No. 554, § 5 (19 P.S. § 1180-5).

**Library References**

Criminal Law ⟸9541(1).
WESTLAW Topic No. 110.
Burden of proof and presumptions, burden of persuasion in criminal cases, see Packel & Poulin, 1 Pennsylvania Practice § 305.

**Notes of Decisions**

In general 1
Contents 2
Counsel 3
Discretion of court 6
Finality of judgment 7
Time of filing 4

Exhibit #21 (B)