that?

THE DEFENDANT: Yes, sir, that's the reason for my question. I do not have access to a law library on Friday, Saturday or Sunday, so that limits my --

THE COURT: I will discuss this matter with your attorney.

THE DEFENDANT: Yes, sir, thank you.

THE COURT: Now, is there anything further to be handled today?

MR. D'ALBA: Yes, Your Honor. I'd like to move that the bond in this matter be reduced. It's been set at what I feel would be an unreasonably high and prohibitive amount, that being $5,000 cash; that's in addition to a second $5,000 cash bond also. So basically, what Mr. Leuschen is looking at right now is, in essence, a hundred thousand bond, if you were to take another ten percent of that for the nature of these charges. The other retaining charge is simple assault. For a man facing, now, one count of unlawful possession of a firearm and one count of simple assault to be required to post ten thousand dollars bond is severely, in my opinion, excessive. Mr. Leuschen has been cooperative in making all his appearances and I don't anticipate that he'll be any security risk for fleeing. In addition, the one factor that has held up

```
 1         a reduction of his bond that was requested was a
 2         psychological evaluation.  That psychological
 3         evaluation was just provided, I believe, on Wednesday.
 4         It was provided on the 11th, which may have been --
 5              THE COURT:  Three days ago.
 6              MR. D'ALBA:  In any case, the psychological
 7         evaluation concludes that Mr. Leuschen is indeed not a
 8         threat to the community.
 9              THE COURT:  Who has that evaluation?
10              MR. D'ALBA:  I have a copy of it.
11              THE COURT:  Was that done at the request of a
12         court?
13              MR. D'ALBA:  Yes, it was.
14              THE COURT:  One of the judges wanted to consider
15         that?
16              MR. D'ALBA:  Yes, and then it was presented and
17         the consideration was delayed for another week.
18              THE COURT:  Which judge is that?
19              MR. D'ALBA:  Judge Joyce.  That is that right now
20         Mr. Leuschen has been incarcerated for what, a hundred
21         and forty days now, five months in jail on this charge,
22         and even assuming -- again, we can't speculate what the
23         Court may impose, but certainly using history as a
24         reference, five months in jail for a simple assault and
25         unlawful possession of a firearm that wasn't used in
```

any kind of crime or assault or otherwise would be an exception to the previous sentences.

THE COURT: Attorney D'Alba, I will consider that, but I don't want to conclude it today without studying the report and discussing the matter with Judge Joyce to see what his reasons may be. And also I think we have to find out the position of the District Attorney's Office in response to your request. Now, I can address that issue early on in the week. I'm on duty to get a jury, but I presume Monday I will have time to discuss this issue, if you and the District Attorney's representative will be prepared to argue it, then we can do that.

MR. D'ALBA: I would be prepared to argue it.

THE COURT: Can we leave it at this, that you'll check with me midmorning on Monday and I can sort of tell you what I have scheduled.

MR. TRUCILLA: Can I address something at this time?

THE COURT: Surely.

MR. TRUCILLA: Your Honor, on behalf of the Commonwealth, we want to first represent to the Court that now Mr. Leuschen, who formerly stood before you as a presumed innocent, has now lost that presumption, at least to one count, on a misdemeanor of the first

1  degree, which you know carries with it a possible
2  maximum punishment of up to five years.  Having that
3  consideration and that presumption lost and taken away
4  by this jury's verdict, I represent now to the Court
5  that not only can you consider the fact of whether or
6  not he'll be present, but you can also consider the
7  fact, Your Honor, pursuant to the Rules of Criminal
8  Procedure of whether or not he is, in fact, a danger to
9  the community.  That is now a just and appropriate
10 circumstance for you to consider.
11      Let me also represent to the Court, Your Honor,
12 that any time served would, of course, be more
13 appropriate at time of sentencing and not pursuant to
14 whether or not he should be released on bond.  So I
15 believe that would be a tangential issue at this time.
16      Let me also represent, Your Honor, that I think it
17 is misleading to tell you that this is, in effect, the
18 same as a hundred thousand dollars, ten percent cash
19 bond, it is -- in fact, it was set at five thousand
20 dollars cash, so that is where the bond is at this
21 time.  So don't let it be misconstrued that it could be
22 equivalent to a hundred thousand dollars, ten percent
23 or whatever, I think that is misleading to the Court
24 and I think the bond should be looked at as what it was
25 set at, five thousand dollars cash, Your Honor.

1    MR. D'ALBA: Twice.

2    MR. TRUCILLA: Twice.

3    THE COURT: On each, so it's ten thousand.

4    MR. D'ALBA: Ten percent of a hundred thousand.

5    MR. TRUCILLA: Could be a million at one percent,
6    whatever way you want to look at it, but to the Court
7    it is misleading.

8    THE COURT: I understand your argument, I
9    understand that.

10    MR. TRUCILLA: Your Honor, the other point I want
11    to make, and let me ask you this, Mr. Leuschen, were
12    you on a detainer of any kind?

13    MR. D'ALBA: No, he was not.

14    MR. TRUCILLA: So again, with regards to the time
15    that he has served in jail would go to time of
16    sentencing.

17    THE COURT: I understand that.

18    MR. TRUCILLA: My position, Your Honor, would not
19    necessarily be made to ask for a dramatic increase in
20    bond, that is not what the Commonwealth is asking, but
21    I certainly would oppose a reduction.

22    THE COURT: What I plan to do now is continue the
23    present bond, and we will look at it early on in the
24    week, and I will entertain your motion, and also Mr.
25    Leuschen's request for some aid in the use of the

library. And we will attend to those issues early on in the week, Mr. Leuschen.

THE DEFENDANT: Thank you, Your Honor.

MR. TRUCILLA: Your Honor, can I address one more matter? Mr. Leuschen addressed an interest to perhaps represent or have access to a library and that is fine. However, I believe pursuant to the rules of this Commonwealth that if he's represented by counsel of record, that all motions have to be represented by and through his representative, Mr. D'Alba.

THE COURT: I realize that. We are going to talk about it on Monday.

MR. TRUCILLA: The bond motion, Attorney Zak would probably represent the Commonwealth on that.

THE COURT: Okay.

MR. TRUCILLA: I just filled in.

THE COURT: All right. Thank you all very much. We will stand adjourned.

(Whereupon, the proceedings were concluded at 4:22 p.m.)

101

1
2
3
4            **C E R T I F I C A T I O N**
5
6       I hereby certify that the proceedings and evidence are
7   contained fully and accurately in the notes taken by me on
8   the trial of the above cause, and that this copy is a correct
9   transcript of the same.
10
11                      *Andrea C. DeBartolo*
                        Andrea C. DeBartolo, RPR-CM
                        Official Court Reporter
12
13
14
15
16
17       The foregoing record of the proceedings upon the trial
18   of the above cause is hereby approved and directed to be
19   filed.
20                      _____
21                      President Judge Jess S. Jiuliante
22
23
24