**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DOUGLAS B. LEUSCHEN,<br>        Petitioner,<br><br>        v.<br><br>COMMONWEALTH OF PENNSYLVANIA,<br>        Respondent. | )<br>)<br>)   C.A. No. 05-157 Erie<br>)<br>)   **District Judge McLaughlin**<br>)   **Magistrate Judge Baxter**<br>) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed as untimely and that a certificate of appealability be denied.

**II.   REPORT**

   **A.    Relevant Procedural and Factual History**

Petitioner, Douglas B. Leuschen, is a state prisoner incarcerated within the state correctional system. Petitioner is attacking his conviction and sentence at docket number 696 of 1989 in the Court of Common Pleas of Erie County, Pennsylvania. Petitioner raises the following claims, verbatim:

   1.   The Pennsylvania state police and courts lacked jurisdiction to charge or prosecute.

   2.   Denial of effective assistance of counsel.

   3.   Appellant is innocent of the alleged criminal violation "Firearm not to be carried without a license."

   4.   Conviction was obtained by prosecutorial misconduct, fraud.

   5.   The offense charged violated defendant's handicap rights as a licensed disabled hunter engaged in the lawful exercise of a constitutionally protected right, target shooting.

   6.   The court's and prosecutor's construction, interpretation and application of the law was constitutionally and statutorily repugnant.

    7.    The statute violation for which the defendant was prosecuted "Firearm not to be carried without a License" is constitutionally repugnant to Article I, Section 21 of the Pennsylvania Constitution.

    8.    The Pennsylvania State Police did not have probable cause or warrants for arrest or search and seizure of defendant's property.

    9.    A breakdown in the court and criminal process rendered an unreliable and unjustifiable finding of guilt.

Document # 5, Petition.

In this case, Petitioner was convicted on July 14, 1989, and was sentenced on September 21, 1989. Petitioner did not pursue a direct appeal to the Superior Court.

On February 9, 1990, Petitioner filed a petition pursuant to the Post Conviction Relief Act (PCRA). The petition was denied by the trial court on May 30, 1990, and the Superior Court affirmed the denial of PCRA relief on May 19, 1991. Petitioner did not file a petition for allowance of appeal in the Supreme Court of Pennsylvania.

Petitioner filed a second PCRA petition on August 31, 1993. The lower court denied relief on February 10, 1994. Petitioner filed an appeal to the Superior Court which was denied on October 3, 1994. Petitioner did not pursue an appeal to the Pennsylvania Supreme Court.

On November 19, 2003, Petitioner filed a "Motion to Amend Petition for Writ of Error and An Amended Petition for Writ of Errors with Whole Record Test." The trial court construed this as Petitioner's third PCRA petition. On December 17, 2003, the trial court denied relief. Petitioner appealed and the Superior Court affirmed the PCRA court's denial on August 30, 2004. Petitioner sought allowance of appeal from the Supreme Court, which was denied on March 28, 2005.

On May 20, 2005, Petitioner filed the instant petition for writ of habeas corpus. The Commonwealth has responded to the petition and it is now ripe for disposition.

### B.    Statute of Limitations.

The first consideration in reviewing a federal habeas corpus petition is whether the petition was timely filed under the one-year limitations period applicable to such petitions. The applicable statute reads:

2

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (as amended).

In analyzing whether a petition for writ of habeas corpus has been timely filed under §2244(d), a federal court must undertake a three-part inquiry. First, the court must determine the date that the petitioner's direct review concluded and the judgment became "final" for purposes of triggering the one-year period under section §2244(d)(1)(A). Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to §2244(d)(2). Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented.

Here, Petitioner was convicted on July 14, 1989, and sentenced on September 21, 1989. Petitioner did not file a direct appeal. Petitioner's conviction became "final" for purposes of federal habeas review when his right to seek a direct appeal of his conviction expired under Pennsylvania law. Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000)(noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review). Petitioner's

judgment became final well before AEDPA took effect. Consequently, he had at least one year from April 24, 1996 (the effective date of AEDPA) to file his federal petition for writ of habeas corpus. See Burns v. Morton, 134 F.3d 109 (1998); Douglas v. Horn, 359 F.3d 257 (2004).

The instant petition was filed by the Clerk of Courts on May 20, 2005, years after both the conviction became final and the expiration of the one year grace period following AEDPA's enactment.

Nothing in the record indicates that Petitioner is entitled to take advantage of any of the enumerated exceptions to the one-year limitations period. Specifically, he has failed to show that any of his claims are based on a constitutional right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; nor has he shown that his claims are based on a factual predicate that could not have been discovered through the exercise of due diligence. 28 U.S.C. §2254(d)(1)(C-D). Finally, there is no indication that the doctrine of equitable tolling should be applied here.[1]

### III.   CONCLUSION

For the foregoing reasons, it is respectfully recommended that the instant petition for writ of habeas corpus be dismissed as untimely and that a certificate of appealability be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of

---

[1] The one-year limitation in §2244(d) is a statute of limitations, not a jurisdictional bar, and may be equitably tolled. Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). "Equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient." Id. at 618-19 (internal citations, quotations, and punctuation omitted). A review of the record does not disclose any extraordinary circumstances beyond Petitioner's control that account for his failure to have filed his habeas petition in a timely manner.

service to file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.


                      S/ Susan Paradise Baxter
                      SUSAN PARADISE BAXTER
                      CHIEF UNITED STATES MAGISTRATE JUDGE


Dated: August 23, 2006