In The United States District Court
For The Western District of Pennsylvania

Douglas Burton Leuschen
    Petitioner, in propria persona, Sui Juris

    V                                    Case # 05-157E

Commonwealth of Pennsylvania
    Respondent

Response and Objection To
Magistrate Judge's Report and Recommendation To
Dismiss

    Comes now the petitioner, Douglas Burton Leuschen,
in propria persona, Sui Juris, before the honorable court
and files "Response and Objection To Magistrate Judge's
Report and Recommendation to Dismiss", issued Aug. 23,
2006, and received by petitioner Aug 25, 2006, by the honorable
Chief Magistrate Judge Susan Paradise Baxter, and so
states the causes herein:

                    Douglas Burton Leuschen #07475068
                    F.C.I. McKean
                    P.O. Box 8100
                    Bradford, Pa. 16701
                    9-7-06

-1-

# Table of Contents

Pages

A.   Illegal search, seizure, and arrest                                          2

B.   Lack of Jurisdiction                                                          3

C.   Actual Innocence                                                             3

D.   Violation of Americans with Disabilities                                      7

E.   Improper Construction, interpretation, and application                        7

F.   Charge repugnant to Constitution and statutes                                10

G.   Breakdown in court process rendered finding of Guilt unreliable              14

H.   Prosecutorial misconduct                                                     16

I.   Ineffective assistance of counsel                                            17

     Relief Sought                                                                23

Caselaw Cited

1.   Fiore v White, 148 LEd2d 629, 633 (2001)                                      5

2.   U.S. v Chambers, 54 S.ct., 434, 435, 436, (1936)                             9

3.   Daniels v U.S.,     149 LEd2d 590 (2000)                                     16

4.   Coss v Lackawanna District Atty   204 F3d 453, (3d Cir. 2000)               16

5.   Drake v I.N.S.  300 F3d 600, 603, 605 (3d Cir. 2003)                          16

6.   In re: Dorsainvil  119 F3d 245, 251, (3d Cir. 1997)                          20

7.   Lubben v Selective Service System 453 F2d 645, 649 (1st Cir. 1972)           21

8.   Miller v N.J. State Dept of Corrections 145 F3d 616, 617 (3d Cir. 1998)      22

9    Am. Jur. 2d Judgments   § 25  pg 388-387                                     20-21

10.  Commonwealth v Finley  550 A2d 213 (Pa. Super 1988)                          22

11.  Gideon v Wainwright  9 LEd2d 799, 804, (1963)                                16

12.  Schlup v Delo  130 LEd2d 808 (1995)                                          19

Federal Statutes cited :                                                    Page

18 U.S.C., Section 241   Conspiracy to deprive of Constitutional rights –     11
18 U.S.C., Section 242   Deprivation of Constitutional right –               11
28 U.S.C., Section 1651   All Writs Act                                     2, 24
42. U.S.C.S., Section 12131 et. seq. ( Exhibit # 23 )                          7


State Statutes cited :

1.   18 Pa.C.S., Section 6106 (as of Feb 24, 1989) (Exhibit # 1 )
2    18 Pa.C.S., Section 6106 ( as of July 13, 14, of 1989 (Exhibit # 3 A-B)
3    Title 1 Pa.C.S., Section 1921 et. seq. (Exhibit # 5 A-D) –  2, 6, 8, 9, 14
4.   Title 34 Pa.C.S., Section         Game Codes –                            7

Exhibits as referred to are as cited in Petitioner's "Supplemental Pleading and Motion for Summary Judgment" filed 11-30-05. Please refer to Supplemental Pleading Exhibits as referenced.

Exhibit # 23 is attached herein as additional Exhibit

1. If the court should find this cause of action inadequate or ineffective to remedy the miscarriage of justice, petitioner requests the court to invoke their authority under the All Writs Act 28 U.S.C., Section 1651 and treat this instant petition, sub judica, as the great Writ Habeas Corpus Section 2241.

2. Petitioner is "actually innocent" of the charged violation 18 Pa.C.S., Section 6106, "Firearms not to be carried without a license" (Exhibit # 1 ). He was convicted and sentenced in a miscarriage of justice resulting from selective and vindictive prosecution in an Abuse of Process for:

    A. Illegal search, seizure, and arrest in violation of the 4TH Amendment, done without warrants or probable cause. There is and was no violation of 18 Pa.C.S., Section 6106 when the statute is given Statutory and Constitutional Construction pursuant to Article 1, Sections 21, 25, and 26, (Exhibit # 8 A-G ); and Title 1 Pa.C.S., Sections 1921 (c) "Legislative Intent Controls", 1922 (3), 1925, 1928 (b)(1); and 1932, (Exhibit # 5 F D).

B.     The Commonwealth of Pennsylvania and it's political subdivisions lacked jurisdiction to question, arrest, charge, prosecute, convict, and sentence petitioner. The Pennsylvania State Police and the Courts by specific Constitutionally limited jurisdiction and authority did not have jurisdiction or authority to question, deny, abridge, convict or sentence the petitioner for the lawful exercise of a state civil right, the right to keep and bear arms under the Pennsylvania Constitution Article 1, Sections 21, 25, and 26; and Article V, Sections 10, (c), and 17, ( Exhibit 8 A-G ).

C.    The petitioner is "Actually Innocent" of the charged violation" Firearms not to be carried without a license". The Commonwealth obtained a conviction through Constitutional violations in an abuse of process, which charged, prosecuted, convicted, and sentenced the petitioner resulting in a miscarriage of justice.
        To obtain a conviction the prosecution was required to prove every element of the charge beyond a reasonable doubt. This selective and vindictive prosecution began with a 4th amendment violation search, seizure, and arrest, without warrants or probable cause, there was not violation of 18 Pa. C.S., Section 6106. Due Process was violated for failure to prove lack of license;" that license or permits were required to target shoot; or

that loaded guns in his vehicle was a violation of statute under the target shooting (b)(4), or (b)(9) hunting exception to 18 Pa. C.S., Section 6106, (Exhibit #1   ) on Feb 24, 1989 the day of the alleged offense.

Petitioner had and produced valid hunting license and Sportsman's carry permits on location and such facts are a matter of record in court evidence and trial testimony by the prosecution's witness State Police Officer Richard Myers, (Exhibit #22  ) who stated:

(TT, D-1, pg 47, line 22, Officer Richard Myers):

    " and I asked him about hunting license which he did produce. "

(TT, D-1, pg 48, lines 17-20, Officer Richard Myers):

    " After he produced the two provisional permits for the two Rugers, that's when he produced the provisional permit for the Dan Wesson .357, .. "

and the prosecuting attorney also admitted to license in Judge's Chambers on Day-2 July 14, 1989, and was stated:

(TT, D-2, pg 15, lines 2-6, Judge John Falcone and asst District Attorney Ken Zak):

Judge:    "Do you have a problem giving him the licenses for this purpose?"

Asst. D.A.:    "Your Honor, if the only reason why he wants to put the defendant on the stand is to authenticate the license, I would stipulate --"

The necessary element of the charge "lack of license" was never proven beyond a reasonable doubt, in fact it is and was produced by petitioner on location where he was target shooting in preparation to go hunting, along with permits, Fior v White 148 LEd 2d 629, 633, (2001)

In another due process violation the State Police testified and the prosecutor in prosecutorial misconduct misled the jury with false facts of statutory law that led to an unreliable finding of guilt.
The State Police testified that a loaded gun in petitioner's vehicle while out target shooting and preparing to go hunting was a violation of law, it was not, (Exhibit #1 ).  Again they stated a license and permits were required to target shoot under the (b)(4) exception, it was not (Exhibit #1 ). These assertions stated by

the state police and restated by the prosecution are false and cannot be imposed in excess of statutory text, pursuant to 1 Pa.C.S., Section 1928(b) which requires strict construction of penal statutes.

The police stated, the prosecutor argued, and the judge in error denied the (b)(4) target shooting exception in direct conflict with Constitutional and Statutory mandates, the 14TH Amendment prohibiting class discrimination in the exercise of a civil right; and 1 Pa.C.S., Sections 1921 "Legislative Intent Controls"; 1922 "Presumptions in Ascertaining Legislative Intent,(3)"; 1925 "Constitutional Construction of Statutes", and 1933, Particular Controls the General.

No reasonable juror would have convicted had these facts been properly stated and the target shooting exception presented to the jury for consideration under proper interpretation. The target shooting exception should have been presented to except "any person," instead of the class restricted "members of...".

There was no proof of required elements of the charge or of asserted facts beyond a reasonable doubt, petitioner was Actually Innocent of the charge and his conviction sentence, and continued loss of rights is a continuing miscarriage of justice. It has been maintained by abuse of appeal process without full, fair or meaningful review.

D.    Petitioner asserts his rights as a licensed handicapped hunter were violated under the Americans with Disabilities Act Title II of 1990 as amended, and Title 42 U.S.C.S., Section 12132 et seq (Exhibit #23). As a licensed totally disabled hunter (Adjudicated totally Disabled by the Pennsylvania Worker's Compensation Bureau from a work injury July 2, 1988, the petitioner qualified to use his vehicle as a shooting platform pursuant to the Game Code Title 34 Pa. C.S., (Exhibit.

His arrest, conviction, sentence, and continued loss of rights is Handicap discrimination. He was lawfully within his rights as a totally disabled hunter to have loaded guns in his vehicle

E.    The State Polices', prosecutors' and judges' construction, interpretation, and application of the Constitutional, Statutes, and Pennsylvania Rules of Criminal Procedure are repugnant and resulted in a conviction from and abuse of process. They obtained a conviction through perversion and improper cause in selective and vindictive prosecution, for something the law clearly establishes as lawful exercise of a civil right.

The charging statute 18 Pa.C.S., Section 6106, is governed and controlled by Constitutional and statutory construction, interpretation, and application.

The violation charged "Firearms not to be carried without a license", (Exhibit #1 ) was invalid, when petitioner, by stated facts when detained and in his defense after being charged asserted his activities and two exceptions to the charge (b) (4) target shooting, and (b) (9) hunting. He was afforded the hunting exception on (2) two of the (3) three counts charged and was found not guilty on those two counts. He was however denied the (b) (4) target shooting exception by the state police, prosecutor and judge all of whom were professionals responsible for knowing the law, it's construction, interpretation, and application. The state police charged petitioner despite the Constitutional and statutory mandates, the prosecutor in prosecutorial misconduct withheld this application and interpretation of law and argued petitioner did not qualify for the (b) (4) target shooting exception, and the judge despite his professional duties and ethics denied petitioner the exception and omitted this viable exception from the jury instruction and their consideration. Rules of Statutory Construction 1 Pa.C.S. state ; (Exhibit #5 A-D) :

Section 1921, " Legislative Intent Controls "

8.

Section 1922, "Presumptions in Ascertaining Legislative Intent"

   "(3)    That the General Assembly does not intend
          to violate the Constitution of the United States
          or of this Commonwealth

Section 1925, "Constitutional construction of Statutes"

Section 1932, "Statutes in Para Materia"

Section 1933, "Particular Controls General"

Even using the proper interpretation and application of the
charging statute at trial, which was void, without force of
law, the target shooting exception (b)(4), which should have
been interpreted from the class restrictive "members..,"
to "any person" as it read in the amended statute which
was in effect on July 13, and 14, 1989 for trial. The old
statute did not have a savings clause and had no force
of law, United States V Chambers 54 S. Ct. 434, 435,
436, (1936), (Exhibit #3).

    The state police, prosecutor and judge ill misled
the jury to believe that license and permits were required
for target shooting, he didn't have a license, and that
loaded guns in the vehicle was a violation of the statute.
Pursuant to 1 Pa.C.S., Section 1928 (b)(1)(Exhibit #5-c)

penal statutes must be strictly construed and such statements to the jury and arrest in excess of limited statutory text and construction is unconscionable and repugnant from professionals who attempt to and apply knowledge and responsibility to know the law upon the petitioner in excess of their professional knowledge and performance, petitioner is a layperson of the law.

F.    The statute violation "Firearms not to be carried without a license.", 18 Pa.C.S., Section 6106, which petitioner was charged with, is repugnant and in direct conflict with Article 1, Section 21, of the Pennsylvania Constitution which states (Exhibit # 5 c):

        "The right of the Citizens to bear arms in defense of themselves and the state shall not be questioned."

        Petitioner was engaged in target shooting a prudent and necessary safety requirement to a safe hunt with a repaired rifle yet untested in the field. He was a licensed hunter engaged in the lawful exercise of a state recognized civil right with legally purchased and owned firearms.
        Petitioner was charged with 3 counts of "Firearms"

not to be carried without a license" (Exhibit # 2   ), count 1 was for a 9MM Ruger pistol, count 2 was for a .22 caliber Ruger revolver, and count 3 was for a .357 caliber Dan Wesson revolver. Petitioner had and produced valid hunting licenses and Sportsman's carry permits on location.

Although petitioner was found not guilty on two counts, counts 2 and 3, he was found guilty of count 1 because the hunting exception (b)(9) did not apply and he was denied improperly the (b)(4) target shooting exception, (Exhibit #1   ).

The Commonwealth has engaged in and committed a prohibited act in violation of the Federal Criminal Statutes Title 18 U.S.C., Section 241 "Conspiracy to deprive of civil right", and Section 242 "Deprivation of a civil right", both felony violations which also violate the 14TH Amendment in this prosecution for a class restricted right and handicap discrimination 42 U.S.C.S., Section 12131 et. seg. and the Americans with disabilities Act of 1990 as amended Title II.

The state constitution further protects this right in Article 1, Sections 25 (Exhibit 8D) which states

Section 25. "Reservation of Powers in People

" To guard against transgression of the high

powers) which we have delegated, we declare that everything in this article is excepted out of the general powers of government and shall forever remain inviolate."

and Section 26 states:

" No Discrimination by Commonwealth and it's Political Subdivisions) "

" Neither the Commonwealth nor any political subdivision thereof shall deny to any person the enjoyment of any civil right, nor discriminate against any person in the exercise of any civil right. "

Article V " The Judiciary " at Subsection 10 (c) states:

" The Supreme Court shall have the power to prescribe general rules governing practice, procedure and the conduct of all courts, justices of the peace and all officers serving process or enforcing orders, judgments or decrees of any court or justice of the peace, including the power to provide for assignment and reassignment of classes of actions or classes of appeals among the several courts as the needs of justice shall require, and for admission to the bar and to practice law, and the

administration of all courts and supervision of all officers of the Judicial Branch, <u>if such rules are consistent with this Constitution and neither abridge, enlarge, nor modify the substantive rights of any litigant</u>, nor affect the right of the General Assembly to determine the jurisdiction of any court or justice of the peace, nor suspend nor alter any statute of limitations or repose. <u>All laws shall be suspended to the extent that they are inconsistent with rules prescribed under these provisions</u>."

and Section 17 (b) states : "Prohibited Activities"

"Justices and Judges shall not engage in any activity prohibited by law and shall not violate any canon of legal or judicial ethics prescribed by the Supreme Court. . ."

Article VI, Section 3 "Public Officer" – "Oath of Office," states :

Senators, Representatives and all judicial, State and County officers shall, before entering on the duties of their respective offices, take and subscribe the following oath or affirmation before a person authorized to administer oaths.

"I do solemnly swear (or affirm) that I will support, obey and defend the Constitution of the United States and of this

Commonwealth and that I will discharge the duties of my office with fidelity. "

The statute also is in conflict with Title 1, Sections 1921 "Legislative Intent Controls"; 1922 (3) "... the General Assembly does not intend to violate the Constitution of the United States or of this Commonwealth; 1925 "Constitutional Construction of Statutes"; 1933 "Particular Controls General",

To enforce an alleged statutory violation of a state Constitutionally recognized and protected right is the product of abuse of process and subversion of public officers duties in direct conflict with their oath of office and constitute federal felony crimes. The plaintiff has come into a court with unclean hands and has aided and abetted those in conspiracy to deprive petitioner of a lawfully exercise civil right in an abuse of process.

The Commonwealth has dishonored the contract between principle and agent and the principle petitioner seeks equity from their dishonor.

G.      There has been a breakdown in the bedrock principles of structural due process and Constitutionally established safeguards against tyranny and oppression.

Petitioner has been re-presented to the court without observance and regulation of the petitioner's

Constitutional rights, liberties, and freedoms guaranteed in the state and united states' Constitutions.

He has been defaulted and prejudiced by ineffective assistance of counsel in which issues critical to petitioner's defense and proof of innocence unpresented, improperly presented, or omitted. Required elements of the charge with proof beyond a reasonable doubt were lacking in due process on:  1.) proof of petitioner's "lack of license"; 2.) proof that license or permit were necessary to target shoot; 3.) proof that loaded guns in vehicle was a violation of statutory text; 4.) proof that target shooting exception was not available defense to petitioner; 5.) proof of jurisdiction; and 6.) proof that evidence and information obtained were not fruits of the poisonous tree in illegal search, seizure, and arrest.

Defense counsel was ineffective in preventing Due process violations which prejudiced petitioner. Had petitioner been afforded full due process, no reasonable juror would have found petitioner guilty.

Petitioner was denied his Constitutional right to redress and suffered "constructive absence of counsel" as well neither the prosecutor or judge could be considered to have been professionally competent or present to prosecute and try petitioner under a void, unenforceable reading of the statute. Petitioner was further prejudiced by irresponsible and incompetent court appointed counsel who filed a false "no merit" letter and was

affirmed by the court in error. Counsel did not meet the state's "Finley letter" standard filing without petitioner's knowledge or consent, and was in direct conflict with petitioner's written request to counsel. Further due process was violated when the court granted counsel's withdrawal from the case on appeal before it was adjudicated and violated Pa.R.Cr.P. 1504.

The United States Supreme Court and the United States Court of Appeals for the 3rd Circuit have recognized two cases in which violations of bedrock principles in structural due process make the conviction inherently suspect and unreliable 1.) Gideon V Wainwright,[1] "absence of counsel"; and 2.) "Denial of Appeal" due to no fault of petitioner, Daniels V United States 149 LEd2d 590 (2000); Coss V Lackawanna County District Attorney 204 F3d 453 (3rd Circuit 2000); and Drake V I.N.S. 300 F3d 600, 603, 605 (3rd Circuit 2003)).

Petitioner has been tried in this case where the defense counsel, prosecutor, and judge were constructively absent in professional duties and official capacity; and he has been denied full, fair, and meaningful review due to no fault of his own, conviction is unreliable.

H. Petitioner's conviction and sentence was obtained through prosecutorial misconduct. The prosecutor knew licenses and permits were in evidence and

[1] Gideon V Wainwright 9 LEd2d 799, 804 (1963)

16

maintained this cause of action despite petitioner's
qualified exceptions to the charge under (k)(4) target
shooting, and (b)(9) hunting. The prosecution as
a professional schooled in the arts and science of law
also knew the Statutory Rules of Construction 1 Pa.C.S.,
Section and the 14th Amendment which prohibited the
application or prosecution in violation of a class
restricted right. The prosecution further violated his
Code of professional ethics and oath of office using
a void, unenforceable, statutory reading to obtain a
conviction. The withholding of exculpatory evidence
which tended to prove petitioner's innocence is a
gross violation of due process, (Exhibit # 3).

   Because the prosecution knew and maintained
their prosecution in absence of necessary elements to
the charge and lacked proof beyond a reasonable doubt
he by misfeasance, malfeasance, and non feasance
obtained a void conviction.

   The prosecutor was further aware of the prohibition
from questioning petitioner's right to bear arms which
was repugnant to duty and fidelity of public office.

I.   Had petitioner had effective assistance of counsel
   in presentation of his Constitutional rights and in his
   defense, had he been effectively presented on
   appeal issues he would have been found Actually
   Innocent of any unlawful act.
      Counsel failed to prevail on 4th Amendment

violation, in suppression of illegal search, seizure and arrest fruits of the poisonous tree. Counsel in a basic function of due process failed to bring to the courts attention for Directed verdict, lack of required element of the charge "petitioner's lack of license". Petitioners license and permits were in evidence.

Ineffective Counsel did not effectively argue:

A. Commonwealth's lack of jurisdiction or probable cause.

B. Petitioner was actually innocent of the charged violation

C. Petitioner's right's were violated under the Americans with disabilities Act — Title II of 1990, and 42 U.S.C.S. Section 12131 et. seq.

D. The statute was given unconstitutional interpretation construction and application.

E. Statute enforcement violated Pennsylvania Constitution Article 1, Sections 21, 25, and 26; Article V, Section 10 (c), and 17, and Article VI Section 3.

F. Or file Direct appeal and Post Conviction appeal court appointed counsel was irresponsible reckless, and negligent filing false "no merit" letter.

G. —That prosecutor violated due process, withheld exculpatory evidence, and used a void reading, and statute to convict.

Due to lack of valid charge based on evidence and information obtained in a 4th Amendment violation in an illegal search, seizure, and arrest, without warrants or probable cause, used to prosecute petitioner for the lawful exercise of a protected state civil right. For due process violations in failure to prove beyond a reasonable doubt necessary elements of the charge, and structural defects in bedrock principles of due process in constructive absence of defense counsel, prosecutor, and judge whose performance at trial and on appeal demonstrated the absence of even a modicum of reasonable professional skill. And the denial of Direct Appeal without review or meaningful Post Conviction Appeal petitioner asserts his conviction and sentence were obtained in: absence of jurisdiction for prosecuting in excess of limited authority and jurisdiction; in violation of Constitutional Due Process, and without valid cause of action. Petitioner is "Actually Innocent" of the charge, conviction, and sentence for "Firearms not to be carried without a license", Fiore v White 149 LEd 2d 629, 633, (2001), petitioner had licenses and permits and are part of the court record. He was unconstitutionally denied an exception to the charge in a class restricted civil right 18 Pa.C.S, Section 6106, (b), (4), (Exhibits # 1, & 3).

Petitioner has suffered a miscarriage of justice in an Abuse of process in selective and vindictive prosecution, something which the law clearly said he could do, (Schlup v Delo 130 LEd 2d 808, (1995).

19

In Re Dorsainvil 119 F3d 245 (3rd Circuit 1997) at 251 :

  If, as the Supreme court stated in "Davis" it is
a complete miscarriage of justice" to punish a defendant
for an act that the law does not make criminal, thereby
warranting resort to the collateral remedy afforded by
§ 2255, it must follow that it is the same "complete
miscarriage of justice" when A E D P A amendment
to § 2255 makes that collateral remedy unavailable.
In that unusual circumstance, the remedy afforded by
§ 2255 is inadequate or ineffective to test the legality
of Dorsainvil's detention.
  "Indeed, in Davis," (Davis V U.S., 41 LEd2d 109,
(1974)," the court stated ` that history makes clear that
§ 2255 was intended to afford federal prisoners remedy
identical in scope to federal Habeas Corpus," ".

  The same should also apply to state prisoners and state
remedy for those suffering from disabilities resulting from
state convictions in loss of civil rights.

46 Am Jur 2d Judgments § 25, pg 388-389

  " A court may not render a judgment which
transcends the limits of its authority, and a judgment
is void if it is beyond the powers granted to the

court by the law of its organization" (Pa Constitution
Article 1, Sections 21, 25, and 26; Article V, Sections
10 (c) and 17; and Article VI, Section 3) "even
where the court has jurisdiction over the parties and
the subject matter. Thus, if a court is authorized
by statute to entertain jurisdiction in a particular
case only, and undertakes to exercise the jurisdiction
conferred in a case to which the statute has no
application, the judgment rendered is void. The
lack of statutory authority to make particular order
or a judgment is akin to lack of subject matter
jurisdiction and is subject to collateral attack."

Lubben v Selective Service System 453 F2d 645, 649 (1st Circuit
(1972):

     " A void judgment is to be distinguished from
     an erroneous one, in that the latter is subject only
     to direct attack. A void judgment is one which,
     from its inception, was a complete nullity and
     without legal effect."

     Petitioner asserts he is Actually Innocent of the charge
conviction and sentence and was found guilty in an abuse
of process which is unreliable cannot be supported or
sustained upon review of the record, it is a miscarriage
of justice.

In *Miller v New Jersey State Department of Corrections* 145 F3d 616, 617 (3ᵉᵈ Circuit 1998) the court states:

> "Time limitations analogous to a statute of limitations are subject to equitable modifications such as tolling, which stops the running of the statute of limitations in light of established equitable considerations."

Petitioner has been denied redress despite due diligence, by state employees, agents, and officers in obstruction of access to the courts. He was denied Direct appeal without waiver (Exhibit 9B-c) and his court appointed counsel for Post Conviction appeal after engendering the courts trust filed a false "no merit" letter which did not even meet the state's "Finley letter" standard. All subsequent appeals were summarily dismissed without full, fair, or meaningful review ever being afforded. Petitioner appealed with due diligence through U.S. Court of Appeals case # 96-3473 without prejudice being dismissed in federal district court when counsel untimely filed and petitioner appealed pro-se to 3ᵉᵈ Circuit.

Petitioner became destitute without a home in 1996 when the plaintiff violated petitioner's Worker's Compensation Claim impairing existing contract with the passage of new laws, he was awarded full total disability for a work injury July 4, 1988. As

---

² *Comm v Finley* 550 A2d 213 (Pa. Super. 1988)

22

a result of the state's violation of the Ex Post Facto clause of the Constitution, the plaintiff benefitted by rendering the petitioner financially unable to continue his appeal after 1997. In 1999 petitioner receive full veterans pension for total disability but was still indigent and unable to afford cost of hired counsel or the expense involved in litigating pro-se. It was after his arrest and incarceration predicated upon this void conviction that he had access and assistance to once again appeal this miscarriage of justice. Petitioner filed a Petition for Writ of Habeas Corpus in federal district court after exhausting his state appeals in a Petition for Writ of Error with Whole Record Test.

## Relief Sought

To find remedy petitioner seeks a certificate of appealability in his Habeas Corpus Section 2254 for the above stated causes in "Actual Innocence", void state action, void conviction, miscarriage of justice, and Equity, in a conviction and sentence obtained in an Abuse of Process by selective and vindictive prosecution.

23

In the alternative petitioner requests that the honorable court exercise its authority under 28 U.S.C., Section 1651 (a) the All Writs Act and grant the appropriate Writ for remedy.

Given the Constitutional violations; had the due process been afforded and requirements of proof beyond reasonable doubt on every necessary element of the charge been imposed, and the appropriate statute applied with Constitutional and Statutory Construction no reasonable juror would have found petitioner guilty and the case should have been dismissed for failure to state a valid cause of action, or jurisdiction by a directed verdict.

Douglas Burton Kewchew #07475068
F.C.I. McKean
P.O. Box 8000
Bradford, Pa. 16701
9.7-06

All Exhibits refered to herein are found in Petitioner's Supplemental Pleading and Motion for Summary Judgment filed 11-30-05.

Affidavit

I, Douglas Burton Leuschen do hereby certify that the "Response and Objection To Magistrate Judge's Report and Recommendation to Dismiss" and the attached exhibits are true, accurate, and correct to the best of my knowledge, information, and belief and so state in accordance with 28 U.S.C., Section 1746

Douglas Burton Leuschen #07475068
9-7-06

Proof of Service

I, Douglas Burton Leuschen do hereby certify that a true copy of my "Response and Objection to ...," has been sent by first class mail on this 7TH day of September 2006 to the following parties.

Douglas Burton Leuschen #07475068
9-7-06

1.) Clerk of Fed Dist Court Erie
227 U.S. Courthouse
P.O. Box 1820
Erie, Pa. 16507

F.C.I. McKean, P.O. Box 8000
Bradford, Pa. 16701

2.) Erie District Atty.
Bradley Foulk
140 W 6TH St.
Erie, Pa. 16501

25

Vol 18 No 14    P375

**42 USCS § 12131**                    PUBLIC HEALTH AND WELFARE

## § 12131.  Definition

As used in this title:
   (1) Public entity. The term "public entity" means—
      (A) any State or local government;
      (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and
      (C) the National Railroad Passenger Corporation, and any commuter authority (as defined in section 103(8) of the Rail Passenger Service Act [49 USCS § 24102(4)]).

   (2) Qualified individual with a disability. The term "qualified individual with a disability" means an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.

(July 26, 1990, P. L. 101-336, Title II, Subtitle A, § 201, 104 Stat. 337.)

### HISTORY; ANCILLARY LAWS AND DIRECTIVES

**References in text:**

"This title", referred to in this section, is Title II of Act July 26, 1990, P. L. 101-336, which appears as 42 USCS §§ 12131 et seq.

**Explanatory notes:**

In para. (1)(C), "49 USCS § 24102(4)" has been inserted in brackets pursuant to § 6(b) of Act July 5, 1994, P. L. 103-272, which appears as a note preceding 49 USCS § 101. Section 1 of such Act enacted Subtitles II, III, and V–X of Title 49 as positive law, and § 6(b) of such Act provided that a reference to a law replaced by § 1 of such Act is deemed to refer to the corresponding provision enacted by such Act.

**Effective date of section:**

This section became effective 18 months after enactment, pursuant to § 205 of Act July 26, 1990, P. L. 101-336, which appears as a note to this section.

**Other provisions:**

**Effective date of 42 USCS §§ 12131–12134.** Act July 26, 1990, P. L. 101-336, Title II, Subtitle A, § 205, 104 Stat. 338, provides:

"(a) General rule. Except as provided in subsection (b), this subtitle [42 USCS §§ 12131 et seq.] shall become effective 18 months after the date of enactment of this Act.

"(b) Exception. Section 204 [42 USCS § 12134] shall become effective on the date of enactment of this Act.".

**Community-based alternatives for individuals with disabilities.** Ex. Or. No. 13217 of June 18, 2001, 66 Fed. Reg. 33155 provides:

"By the authority vested in me as President by the Constitution and the laws of the United States of America, and in order to place qualified individuals with disabilities in community settings whenever appropriate, it is hereby ordered as follows:

424

Exhibit #23 A

OPPORTUNITIES FOR

"Section 1. Policy. Findings and principles
"(a) The United individuals with
best interests of
"(b) The United programs effect
nity for Americ
"(c) Unjustified abilities throughout
nation prohibited
(ADA), 42 U.S
avoid disability
alter the nature
"(d) In Olmstead
the Supreme C
seq.] to require
in community
professionals d
persons do not
commodate the
the State and th
"(e) The Federal
swiftly the Olm
the opportunity
dependently, to
community life
"Sec. 2. Swift
bilities. (a) The
Services. Educat
Commissioner
tively to ensure
ner. Specificall
them assess the
USCS §§ 1210
disabilities in c
propriate to the
technical guidas
of Title II of t
States have cho
provide service
integrated settin
resources are u
ADA [42 USC
Services shall t
"(b) The Attor
Education. Lab
sioner of the
programs, statu
whether any sl
community-bas

**42 USCS § 12131, n 9**                    PUBLIC HEALTH AND WELFARE                    OPPORTUNIT

of N.Y. Health Sci. Ctr. (2001, ND NY) 166 F Supp 2d 663.

Where disabled persons alleged State violated Americans with Disabilities Act of 1990 (ADA), 42 USCS §§ 12131, et seq., by collecting fees for parking placards, proposed class of approximately 75,000

individuals met numerosity, common lity, and typicality requirements for class certification under Fed. R. Civ. P. 23(a). Marcus v Dep't of Revenue (2002, DC Kan) 206 FRD 509. 13 AD Cas 55, costs/fees proceeding, motion gr. dismd (2002, DC Kan) 209 F Supp 2d 1179.

## § 12132.   Discrimination

Subject to the provisions of this title, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

(July 26, 1990, P. L. 101-336, Title II, Subtitle A, § 202, 104 Stat. 337.)

### HISTORY; ANCILLARY LAWS AND DIRECTIVES

**References in text:**

''This title'', referred to in this section, is Title II of Act July 26, 1990, P. L. 101-336, 104 Stat. 337, which appears as 42 USCS §§ 12131 et seq.

**Effective date of section:**

This section became effective 18 months after enactment, pursuant to § 205 of Act July 26, 1990, P. L. 101-336, which appears as a note to 42 USCS § 12131.

### CROSS REFERENCES

This section is referred to in 2 USCS § 1331; 3 USCS § 421; 42 USCS §§ 12133, 12142, 12143, 12144, 12146, 12147, 12148, 12162.

### RESEARCH GUIDE

**Federal Procedure:**

6 Moore's Federal Practice (Matthew Bender 3d ed.), Intervention § 24.02.

21 Fed Proc L Ed, Job Discrimination § 50:212.

32 Fed Proc L Ed, Transportation § 76:163.

**Am Jur:**

45A Am Jur 2d, Job Discrimination §§ 29, 36–39, 96.

61A Am Jur 2d, Pleading § 777.

Am Jur 2d, New Topic Service, Americans with Disabilities Act §§ 2, 251, 254, 259, 260, 263, 284, 307, 322, 332, 383, 391, 394, 405, 414, 431, 433, 440, 452, 455, 458–460, 466, 468, 471, 473, 488, 502, 613, 647, 726.

**Forms:**

5 Fed Procedural Forms L Ed, Civil Rights §§ 10:245–253, 321, 341.

11B Am Jur Legal Forms 2d, Leases of Real Property §§ 161:971–981.

**Annotations:**

Who is qualified individual with disability, for purposes of Americans with Disabilities Act of 1990, as amended (ADA) (42 USCS §§ 12101 et seq )—Supreme Court cases. 143 L Ed 2d 1133.

The Propriety, Under ERISA (29 USCS §§ 1001 et seq.) and the Americans With Disabilities Act (42 USCS §§ 12101 et seq.) of Capping Health Insurance Coverage for HIV–Related Claims. 131 ALR Fed 191.

**434**

*Exhibit # 23 B*

## 42 USCS § 12132, n 44                                 PUBLIC HEALTH AND WELFARE

ficed with Americans With Disabilities Act because §§ 21–24 prevented individuals who could not live on farm or perform both daily or routine substantial physical exertion and administration from owning in limited liability format South Dakota agricultural land for feeding of livestock if such livestock are purchased in spring and sold in fall. S.D. Farm Bureau v Hazeltine (2002, SD) 2002 DSD 13, 202 F Supp 2d 1020, 13 AD Cas 136.

ADA (42 USCS §§ 12101 et seq.) does not prevent state supreme court from disciplining attorney who suffered from depression for numerous acts of misconduct. People v Reynolds (1997, Colo) 933 P2d 1295, 21 ADD 762.

State conservation laws do not violate ADA (42 USCS §§ 12101 et seq.) since statutes do not act to deny ward any benefits or to exclude him from any program, but merely seek to protect ward and his property when he cannot do so himself: State ex ref. McCormick v Burson (1994, Tenn App) 894 SW2d 739, 7 ADD 54, app den (Feb 21, 1995).

State lottery commission, as public entity that furnished lottery devices and services through contract vendors, had legal duty under Title II of ADA (42 USCS §§ 12131 et seq.) to issue appropriate administrative rules and regulations that require its lottery retail licensees to comply with ADA and make their facilities accessible to persons with disabilities as condition of licensure. Paxton v State Dep't of Tax & Revenue (1994) 192 W Va 213, 451 SE2d 779, 7 ADD 894, 3 AD Cas 1689.

ADA Title II (42 USCS §§ 12131 et seq.) was intended to prevent consistent and discriminatory denial of access and does not apply to isolated act of simple negligence by correctional facility in failing to clear ice and snow from handicapped parking area. Pack v Arkansas Valley Correctional Facility (1995, Colo App) 894 P2d 34, 10 ADD 418, 4 AD Cas 248, reh den (Mar 16, 1995).

### § 12133. Enforcement

The remedies, procedures, and rights set forth in section 505 of the Rehabilitation Act of 1973 (29 U.S.C. 794a) shall be the remedies, procedures, and rights this title provides to any person alleging discrimination on the basis of disability in violation of section 202 [42 USCS § 12132].
(July 26, 1990, P. L. 101-336, Title II, Subtitle A, § 203, 104 Stat. 337.)

### HISTORY; ANCILLARY LAWS AND DIRECTIVES

**References in text:**
"This title", referred to in this section, is Title II of Act July 26, 1990, P. L. 101-336, 104 Stat. 337, which appears as 42 USCS §§ 12131 et seq.

**Effective date of section:**
This section became effective 18 months after enactment, pursuant to § 205 of Act July 26, 1990, P. L. 101-336, which appears as a note to 42 USCS § 12131.

### CROSS REFERENCES
This section is referred to in 2 USCS § 1331; 3 USCS § 421; 42 USCS §§ 12203, 12209.

### RESEARCH GUIDE

**Federal Procedure:**
6 Moore's Federal Practice (Matthew Bender 3d ed.), Intervention § 24.02.
6 Moore's Federal Practice (Matthew Bender 3d ed.), Jury Trial of Right § 38.33.
6 Fed Proc L Ed, Civil Rights § 11:347.
21 Fed Proc L Ed, Job Discrimination § 50:212.

**Am Jur:**
45A Am Jur 2d, Job Discrimination § 29.
Am Jur 2d, New Topic Service, Americans with Disabilities Act §§ 2, 251, 254, 259, 260, 263, 273, 284, 304, 307, 322, 332, 433, 613, 647, 726.

_Exhibit #23C_

## OPPORTUNITIES FOR DISABLED                                 42 USCS § 12133, n 3

**Forms:**
5 Fed Procedural Forms L Ed, Civil Rights §§ 10:321, 342.
11B Am Jur Legal Forms 2d, Leases of Real Property §§ 161:971–981.

**Annotations:**
The Propriety, Under ERISA (29 USCS §§ 1001 et seq.) and the Americans With Disabilities Act (42 USCS §§ 12101 et seq.), of Capping Health Insurance Coverage for HIV-Related Claims. 131 ALR Fed 191.

**Law Review Articles:**
Massengill; Boller. Violations of the Americans With Disabilities Act: who bears the burden of proof? 17 Empl Rel L J 225, Autumn 1991.
Adler. Arbitration and the Americans with Disabilities Act. 37 St Louis U LJ 1005, Summer 1993.

### INTERPRETIVE NOTES AND DECISIONS

**I. IN GENERAL**
1. Generally
2. Constitutionality
3. Applicability
4. Relation to other laws

**II. PRACTICE AND PROCEDURE**
5. Standing
6. Complaint and other pleadings
7. Exhaustion of administrative remedies
8. Jurisdiction
9. Parties
10. Class actions
11. Summary judgment
12. Jury trial
13. Evidence
14. Estoppel
15. Arbitration as bar to action
16. Immunity
17. Statute of limitations
18. Remedies
19. —Injunctive relief
20. —Compensatory damages
21. —Punitive damages
22. Attorneys' fees
23. Appeal and review
24. Miscellaneous

**I. IN GENERAL**

**1. Generally**

§§ [2101 et. seq.] claim. Zukle v. Regents of the Univ. of Cal. (1999, CA9 Cal) 166 F3d 1041, 99 CDOS 1355, 99 Daily Journal DAR 1707, 9 AD Cas 80, and (1999, CA9 Cal) 99 CDOS 2522, 99 Daily Journal DAR 3336.

Plaintiff is not required to make showing of discriminatory intent to sustain claim for violation of Title II of ADA (42 USCS §§ 12131 et seq.). Adelman v. Dunmire (1996, ED Pa) 15 ADD 196.

Approval by federal Health Care Financing Administration of state's medical assistance program, which included waiver of certain statutory requirements, did not waive state's requirement to comply with ADA (42 USCS §§ 12101 et seq.) and to apply program in nondiscriminatory manner. Burns-Vidlak by Burns v Chandler (1996, DC Hawaii) 939 F Supp 765, 18 ADD 1261.

**2. Constitutionality**
As applied to cause of action against state court for allegedly failing to accommodate hearing-impaired parent during custody dispute, Title II of ADA (42 USCS §§ 12131 et seq.) was appropriate legislation under section 5 and Due Process Clause of section 1 of Fourteenth Amendment, and parent has valid case under Act. Popovich v Cuyahoga County Court of Common Pleas (2002, CA6 Ohio) 276 F3d 808, 12 AD Cas 1121 (criticized in Gravis v Greater (2002, SD NY) 2002 US Dist LEXIS ...) ... S Ct 72, 13 AD Cas 1056 and cert den (2002, US) 154 L Ed 2d 15, 123 S Ct 72, 13 AD Cas 1056 and (criticized in Nelson v Pa. Dep't of Pub. Welfare (2002, ED Pa) 2002 US Dist LEXIS 24427).

**3. Applicability**
Title II of ADA (42 USCS §§ 12131 et seq.) did not become effective until Title 1 [42 USCS §§ 12111–12117] became effective on July 26, 1992, and prior to that date, plaintiff's remedy for discrimination was through Rehabilitation Act (29 USCS

Douglas Burton Leuschen #07475068
F.C.I. M'Kean
P.O. Box 8000
Bradford, Pa. 16701

9-7-06

To: Clerk of Federal District Court

Please find enclosed one original and one copy of my "Response and Objection to Magistrate Judge's Report and Recommendation to Siamesa" for filing in case #05-157E. Please time stamp and return the copy to me for my records.

I filed a "Motion for Extension of Time" on Sept 6, 2006, please remove the Motion, as moot for this document is now timely filed.

I am sorry for the inconvenience but my arthritis and ability to function has been unpredictable. Pursuant to the "Report and Recommendation," Electronic filer the due date on this document is 9/11/06

Thank you for your time and assistance

Respectfully,
Douglas Burton Leuschen
9-7-06

Envelope/address and postage included